No. 24-11892 (consolidated with 25-12813)

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

*Hispanic Federation, et al.*,
Plaintiffs-Appellees,

v.

*Florida Secretary of State, et al.*,
Defendants-Appellants.

U.S. District Court for the Northern District of Florida, Nos. 4:23-cv-215-MW-MAF, 4:23-cv-216-MW-MAF, and 4:23-cv-218-MW-MAF
(Walker, J.)

## DEFENDANTS-APPELLANTS FLORIDA SECRETARY OF STATE AND FLORIDA ATTORNEY GENERAL'S APPENDIX

### VOLUME 1 OF 37

Robert S. Schenck
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300

Mohammad O. Jazil
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938

*Counsel for the Florida Attorney General*

*Counsel for the Florida Secretary of State*

# INDEX TO APPENDIX

| Volume | Tab | Title |
|---|---|---|
| **4:23-cv-215** **Florida State Conference of Branches and Youth Units of the NAACP, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al. (Main Case for Filing)** | | |
| 1 | Dkt | Docket Sheet |
| 1 | Doc.1 | Complaint for Declaratory and Injunctive Relief |
| 1 | Doc.46 | Reassignment Order |
| 1 | Doc.52 | First Amended Complaint for Declaratory and Injunctive Relief |
| 1-2 | Doc.55 | Plaintiffs' Emergency Motion for Preliminary Injunction |
| 2 | Doc.91 | Defendant Attorney General Ashley Moody's Notice of Joinder in Defendant Secretary of State Cord Byrd's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction |
| 2-6 | Doc.92 | Secretary of State's Response in Opposition to Motion for Preliminary Injunction |
| 6 | Doc.94 | Plaintiffs' Reply in Support of Motion for Preliminary Injunction |
| 6 | Doc.99 | Transcript of Preliminary Injunction Proceedings, June 28, 2023 |
| 6-7 | Doc.101 | Preliminary Injunction |
| 7 | Doc.108 | Order Deferring Determination of Entitlement to, and Amount of, Fees and Costs |
| 7 | Doc.112 | Attorney General Ashley Moody's Answer to Plaintiffs' First Amended Complaint |
| 7 | Doc.115 | Secretary of State's Answer to Plaintiffs' First Amended Complaint |
| 7 | Doc.117 | Order Consolidating Cases for Scheduling and Trial |
| 7 | Doc.134 | Protective Order |
| 7 | Doc.139 | Second Amended Complaint for Declaratory and Injunctive Relief |
| 7 | Doc.143 | Protective Order |
| 7 | Doc.146 | The Supervisors of Elections' Motion to Dismiss Counts I, II, and V |
| 7 | Doc.149 | Secretary of State's Answer to Plaintiffs' Second Amended Complaint |

1

| 7-8 | Doc.153 | Attorney General Ashley Moody's Answer to Plaintiffs' Second Amended Complaint |
| 8 | Doc.154 | Plaintiffs' Brief in Opposition to Supervisor of Elections Defendants' Motion to Dismiss |
| 8 | Doc.183 | Order Regarding Motion to Dismiss |
| 8 | Doc.184 | Third Amended Complaint for Declaratory and Injunctive Relief |
| 8 | Doc.193 | Secretary of State's Answer to Plaintiffs' Third Amended Complaint |
| 8 | Doc.194 | Attorney General Ashley Moody's Answer to Plaintiffs' Third Amended Complaint |
| 8 | Doc.199 | Order Denying Motion to Dismiss |
| 8-9 | Doc.200 | Exhibits to the Secretary of State's Motion for Summary Judgment on Counts VII and IV |
| 9 | Doc.201 | Secretary of State's Motion for Summary Judgment on Counts VII and IV |
| 9 | Doc.205 | Plaintiffs' Motion for Partial Summary Judgment |
| 9 | Doc.218 | Plaintiffs' Response in Opposition to Defendant Secretary of State's Motion for Summary Judgment |
| 9-13 | Doc.219 | Exhibits to the Secretary of State's Response to Plaintiffs' Summary Judgment Motion |
| 13 | Doc.220 | Exhibits to the Attorney General's Response to Plaintiffs' Partial Motion for Summary Judgment |
| 13 | Doc.221 | Attorney General's Notice of Joinder and Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment |
| 13 | Doc.222 | Secretary's Response to Plaintiffs' Motion for Summary Judgment |
| 13 | Doc.223 | Secretary's Reply in Support of His Summary Judgment Motion |
| 13 | Doc.224 | Secretary's Motion to Recuse |
| 13-14 | Doc.229 | Secretary's Motion in Limine as to Dr. Lichtman's Expert Testimony |
| 14 | Doc.234 | Order Denying Motions for Recusal |
| 14 | Doc.245 | Order Denying Defendant Byrd's Motion in Limine |
| 14 | Doc.251 | Order on Cross Motions for Summary Judgment |
| 14-16 | Doc.286 | Trial Transcript, Day 1 |
| 16-17 | Doc.287 | Trial Transcript, Day 2 |
| 17-19 | Doc.288 | Trial Transcript, Day 3 |
| 19-20 | Doc.289 | Trial Transcript, Day 4 |

| 20-21 | Doc.290 | Trial Transcript, Day 5 |
|---|---|---|
| 21-22 | Doc.292 | Trial Transcript, Day 6 |
| 22-23 | Doc.294 | Trial Transcript, Day 7 |
| 23 | Doc.301 | League of Women Voters Plaintiffs' Closing Statement |
| 23 | Doc.302 | Fourth Amended Complaint for Declaratory and In-junctive Relief |
| 23-24 | Doc.303 | Hispanic Federation Plaintiffs' Written Closing Argu-ment |
| 24-25 | Doc.304 | NAACP Plaintiffs' Closing Argument |
| 25 | Doc.305 | Secretary of State's Answer to Plaintiffs' Fourth Amended Complaint |
| 25 | Doc.308 | Attorney General Ashley Moody's Answer to Plain-tiffs' Fourth Amended Complaint |
| 25 | Doc.311 | Secretary's Written Closing |
| 25 | Doc.312 | Attorney General's Closing Argument and Notice of Joinder |
| 25 | Doc.317 | League of Women Voters Plaintiffs' Rebuttal |
| 25-26 | Doc.318 | NAACP Plaintiffs' Closing Argument Rebuttal |
| 26 | Doc.319 | Hispanic Federation Plaintiffs' Rebuttal Closing Argu-ment |
| 26 | Doc.345 | Final Order on Merits |
| 26 | Doc.346 | Judgment |
| 26 | Doc.357 | NAACP Plaintiffs' Motion to Reconsider |
| 26 | Doc.358 | League of Women Voters Plaintiffs' Motion to Recon-sider |
| 26 | Doc.362 | State's Response in Opposition to the NAACP Plain-tiffs' Motion for Reconsideration |
| 26 | Doc.363 | Reply Brief in Support of League of Women Voters Plaintiffs' Motion to Reconsider |
| 26 | Doc.364 | NAACP Plaintiffs' Reply in Support of Motion for Re-consideration |
| 26 | Doc.365 | Order Denying Motions for Reconsideration |
| | 4:23-cv-218 **Hispanic Federation, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al.** | |
| 26 | Dkt | Docket Sheet |
| 26-27 | Doc.1 | Complaint |
| 27 | Doc.21 | Reassignment Order |
| 27 | Doc.32 | Plaintiffs' Emergency Motion for Preliminary Injunc-tion |

| 27-31 | Doc.60 | Secretary of State's Response in Opposition to Motion for Preliminary Injunction |
| 31 | Doc.68 | Preliminary Injunction |
| 31 | Doc.78 | Order Denying Motion to Proceed Under Pseudonym |
| 31-32 | Doc.79 | Revised Complaint Naming All Plaintiffs Filed Pursuant to ECF No. 78 |
| 32 | Doc.80 | Florida Attorney General's Answer and Defenses to the Revised Complaint |
| 32 | Doc.81 | Secretary of State's Answer to Plaintiffs' Revised Complaint |
| 32 | Doc.84 | Order Consolidating Cases for Scheduling and Trial |
| 32 | Doc.87 | Order Consolidating Cases for Scheduling and Trial |
| 32 | Doc.122 | Exhibits to the Secretary of State's Motion for Summary Judgment on Count VI |
| 32 | Doc.123 | Secretary of State's Motion for Summary Judgment on Count VI |
| 32 | Doc.126 | Plaintiffs' Motion for Partial Summary Judgment |
| 32-36 | Doc.133 | Exhibits to the Secretary of State's Response to Plaintiffs' Summary Judgment Motion |
| 36 | Doc.134 | Exhibits to the Attorney General's Response to the Hispanic Federation's Motion for Partial Summary Judgment |
| 36 | Doc.135 | Attorney General's Notice of Joinder and Response in Opposition to the Hispanic Federation's Motion for Partial Summary Judgment |
| 36 | Doc.136 | Secretary's Response to Plaintiffs' Motion for Summary Judgment |
| 36 | Doc.145 | Order Granting Motion for Summary Judgment |
| 36-37 | Doc.149 | Order Granting in Part and Denying in Part Motion for Summary Judgment |
| 37 | Doc.199 | Final Order on Merits |
| 37 | Doc.200 | Judgment |

Dated: November 7, 2025

Ashley Davis (FBN 48032)
  *General Counsel*
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399
(850) 245-6511
Ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Randall M. Raban (FBN 1055100)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the Secretary*

5

# Dkt

**4:23-cv-215**

**Florida State Conference of Branches and Youth Units of the NAACP, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al.**

**(Main Case for Filing)**

# U.S. District Court
## Northern District of Florida (Tallahassee)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00215-MW-MAF

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP et al v. BYRD et al
Assigned to: JUDGE MARK E WALKER
Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK
Case in other court:  USCA, 23-12308
U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, 25-12813-A
Cause: 42:1983 Civil Rights Act

Date Filed: 05/24/2023
Date Terminated: 08/08/2025
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP**

represented by **ABHA KHANNA**
ELIAS LAW GROUP - SEATTLE WA
1700 SEVENTH AVENUE
SUITE 2100
SEATTLE, WA 98101
206-656-0177
Email: akhanna@elias.law
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
ELIAS LAW GROUP - WASHINGTON DC
250 MASSACHUSETTS AVENUE
SUITE 400
WASHINGTON, DC 20001
202-968-4593
Email: lmadduri@elias.law
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
ELIAS LAW GROUP - SEATTLE WA
1700 SEVENTH AVENUE
SUITE 2100
SEATTLE, WA 98101
206-656-0179
Email: mrutahindurwa@elias.law
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
FRIED FRANK HARRIS ET AL - WASHINGTON DC
801 17TH STREET NW
WASHINGTON, DC 20006
202-639-7254
Fax: 202-639-7003
Email: Mindy.Johnson@friedfrank.com

RENATA MARIE O'DONNELL
1650 MARKET STREET
34TH FLOOR
PHILADELPHIA, PA 19103
570-301-2809
Email: rodonnell@campaignlegalcenter.org
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
KING BLACKWELL ZEHNDER ETC PA -
ORLANDO FL
25 E PINE ST
ORLANDO, FL 32801
407-422-2472
Fax: 407-648-0161
Email: fwermuth@kbzwlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EQUAL GROUND EDUCATION FUND**
*TERMINATED: 06/09/2023*

represented by **FREDERICK STANTON WERMUTH**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**ABHA KHANNA**
(See above for address)
*TERMINATED: 06/09/2023*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/09/2023*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 06/09/2023*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 06/09/2023*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 06/09/2023*

**Plaintiff**

**VOTERS OF TOMORROW ACTION,
INC.**

represented by **ABHA KHANNA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DISABILITY RIGHTS FLORIDA**     represented by  **ABHA KHANNA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALIANZA FOR PROGRESS**     represented by  **ABHA KHANNA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALIANZA CENTER**                    represented by **ABHA KHANNA**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **LALITHA D MADDURI**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **MAKEBA RUTAHINDURWA**
                                                      (See above for address)
                                                      *TERMINATED: 02/12/2025*

                                                      **MELINDA K JOHNSON**
                                                      (See above for address)
                                                      *TERMINATED: 04/11/2025*

                                                      **RENATA MARIE O'DONNELL**
                                                      (See above for address)
                                                      *TERMINATED: 01/23/2025*

                                                      **FREDERICK STANTON WERMUTH**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIDOSUS**                          represented by **ABHA KHANNA**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **LALITHA D MADDURI**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **MAKEBA RUTAHINDURWA**
                                                      (See above for address)
                                                      *TERMINATED: 02/12/2025*

                                                      **MELINDA K JOHNSON**
                                                      (See above for address)
                                                      *TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLORIDA ALLIANCE FOR RETIRED**                represented by     **ABHA KHANNA**
**AMERICANS**                                                                            (See above for address)
                                                                                                     *ATTORNEY TO BE NOTICED*

                                                                                                     **LALITHA D MADDURI**
                                                                                                     (See above for address)
                                                                                                     *ATTORNEY TO BE NOTICED*

                                                                                                     **MAKEBA RUTAHINDURWA**
                                                                                                     (See above for address)
                                                                                                     *TERMINATED: 02/12/2025*

                                                                                                     **MELINDA K JOHNSON**
                                                                                                     (See above for address)
                                                                                                     *TERMINATED: 04/11/2025*

                                                                                                     **RENATA MARIE O'DONNELL**
                                                                                                     (See above for address)
                                                                                                     *TERMINATED: 01/23/2025*

                                                                                                     **FREDERICK STANTON WERMUTH**
                                                                                                     (See above for address)
                                                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**HISPANIC FEDERATION**                          represented by     **ADRIEL I CEPEDA DERIEUX**
*TERMINATED: 06/09/2023*                                                        AMERICAN CIVIL LIBERTIES UNION -
                                                                                                     WASHINGTON DC
                                                                                                     915 15TH STREET NW
                                                                                                     WASHINGTON, DC 20005
                                                                                                     212-284-7334
                                                                                                     Fax: 212-549-2654
                                                                                                     Email: acepedaderieux@aclu.org
                                                                                                     *LEAD ATTORNEY*
                                                                                                     *ATTORNEY TO BE NOTICED*

                                                                                                     **CESAR Z RUIZ**
                                                                                                     LATINO JUSTICE PRLDEF - NEW YORK
                                                                                                     NY
                                                                                                     475 RIVERSIDE DRIVE
                                                                                                     SUITE 1901
                                                                                                     NEW YORK, NY 10115
                                                                                                     212-392-4752
                                                                                                     Email: cruiz@latinojustice.org

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
ACLU FOUNDATION OF FLORIDA INC
- MIAMI FL
4343 W FLAGLER STREET
SUITE 400
MIAMI, FL 33134
786-363-2714
Fax: 786-363-1257
Email: dtilley@aclufl.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL-HARRIS**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 BROAD STREET
NEW YORK, NY 10004
425-516-8400
Email: dcampbell-harris@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
LATINO JUSTICE PRLDEF - ORLANDO
FL
4700 MILLENIA BOULEVARD
SUITE 500
ORLANDO, FL 32839
407-600-2350
Email: dalicea@latinojustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
DEMOS - NEW YORK NY
368 9TH AVENUE
6TH FLOOR
NEW YORK, NY 10001
330-806-9163
Email: ekonor@demos.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
ARNOLD & PORTER LLP - NEW YORK
NY
250 WEST 55TH STREET
NEW YORK, NY 10019
212-715-1107
Email: evan.preminger@arnoldporter.com
*LEAD ATTORNEY*

*ATTORNEYS TO BE NOTICED*

**JEREMY KARPATKIN**
ARNOLD & PORTER LLP -
WASHINGTON DC
601 MASSACHUSETTS NW
WASHINGTON, DC 20001
202-942-5545
Fax: 202-942-5000
Email: jeremy.karpatkin@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
AMERICAN CIVIL LIBERTIES UNION -
NEW YORK NY
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212-549-2686
Email: jebenstein@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**MEGAN CHRISTINE KEENAN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15TH STREET NW
WASHINGTON, DC 20005
740-632-0671
Email: mkeenan@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
ACLU FOUNDATION OF FLORIDA
4343 WEST FLAGLER STREET
SUITE 400
MIAMI, FL 33134
786-363-1769
Email: nwarren@aclufl.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
ARNOLD & PORTER LLP - NEW YORK
NY
250 WEST 55TH STREET
NEW YORK, NY 10019

212-836-7800
Email: rayne.ellis@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
SOUTHERN LEGAL COUNSEL INC -
GAINESVILLE FL
1229 NW 12TH AVENUE
GAINESVILLE, FL 32601
352-271-8890
Fax: 352-271-8347
Email: roberto.cruz@southernlegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212-519-7836
Email: slakin@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PODER LATINX**                 represented by  **ADRIEL I CEPEDA DERIEUX**
*TERMINATED: 06/09/2023*                        (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **CESAR Z RUIZ**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **DANIEL BOAZ TILLEY**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **DAYTON CAMPBELL-HARRIS**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **DELMARIE ALICEA**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **ESTEE MEIRA KONOR**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/07/2023*
*LEAD ATTORNEY*

**MEGAN CHRISTINE KEENAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**VERONICA HERRERA-LUCHA**    represented by  **ADRIEL I CEPEDA DERIEUX**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL-HARRIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**MEGAN CHRISTINE KEENAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORKA MARTINEZ**
*TERMINATED: 06/09/2023*

represented by **ADRIEL I CEPEDA DERIEUX**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAYTON CAMPBELL-HARRIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**A DOE**                              represented by   **ADRIEL I CEPEDA DERIEUX**
*TERMINATED: 06/09/2023*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **CESAR Z RUIZ**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **DANIEL BOAZ TILLEY**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **DAYTON CAMPBELL-HARRIS**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **DELMARIE ALICEA**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **ESTEE MEIRA KONOR**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **EVAN JOSHUA PREMINGER**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **JEREMY KARPATKIN**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MEGAN CHRISTINE KEENAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**B DOE**
*TERMINATED: 06/09/2023*

represented by **CESAR Z RUIZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL BOAZ TILLEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DELMARIE ALICEA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ESTEE MEIRA KONOR**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EVAN JOSHUA PREMINGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEREMY KARPATKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JULIE A EBENSTEIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS WARREN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RAYNE HAELI ELLIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERTO CRUZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SANTIAGO MAYER ARTASANCHEZ**          represented by   **ABHA KHANNA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FREDERICK STANTON WERMUTH**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**Plaintiff**

ESPERANZA SANCHEZ                     represented by **ABHA KHANNA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FREDERICK STANTON WERMUTH**
(See above for address)
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*

**MAKEBA RUTAHINDURWA**
(See above for address)
*TERMINATED: 02/12/2025*

**MELINDA K JOHNSON**
(See above for address)
*TERMINATED: 04/11/2025*

**RENATA MARIE O'DONNELL**
(See above for address)
*TERMINATED: 01/23/2025*

**Plaintiff**

LEAGUE OF WOMEN VOTERS OF
FLORIDA INC                           represented by **ALEXANDRA COPPER**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Email: alexandra.copper@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ALLISON MARIE WALTER**
WILKINSON STEKLOFF LLP -
WASHINGTON DC
2001 M STREET NW
10TH FLOOR
WASHINGTON, DC 20036

202-847-4239
Fax: 202-847-4005
Email: awalter@wilkinsonstekloff.com
*TERMINATED: 08/25/2023*
*LEAD ATTORNEY*

**CHAD WILSON DUNN**
BRAZIL & DUNN - MIAMI FL
1200 BRICKELL AVE
SUITE 1950
MIAMI, FL 33131
305-783-2190
Fax: 305-783-2268
Email: chad@brazilanddunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIELLE MARIE LANG**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
267-205-0578
Email: dlang@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ELLEN MARGARET BOETTCHER**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
781-738-6100
Email: eboettcher@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN MICHAEL DIAZ**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Fax: 202-736-2222
Email: jdiaz@campaignlegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL R ORTEGA**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC

SUITE 400
WASHINGTON, DC 20005
305-794-5431
Email: mortega@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Email: bferguson@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SIMONE TYLER LEEPER**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
727-418-8011
Email: sleeper@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER MYRON LAPINIG**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
203-936-9766
Email: clapinig@campaignlegalcenter.org
*TERMINATED: 09/05/2024*
*PRO HAC VICE*

**MOLLY E DANAHY**
CAMPAIGN LEGAL CENTER -
WASHINGTON DC
1101 14TH STREET NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Fax: 202-736-2222
Email: molly@uppersevenlaw.com
*TERMINATED: 06/28/2024*
*PRO HAC VICE*

**Plaintiff**

| | | |
|---|---|---|
| **LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC** | represented by | **ALEXANDRA COPPER** |

**LEAGUE OF WOMEN VOTERS OF
FLORIDA EDUCATION FUND INC**

represented by  **ALEXANDRA COPPER**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ALLISON MARIE WALTER**
(See above for address)
*TERMINATED: 08/25/2023*
*LEAD ATTORNEY*

**CHAD WILSON DUNN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIELLE MARIE LANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ELLEN MARGARET BOETTCHER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JONATHAN MICHAEL DIAZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL R ORTEGA**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SIMONE TYLER LEEPER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER MYRON LAPINIG**
(See above for address)
*TERMINATED: 09/05/2024*
*PRO HAC VICE*

**MOLLY E DANAHY**

(See above for address)
*TERMINATED: 06/28/2024*
*PRO HAC VICE*

**Plaintiff**

**HUMBERTO ORJUELA PRIETO**          represented by **FREDERICK STANTON WERMUTH**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CORD BYRD**          represented by **BRADLEY ROBERT MCVAY**
*IN HIS OFFICIAL CAPACITY AS*          FLORIDA DEPARTMENT OF STATE
*SECRETARY OF THE STATE OF*          OFFICE OF GENERAL COUNSEL
*FLORIDA*          500 S BRONOUGH STREET
                    TALLAHASSEE, FL 32399
                    352-219-5195
                    Email: brad.mcvay@dos.myflorida.com
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **ASHLEY E DAVIS**
                    FLORIDA DEPARTMENT OF STATE
                    RA GRAY BUILDING
                    500 SOUTH BRONOUGH STREET
                    SUITE 100
                    TALLAHASSEE, FL 32399
                    850-245-6531
                    Email: ashley.davis@dos.fl.gov
                    *ATTORNEY TO BE NOTICED*

                    **GARY VERGIL PERKO**
                    HOLTZMAN VOGEL - TALLAHASSEE
                    FL
                    119 S MONROE STREET
                    SUITE 500
                    TALLAHASSEE, FL 32301
                    850-391-0502
                    Email: gperko@HoltzmanVogel.com
                    *ATTORNEY TO BE NOTICED*

                    **JOHN J CYCON**
                    HOLTZMAN VOGEL BARAN ET AL -
                    HAYMARKET VA
                    15405 JOHN MARSHALL HWY
                    HAYMARKET, VA 20169
                    540-341-8808
                    Email: jcycon@holtzmanvogel.com
                    *ATTORNEY TO BE NOTICED*

                    **JOSEPH SCOTT VAN DE BOGART**
                    FLORIDA DEPARTMENT OF STATE

OFFICE OF GENERAL COUNSEL
500 S BRONOUGH STREET
TALLAHASSEE, FL 32399
850-245-6519
Fax: 850-245-6127
Email: jvandebogart@fau.edu
*TERMINATED: 05/02/2025*

**JOSHUA E PRATT**
HOLTZMAN VOGEL - TALLAHASSEE
FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850-566-7610
Email: josh.e.pratt@gmail.com
*TERMINATED: 04/26/2024*

**MICHAEL ROBERT BEATO**
HOLTZMAN VOGEL - TALLAHASSEE
FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850-566-7610
Email: mbeato@holtzmanvogel.com
*TERMINATED: 10/07/2025*

**MOHAMMAD OMAR JAZIL**
HOLTZMAN VOGEL - TALLAHASSEE
FL
119 S MONROE STREET
SUITE 500
TALLAHASSEE, FL 32301
850-391-0503
Email: mjazil@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASHLEY MOODY**                    represented by   **NOAH T SJOSTROM**
*IN HER OFFICIAL CAPACITY AS*                        FLORIDA ATTORNEY GENERAL'S
*FLORIDA ATTORNEY GENERAL*                           OFFICE
                                                     107 W GAINES STREET
                                                     SUITE 401F
                                                     TALLAHASSEE, FL 32309
                                                     850-414-3635
                                                     Email: noah.sjostrom@myfloridalegal.com
                                                     *TERMINATED: 08/30/2024*

                                                     **STEPHANIE ANNE MORSE**
                                                     FLORIDA ATTORNEY GENERAL'S
                                                     OFFICE
                                                     PL-01 THE CAPITOL
                                                     TALLAHASSEE, FL 32399-1050

Email:
stephanie.morse@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**WILLIAM DAVID CHAPPELL**
FLORIDA DEPARTMENT OF
EDUCATION
THE CAPITOL PL-01
325 W GAINES STREET
TALLAHASSEE, FL 32399
850-245-0442
Email: david.chappell@fldoe.org
*TERMINATED: 09/05/2023*

**Defendant**

**KIM BARTON**                    represented by    **DIANA MASTERS JOHNSON**
*IN HER OFFICIAL CAPACITY AS*                      ALACHUA COUNTY ATTORNEYS
*SUPERVISOR OF ELECTIONS FOR*                      OFFICE
*ALACHUA COUNTY*                                   12 SE 1ST STREET
                                                   GAINESVILLE, FL 32601
                                                   352-374-5218
                                                   Fax: 352-374-5216
                                                   Email: dmjohnson@alachuacounty.us
                                                   *TERMINATED: 11/25/2024*

                                                   **ROBERT CHARLES SWAIN**
                                                   ALACHUA COUNTY ATTORNEY'S
                                                   OFFICE
                                                   12 SE FIRST ST
                                                   PO BOX 2877
                                                   GAINESVILLE, FL 32602
                                                   352-374-5218
                                                   Email: bswain@alachuacounty.us
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTOPHER MILTON**            represented by    **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                      MARKS GRAY PA - JACKSONVILLE FL
*SUPERVISOR OF ELECTIONS FOR*                      1200 RIVERPLACE BLVD
*BAKER COUNTY*                                     STE 800
                                                   JACKSONVILLE, FL 32207
                                                   904-398-0900
                                                   Fax: 904-399-8440
                                                   Email: serdelyi@marksgray.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**MARK ANDERSEN**                 represented by    **SUSAN SMITH ERDELYI**
*IN HIS OFFICIAL CAPACITY AS*                      (See above for address)
*SUPERVISOR OF ELECTIONS FOR BAY*                  *ATTORNEY TO BE NOTICED*
*COUNTY*

**Defendant**

**AMANDA SEYFANG**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BRADFORD COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**TIM BOBANIC**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BREVARD COUNTY*

represented by **FRANK MICHAEL MARI**
TESSITORE MARI SCOTT PLLC - LAKE
MARY FL
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746
321-363-1634
Fax: 321-319-9095
Email: fmari@tessmari.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**JOE SCOTT**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*BROWARD COUNTY*

represented by **LALITHA D MADDURI**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DEVONA ALICIA REYNOLDS PEREZ**
OFFICE OF THE BROWARD COUNTY
ATTORNEY
115 S ANDREWS AVENUE
SUITE 423
FORT LAUDERDALE, FL 33301
954-357-7600
Fax: 954-357-6968
Email: dreynoldsperez@broward.org
*ATTORNEY TO BE NOTICED*

**JOSEPH K JARONE**
BROWARD COUNTY ATTORNEY
115 S ANDREWS AVENUE
RM 423
FORT LAUDERDALE, FL 33301
954-357-7600
Fax: 954-347-7641
Email: jkjarone@broward.org
*ATTORNEY TO BE NOTICED*

**NATHANIEL ADAM KLITSBERG**
BROWARD COUNTY ATTORNEYS
OFFICE - FORT LAUDERDALE FL
115 S ANDREWS AVE
STE 423
FORT LAUDERDALE, FL 33301
954-357-7600
Fax: 954-357-7641
Email: nklitsberg@broward.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHARON CHASON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CALHOUN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEAH VALENTI**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CHARLOTTE COUNTY*

represented by **ANDY V BARDOS**
GRAYROBINSON PA - TALLAHASSEE
FL
301 S BRONOUGH ST STE 600
TALLAHASSEE, FL 32301
850-577-9090
Fax: 850-577-3311
Email: andy.bardos@gray-robinson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MAUREEN BAIRD**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*CITRUS COUNTY*

represented by **DALE A SCOTT**
TESSITORE MARI SCOTT PLLC - LAKE
MARY FL
1485 INTERNATIONAL PARKWAY
SUITE 2031
LAKE MARY, FL 32746-5352
321-363-1634
Email: dscott@tessmari.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRIS H CHAMBLESS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR CLAY*
*COUNTY*

represented by **JOHN T LAVIA , III**
GARDNER BIST BOWDEN ET AL -
TALLAHASSEE FL
1300 THOMASWOOD DR
TALLAHASSEE, FL 32308
850-385-0070
Fax: 850-385-5416
Email: jlavia@gbwlegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JENNIFER J EDWARDS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*COLLIER COUNTY*

**Defendant**

**TOMI STINSON BROWN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR BAY*
*COLUMBIACOUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK PNEGLEY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*DESOTO COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**STARLET CANNON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*DIXIE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**MIKE HOGAN**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*DUVAL COUNTY*

represented by **CRAIG DENNIS FEISER**
FLORIDA VIRTUAL SCHOOL
OFFICE OF GENERAL COUNSEL
5422 CARRIER DRIVE
SUITE 201
ORLANDO, FL 32819
689-339-3883
Email: cfeiser@flvs.net
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**DAVID H STAFFORD**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*ESCAMBIA COUNTY*

represented by **CHRISTI JO HANKINS**
ESCAMBIA COUNTY ATTORNEYS
OFFICE - PENSACOLA FL
221 PALAFOX PLACE
SUITE 430
PENSACOLA, FL 32502
850-595-4970
Email: cjhankins@myescambia.com
*ATTORNEY TO BE NOTICED*

**WILLIAM B GRAHAM**
CARR ALLISON - TALLAHASSEE FL
305 S GADSDEN ST
TALLAHASSEE, FL 32301
850-222-2107
Fax: 850-222-8475
Email: bgraham@carrallison.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**KAITI LENHART**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*FLAGLER COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**HEATHER RILEY**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*FRANKLIN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHIRLEY G KNIGHT**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*GADSDEN COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CONNIE SANCHEZ**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*GILCHRIST COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALETRIS FARNAM**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*GLADES COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
HENDERSON FRANKLIN STARNES
ETC - FORT MYERS FL
1715 MONROE ST [33901]
PO BOX 280
FORT MYERS, FL 33902
239-344-1168
Email: jerry.olivo@henlaw.com
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
HENDERSON FRANKLIN STARNES
ETC - FORT MYERS FL
1715 MONROE ST [33901]
PO BOX 280
FORT MYERS, FL 33902
239-344-1299
Email: william.boltrek@henlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN HANLON**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*GULF COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LAURA HUTTO**
*IN HHER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HAMILTON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DIANE SMITH**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HARDEE COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRENDA HOOTS**                                      represented by **GERALDO FRANCIS OLIVO , III**
*IN HER OFFICIAL CAPACITY AS*                        (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*HENDRY COUNTY*

                                                     **WILLIAM BOLTREK , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**SHIRLEY ANDERSON**                                 represented by **JON A JOUBEN**
*IN HER OFFICIAL CAPACITY AS*                        HERNANDO COUNTY
*SUPERVISOR OF ELECTIONS FOR*                        20 N MAIN STREET
*HERNANDO COUNTY*                                    SUITE 462
                                                     BROOKESVILLE, FL 34601-2850
                                                     351-754-4122
                                                     Fax: 352-754-4001
                                                     Email: jjouben@co.hernando.fl.us
                                                     *ATTORNEY TO BE NOTICED*

                                                     **KYLE J BENDA**
                                                     HERNANDO COUNTY ATTORNEYS
                                                     OFFICE
                                                     20 N MAIN ST
                                                     STE 462
                                                     BROOKSVILLE, FL 34601-2850
                                                     352-754-4122
                                                     Email: kbenda@co.hernando.fl.us
                                                     *TERMINATED: 05/29/2024*

**Defendant**

**KAREN HEALY**                                      represented by **FRANK MICHAEL MARI**
*IN HER OFFICIAL CAPACITY AS*                        (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                        *ATTORNEY TO BE NOTICED*
*HIGHLANDS COUNTY*

**Defendant**

**CRAIG LATIMER**                                    represented by **COLLEEN E O'BRIEN**
*IN HIS OFFICIAL CAPACITY AS*                        THIRTEENTH JUDICIAL CIRCUIT
*SUPERVISOR OF ELECTIONS FOR*                        401 N JEFFERSON STREET
*HLLSBOROUGH COUNTY*                                 SUITE 22
                                                     TAMPA, FL 33602
                                                     813-272-5156
                                                     Email: colleen.o'brien@fljud13.org
                                                     *TERMINATED: 06/11/2025*

                                                     **STEPHEN MARK TODD**
                                                     OFFICE OF THE COUNTY ATTORNEY
                                                     HILLSBOROUGH COUNTY
                                                     601 E KENNEDY BLVD
                                                     27TH FLOOR
                                                     TAMPA, FL 33602
                                                     813-272-5670

Fax: 1-813-772-5758
Email: todds@hcfl.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**THERISA MEADOWS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*HOLMES COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LESLIE ROSSWAY SWAN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*INDIAN RIVER COUNTY County*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAROL A DUNAWAY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*JACKSON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHELLE MILLIGAN**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*JEFFERSON COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRAVIS HART**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*LAFAYETTE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN HAYS**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR LAKE*
*COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TOMMY DOYLE**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR LEE*
*COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARK S. EARLEY**
*IN HIS OFFICIAL CAPACITY AS*

represented by **MARK HERRON**
MESSER CAPARELLO & SELF PA -
TALLAHASSEE FL

*SUPERVISOR OF ELECTIONS FOR LEON COUNTY*

2618 CENTENNIAL PL
TALLAHASSEE, FL 32308
850-222-0720
Fax: 850-224-4359
Email: mherron@lawfla.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAMMY JONES**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR LEVY COUNTY*

represented by **GERALDO FRANCIS OLIVO , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM BOLTREK , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GRANT CONYERS**
*IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR LIBERTY COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HEATH DRIGGERS**
*IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR MADISON COUNTY*

represented by **FRANK MICHAEL MARI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL BENNETT**
*IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR MANATEE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WESLEY WILCOX**
*IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR MARION COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VICKY DAVIS**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR MARTIN COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHRISTINA WHITE**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR MIAMI DADE COUNTY*

represented by **MICHAEL BENY VALDES**
MIAMI-DADE COUNTY ATTORNEYS OFFICE
111 NW FIRST STREET
SUITE 2810
MIAMI, FL 33128

App.000029

305-375-5220
Fax: 305-375-5634
Email: michael.valdes@miamidade.gov
*ATTORNEY TO BE NOTICED*

**SOPHIA MARIE GUZZO**
MIAMI DADE COUNTY ATTORNEY'S
OFFICE
111 NW 1ST STREET
SUITE 2810
MIAMI, FL 33128
305-215-9203
Email: sophia.guzzo@miamidade.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOYCE GRIFFIN**                           represented by  **ANDY V BARDOS**
*IN HER OFFICIAL CAPACITY AS*                               (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                              *ATTORNEY TO BE NOTICED*
*MONROE COUNTY*

**Defendant**

**JANET H ADKINS**                          represented by  **SUSAN SMITH ERDELYI**
*IN HER OFFICIAL CAPACITY AS*                               (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                              *ATTORNEY TO BE NOTICED*
*NASSAU COUNTY*

**Defendant**

**PAUL A LUX**                              represented by  **GREGORY THOMAS STEWART**
*IN HIS OFFICIAL CAPACITY AS*                               NABORS GIBLIN & NICKERSON PA -
*SUPERVISOR OF ELECTIONS FOR*                               TALLAHASSEE FL
*OKALOOSA COUNTY*                                           1500 MAHAN DR STE 200
                                                           TALLAHASSEE, FL 32308
                                                           850-224-4070
                                                           Fax: 850-224-4073
                                                           Email: gstewart@ngn-tally.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **MATTHEW REED SHAUD**
                                                           NABORS GIBLIN & NICKERSON PA -
                                                           TALLAHASSEE FL
                                                           1500 MAHAN DR STE 200
                                                           TALLAHASSEE, FL 32308
                                                           850-224-4070
                                                           Fax: 850-224-4073
                                                           Email: mshaud@ngnlaw.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA ARNOLD**                          represented by  **GERALDO FRANCIS OLIVO , III**
*IN HIS OFFICIAL CAPACITY AS*                               (See above for address)
*SUPERVISOR OF ELECTIONS FOR*                              *ATTORNEY TO BE NOTICED*
*OKEECHOBEE COUNTY*

**WILLIAM BOLTREK, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BILL COWLES**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*ORANGE COUNTY*

represented by **NICHOLAS ARI SHANNIN**
SHANNIN LAW FIRM PA - ORLANDO
FL
214 EAST LUCERNE CIRCLE
SUITE 200
ORLANDO, FL 32801
407-985-2222
Email: nshannin@shanninlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARY JANE ARRINGTON**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*OSCEOLA COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WENDY SARTORY LINK**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR PALM*
*BEACH COUNTY*

represented by **DAVID K MARKARIAN**
JECK HARRIS RAYNOR & JONES -
JUNO BEACH FL
790 JUNO OCEAN WALK
SUITE 600
JUNO BEACH, FL 33408
561-746-1002
Email: dmarkarian@jeckharris.com
*ATTORNEY TO BE NOTICED*

**JESSICA ROSE GLICKMAN**
THE MARKARIAN GROUP - PALM
BEACH GARDENS FL
2925 PGA BOULEVARD
SUITE 204
PALM BEACH GARDENS, FL 33410
561-626-4700
Fax: 561-627-9479
Email: jessica@forbusinessandlife.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN E CORLEY**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PASCO COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JULIE MARCUS**
*IN HER OFFICIAL CAPACITY AS*

represented by **JARED DOUGLAS KAHN**
PINELLAS COUNTY ATTORNEYS
OFFICE

*SUPERVISOR OF ELECTIONS FOR*
*PINEALLS COUNTY*

315 COURT STREET
6TH FLOOR
CLEARWATER, FL 33756
813-786-4034
Email: jkahn@pinellas.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**LORI EDWARDS**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR POLK*
*COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES OVERTURF**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*PUTNAM COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TAPPIE A VILLANE**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SANTA ROSA COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RON TURNER**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SARASOTA COUNTY*

**Defendant**

**CHRIS ANDERSON**
*IN HIS OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*SEMINOLE COUNTY*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VICKY OAKES**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR ST*
*JOHN'S COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GERTRUDE WALKER**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR ST*
*LUCIE COUNTY*

represented by **JOHN T LAVIA , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM KEEN**
*IN HIS OFFICIAL CAPACITY AS*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

*SUPERVISOR OF ELECTIONS FOR SUMMPTER COUNTY*

**Defendant**

**JENNIFER MUSGROVE KINSEY**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR SUWANEE COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANA SOUTHERLAND**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR TAYLOR COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEBORAH K OSBORNE**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR UNION COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LISA LEWIS**
*IN HER OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR VOLUSIA COUNTY*

represented by **SARAH LYNN JONAS**
VOLUSIA COUNTY ATTORNEY'S OFFICE
123 W INDIANA AVENUE
DELAND, FL 32720
386-736-5950
Email: sjonas@volusia.org
*ATTORNEY TO BE NOTICED*

**WILLIAM KEVIN BLEDSOE**
COUNTY OF VOLUSIA
123 WEST INDIANA AVENUE
ROOM 301
DELAND, FL 32720
386-736-5950
Fax: 386-736-5990
Email: kbledsoe@volusia.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH MORGAN**
*IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR WAKULLA COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RYAN MESSER**
*IN HIS OFFICIAL CAPACITY AS SUPERVISOR OF ELECTIONS FOR WALTON COUNTY*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAROL F RUDD**
*IN HER OFFICIAL CAPACITY AS*
*SUPERVISOR OF ELECTIONS FOR*
*WASHINGTON COUNTY County*

represented by **SUSAN SMITH ERDELYI**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA BLAZIER**
*COLLIER COUNTY SURPERVISOR OF*
*ELECTIONS*

represented by **ANDY V BARDOS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHERRY TAYLOR**
*AS SUPERVISOR OF ELECTIONS FOR*
*HENDRY COUNTY*

**Defendant**

**H. RUSSELL WILLLIAMS**
*AS SUPERVISOR OF ELECTIONS FOR*
*HOLMES COUNTY*

**Defendant**

**JERRY HOLLAND**
*AS SUPERVISOR OF ELECTIONS FOR*
*DUVAL COUNTY*

represented by **TIFFINY DOUGLAS PINKSTAFF**
OFFICE OF GENERAL COUNSEL -
JACKSONVILLE FL
117 W DUVAL ST
STE 480
JACKSONVILLE, FL 32202
904-874-1514
Email: tpinkstaff@coj.net
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2023 | 1 | COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants ( Filing fee $ 402 receipt number AFLNDC-7886210.), filed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. (Attachments: # 1 Summons to be Issued to C. Byrd, # 2 Summons to be Issued to A. Moody) (WERMUTH, FREDERICK) (Entered: 05/24/2023) |
| 05/24/2023 | 2 | CIVIL COVER SHEET. (WERMUTH, FREDERICK) (Entered: 05/24/2023) |
| 05/24/2023 | 3 | NOTICE *of Summonses to be Issued* by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Summons to be Issued to C. Milton, # 2 Summons to be Issued to M. Andersen, # 3 Summons to be Issued to A. Seyfang, # 4 Summons to be Issued to T. Bobanic, # 5 Summons to be Issued to J. Scott, # 6 Summons to be Issued to S. Chason, # 7 Summons to be Issued to L. Valenti, # 8 |

Summons to be Issued to M. Baird, # 9 Summons to be Issued to C. Chambless, # 10 Summons to be Issued to J. Edwards, # 11 Summons to be Issued to T. Brown, # 12 Summons to be Issued to M. Negley, # 13 Summons to be Issued to S. Cannon, # 14 Summons to be Issued to M. Hogan, # 15 Summons to be Issued to D. Stafford, # 16 Summons to be Issued to K. Lenhart, # 17 Summons to be Issued to H. Riley, # 18 Summons to be Issued to S. Knight, # 19 Summons to be Issued to C. Sanchez, # 20 Summons to be Issued to A. Farnam, # 21 Summons to be Issued to J. Hanlon, # 22 Summons to be Issued to L. Hutto, # 23 Summons to be Issued to D. Smith, # 24 Summons to be Issued to B. Hoots, # 25 Summons to be Issued to S. Anderson, # 26 Summons to be Issued to K. Healy, # 27 Summons to be Issued to C. Latimer, # 28 Summons to be Issued to T. Meadows, # 29 Summons to be Issued to L. Swan, # 30 Summons to be Issued to C. Dunaway, # 31 Summons to be Issued to M. Milligan, # 32 Summons to be Issued to T. Hart, # 33 Summons to be Issued to A. Hays, # 34 Summons to be Issued to T. Doyle, # 35 Summons to be Issued to M. Earley, # 36 Summons to be Issued to T. Jones, # 37 Summons to be Issued to G. Conyers, # 38 Summons to be Issued to H. Driggers, # 39 Summons to be Issued to M. Bennett, # 40 Summons to be Issued to W. Wilcox, # 41 Summons to be Issued to V. Davis, # 42 Summons to be Issued to C. White, # 43 Summons to be Issued to J. Griffin, # 44 Summons to be Issued to J. Adkins, # 45 Summons to be Issued to P. Lux, # 46 Summons to be Issued to M. Arnold, # 47 Summons to be Issued to B. Cowles, # 48 Summons to be Issued to M. Arrington, # 49 Summons to be Issued to W. Link, # 50 Summons to be Issued to B. Corley, # 51 Summons to be Issued to J. Marcus, # 52 Summons to be Issued to L. Edwards, # 53 Summons to be Issued to C. Overturf, # 54 Summons to be Issued to T. Villane, # 55 Summons to be Issued to R. Turner, # 56 Summons to be Issued to C. Anderson, # 57 Summons to be Issued to V. Oakes, # 58 Summons to be Issued to G. Walker, # 59 Summons to be Issued to W. Keen, # 60 Summons to be Issued to J. Kinsey, # 61 Summons to be Issued to D. Southerland, # 62 Summons to be Issued to D. Osborne, # 63 Summons to be Issued to L. Lewis, # 64 Summons to be Issued to J. Morgan, # 65 Summons to be Issued to R. Messer, # 66 Summons to be Issued to C. Rudd) (WERMUTH, FREDERICK) (Entered: 05/24/2023)

| Date | No. | Description |
|---|---|---|
| 05/25/2023 | 4 | Corporate Disclosure Statement/Certificate of Interested Persons by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 05/25/2023) |
| 05/25/2023 | 5 | WAIVER OF SERVICE Returned Executed -**KIM BARTON-Alachua County Supervisor of Elections waiver sent on 5/25/2023, answer due 7/24/2023** CRAIG LATIMER-Hillsborough County Supervisor of Elections waiver sent on 5/25/2023, answer due 7/24/2023**, PAUL A LUX-Okaloosa County Supervisor of Elections waiver sent on 5/25/2023, answer due 7/24/2023** Attachments: # 1 Waiver of Service for C. Latimer (Hillsborough), # 2 Waiver of Service for P. Lux (Okaloosa)) (WERMUTH, FREDERICK) Modified to edit title on 5/26/2023 (rcb). (Entered: 05/25/2023) |
| 05/26/2023 | 6 | Summons Issued as to MARK ANDERSEN, MAUREEN BAIRD, KIM BARTON, TIM BOBANIC, CORD BYRD, CHRIS H CHAMBLESS, SHARON CHASON, JENNIFER J EDWARDS, CHRISTOPHER MILTON, ASHLEY MOODY, JOE SCOTT, AMANDA SEYFANG, LEAH VALENTI. (Attachments: # 1 SUMMONS ISSUED-AMANDA SEYFANG-BRADFORD COUNTY, # 2 SUMMONS ISSUED-TIM BOBANIC-BREVARD COUNTY, # 3 SUMMONS ISSUED-ASHLEY MOODY, # 4 SUMMONS ISSUED-CHRISTOPHER MILTON-BAKER COUNTY, # 5 SUMMONS ISSUED-CORD BYRD-SECRETARY OF THE STATE OF FLORIDA, # 6 CHRIS H CHAMBLESS-CLAY COUNTY, # 7 JENNIFER J EDWARDS-COLLIER COUNTY, # |

| | | |
|---|---|---|
| | | JOE SCOTT-BROWARD COUNTY, # [9](#) LEAH VALENTI-CHARLOTTE COUNTY, # [10](#) MAUREEN BAIRD-CITRUS COUNTY, # [11](#) SHARON CHASON-CALHOUN COUNTY) (rcb) (Entered: 05/26/2023) |
| 05/26/2023 | [7](#) | Summons Issued as to TOMI STINSON BROWN, STARLET CANNON, ALETRIS FARNAM, MIKE HOGAN, SHIRLEY G KNIGHT, KAITI LENHART, MARK F NEGLEY, HEATHER RILEY, CONNIE SANCHEZ, DAVID H STAFFORD. (Attachments: # [1](#) MARK F NEGLEY-DESOTO COUNTY, # [2](#) STARLET CANNON-DIXIE COUNTY, # [3](#) MIKE HOGAN-DUVAL COUNTY, # [4](#) DAVID H STAFFORD-ESCAMBIA COUNTY, # [5](#) KAITI LENHART-FLAGLER COUNTY, # [6](#) HEATHER RILEY-FRANKLIN COUNTY, # [7](#) SHIRLEY G KNIGHT-GADSDEN COUNTY, # [8](#) CONNIE SANCHEZ-GILCHRIST COUNTY, # [9](#) ALETRIS FARNAM-GLADES COUNTY, # [10](#) JOHN HANLON-GULF COUNTY, # [11](#) LAURA HUTTO-HAMILTON COUNTY, # [12](#)DIANE SMITH- HARDEE COUNTY) (rcb) (Entered: 05/26/2023) |
| 05/26/2023 | [8](#) | Summons Issued as to SHIRLEY ANDERSON, GRANT CONYERS, TOMMY DOYLE, CAROL A DUNAWAY, MARK S. EARLEY, TRAVIS HART, ALAN HAYS, KAREN HEALY, BRENDA HOOTS, TAMMY JONES, CRAIG LATIMER, THERISA MEADOWS, MICHELLE MILLIGAN, LESLIE ROSSWAY SWAN. (Attachments: # [1](#) SHIRLEY ANDERSON-HERNANDO COUNTY, # [2](#) KAREN NEALY-HIGHLANDS COUNTY, # [3](#) THERESA MEADOWS-HOLMES COUNTY, # [4](#) LESLIE R SWAN-INDIAN RIVER, # [5](#) CAROL A DUNAWAY-JACKSON COUNTY, # [6](#) MICHELL MILLIGAN-JEFFERSON COUNTY, # [7](#) TRAVIS HART-LAFAYETTE COUNTY, # [8](#) ALAN HAYS-LAKE COUNTY, # [9](#) TOMMY DOYLE-LEE COUNTY, # [10](#) MARK EARLEY-LEON COUNTY, # [11](#) LIBERTY COUNTY-GRANT CONYERS) (rcb) (Entered: 05/26/2023) |
| 05/26/2023 | [9](#) | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. SHIRLEY ANDERSON waiver sent on 5/25/2023, answer due 7/24/2023; MARK S. EARLEY waiver sent on 5/25/2023, answer due 7/24/2023; MIKE HOGAN waiver sent on 5/25/2023, answer due 7/24/2023; JULIE MARCUS waiver sent on 5/26/2023, answer due 7/25/2023. (Attachments: # [1](#) Waiver of Service for M. Earley (Leon), # [2](#) Waiver of Service for M. Hogan (Duval), # [3](#) Waiver of Service for J. Marcus (Pinellas)) (WERMUTH, FREDERICK) (Entered: 05/26/2023) |
| 05/26/2023 | [10](#) | NOTICE of Appearance by STEPHEN MARK TODD on behalf of CRAIG LATIMER (TODD, STEPHEN) (Entered: 05/26/2023) |
| 05/30/2023 | [11](#) | WAIVER OF SERVICE Returned Executed by RON TURNER. RON TURNER waiver sent on 5/30/2023, answer due 7/31/2023. (BENTLEY, MORGAN) (Entered: 05/30/2023) |
| 05/30/2023 | [12](#) | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. JOE SCOTT waiver sent on 5/30/2023, answer due 7/31/2023. (WERMUTH, FREDERICK) (Entered: 05/30/2023) |
| 05/31/2023 | [13](#) | Summons Issued as to JANET H ADKINS, MELISSA ARNOLD, MICHAEL BENNETT, BILL COWLES, VICKY DAVIS, JOYCE GRIFFIN, PAUL A LUX, CHRISTINA WHITE, WESLEY WILCOX. (Attachments: # [1](#) MICHAEL BENNETT MANATEE COUNTY # [2](#) WESLEY WILCOX MARION COUNTY, # [3](#) VICKI DAVIS |

| | | |
|---|---|---|
| | | MARTIN COUNTY, # 4 CHRISTINA WHITE MIAMI DADE COUNTY, # 5 JOYCE GRIFFIN MONROE COUNTY, # 6 JANET ADKINS NASSAU COUNTY, # 7 PAUL A LUX OKALOOSA COUNTY, # 8 MELISSA ARNOLD OKEECHOBEE COUNTY, # 9 BILL COWLES ORANGE COUNTY ) (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 14 | Summons Issued as to CHRIS ANDERSON, MARY JANE ARRINGTON, BRIAN E CORLEY, LORI EDWARDS, WENDY SARTORY LINK, JULIE MARCUS, VICKY OAKES, CHARLES OVERTURF, RON TURNER, TAPPIE A VILLANE. (Attachments: # 1 WENDY LINK PALM BEACH COUNTY, # 2 BRIAN CORLEY PASCO COUNTY, # 3 JULIE MARCUS PINEALLAS COUNTY, # 4 LORI EDWARDS POLK COUNTY, # 5 CHARLES OVERTURF PUTNAM COUNTY, # 6 TAPPIE VILLANE SANTA ROSA COUNTY, # 7 RON TURNER SARASOTA COUNTY, # 8 CHRISTOPHER ANDERSON SEMINOLE COUNTY, # 9 VICKY OAKES ST JOHNS COUNTY) (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 15 | Summons Issued as to WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, LISA LEWIS, RYAN MESSER, JOSEPH MORGAN, DEBORAH K OSBORNE, CAROL F RUDD, DANA SOUTHERLAND, GERTRUDE WALKER. (Attachments: # 1 William Keen Sumter County, # 2 Jennifer M. Kinsey Suwannee County, # 3 Dana Southerland Taylor County, # 4 Deborah Osborne Union County, # 5 Lisa Lewis Volusia County, # 6 Joseph R. Morgan Wakulla County, # 7 Ryan Messer Walton County, # 8 Carol Finch Rudd Washington County) (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 16 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. TIM BOBANIC waiver sent on 5/25/2023, answer due 7/24/2023; BILL COWLES waiver sent on 5/25/2023, answer due 7/24/2023; HEATH DRIGGERS waiver sent on 5/25/2023, answer due 7/24/2023; KAREN HEALY waiver sent on 5/25/2023, answer due 7/24/2023; KAITI LENHART waiver sent on 5/25/2023, answer due 7/24/2023; LISA LEWIS waiver sent on 5/30/2023, answer due 7/31/2023; MICHELLE MILLIGAN waiver sent on 5/25/2023, answer due 7/24/2023; ASHLEY MOODY waiver sent on 5/31/2023, answer due 7/31/2023; MARK F NEGLEY waiver sent on 5/25/2023, answer due 7/24/2023; CONNIE SANCHEZ waiver sent on 5/25/2023, answer due 7/24/2023; DAVID H STAFFORD waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for T. Bobanic (Brevard), # 2 Waiver of Service for B. Cowles (Orange), # 3 Waiver of Service for H. Driggers (Madison), # 4 Waiver of Service for K. Healy (Highlands), # 5 Waiver of Service for K. Lenhart (Flagler), # 6 Waiver of Service for L. Lewis (Volusia), # 7 Waiver of Service for M. Milligan (Jefferson), # 8 Waiver of Service for M. Negley (DeSoto), # 9 Waiver of Service for C. Sanchez (Gilchrist), # 10 Waiver of Service for D. Stafford (Escambia)) (WERMUTH, FREDERICK) (Entered: 05/31/2023) |
| 06/01/2023 | 17 | NOTICE of Appearance by NATHANIEL ADAM KLITSBERG on behalf of JOE SCOTT (KLITSBERG, NATHANIEL) (Entered: 06/01/2023) |
| 06/01/2023 | 18 | NOTICE of Appearance by DEVONA ALICIA REYNOLDS PEREZ on behalf of JOE SCOTT (REYNOLDS PEREZ, DEVONA) (Entered: 06/01/2023) |
| 06/01/2023 | 19 | NOTICE of Appearance by JARED DOUGLAS KAHN on behalf of JULIE MARCUS (KAHN, JARED) (Entered: 06/01/2023) |
| 06/01/2023 | 20 | NOTICE of Appearance by JOSEPH K JARONE on behalf of JOE SCOTT (JARONE, JOSEPH) (Entered: 06/01/2023) |

| | | |
|---|---|---|
| 06/01/2023 | 21 | Corporate Disclosure Statement/Certificate of Interested Persons by JOE SCOTT. (KLITSBERG, NATHANIEL) (Entered: 06/01/2023) |
| 06/01/2023 | 22 | DOCKET ANNOTATION BY COURT: Re 20 Notice of Appearance filed by JOE SCOTT, 19 Notice of Appearance filed by JULIE MARCUS, 10 Notice of Appearance filed by CRAIG LATIMER, 17 Notice of Appearance filed by JOE SCOTT, 18 Notice of Appearance filed by JOE SCOTT **ISO PLACED IN JUDGE WALKER'S REFERRAL TO JUDGE FOLDER** (rcb) (Entered: 06/01/2023) |
| 06/01/2023 | 23 | INITIAL SCHEDULING ORDER. Fed.R.Civ.P. 7.1 Corporate Disclosure Statement Deadline set for **6/15/2023**. Rule 26 Meeting Report due by **7/17/2023**. Discovery due by **9/29/2023**. Status Report due by **7/3/2023**. Signed by CHIEF JUDGE MARK E WALKER on 06/01/2023. (rcb) (Entered: 06/01/2023) |
| 06/01/2023 | 24 | NOTICE of Appearance by FRANK MICHAEL MARI on behalf of TIM BOBANIC, HEATH DRIGGERS, KAREN HEALY, KAITI LENHART, MICHELLE MILLIGAN, MARK F NEGLEY, CONNIE SANCHEZ (MARI, FRANK) (Entered: 06/01/2023) |
| 06/01/2023 | 25 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. MELISSA ARNOLD waiver sent on 5/25/2023, answer due 7/24/2023; ALETRIS FARNAM waiver sent on 5/25/2023, answer due 7/24/2023; BRENDA HOOTS waiver sent on 5/25/2023, answer due 7/24/2023; TAMMY JONES waiver sent on 5/25/2023, answer due 7/24/2023; THERISA MEADOWS waiver sent on 5/25/2023, answer due 7/24/2023; DIANE SMITH waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for A. Farnam (Glades), # 2 Waiver of Service for B. Hoots (Hendry), # 3 Waiver of Service for T. Jones (Levy), # 4 Waiver of Service for T. Meadows (Holmes), # 5 Waiver of Service for D. Smith (Hardee)) (WERMUTH, FREDERICK) (Entered: 06/01/2023) |
| 06/01/2023 | 26 | NOTICE of Appearance by JOSEPH SCOTT VAN DE BOGART on behalf of CORD BYRD (VAN DE BOGART, JOSEPH) (Entered: 06/01/2023) |
| 06/01/2023 | 27 | NOTICE of Appearance by ASHLEY E DAVIS on behalf of CORD BYRD (DAVIS, ASHLEY) (Entered: 06/01/2023) |
| 06/02/2023 | 28 | NOTICE of Appearance by NOAH T SJOSTROM on behalf of ASHLEY MOODY (SJOSTROM, NOAH) (Entered: 06/02/2023) |
| 06/02/2023 | 29 | MOTION to Appear Pro Hac Vice by Makeba Rutahindurwa.( Filing fee $ 208 receipt number AFLNDC-7901627.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (RUTAHINDURWA, MAKEBA) (Entered: 06/02/2023) |
| 06/02/2023 | 30 | MOTION to Appear Pro Hac Vice by Melinda Johnson.( Filing fee $ 208 receipt number AFLNDC-7901717.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (JOHNSON, MELINDA) (Entered: 06/02/2023) |

| | | |
|---|---|---|
| 06/02/2023 | 31 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. MAUREEN BAIRD waiver sent on 5/25/2023, answer due 7/24/2023; CORD BYRD waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for M. Baird (Citrus)) (WERMUTH, FREDERICK) (Entered: 06/02/2023) |
| 06/02/2023 | 32 | NOTICE of Appearance by ANDY V BARDOS on behalf of CHRIS ANDERSON, MICHAEL BENNETT, BRIAN E CORLEY, TOMMY DOYLE, JOYCE GRIFFIN, ALAN HAYS, LESLIE ROSSWAY SWAN, LEAH VALENTI, WESLEY WILCOX, MELISSA BLAZIER (BARDOS, ANDY) (Entered: 06/02/2023) |
| 06/02/2023 | 33 | NOTICE of Appearance by MOHAMMAD OMAR JAZIL on behalf of CORD BYRD (JAZIL, MOHAMMAD) (Entered: 06/02/2023) |
| 06/02/2023 | 34 | NOTICE of Appearance by MICHAEL ROBERT BEATO on behalf of CORD BYRD (BEATO, MICHAEL) (Entered: 06/02/2023) |
| 06/02/2023 | 35 | ORDER ADMITTING MAKEBA RUTAHINDURWA PRO HAC VICE. The 29 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/02/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 36 | ORDER ADMITTING MELINDA JOHNSON PRO HAC VICE. The 30 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/2/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 37 | MOTION to Appear Pro Hac Vice by Abha Khanna.( Filing fee $ 208 receipt number AFLNDC-7903704.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (KHANNA, ABHA) (Entered: 06/05/2023) |
| 06/05/2023 | 38 | MOTION to Appear Pro Hac Vice by Renata O'Donnell.( Filing fee $ 208 receipt number AFLNDC-7903724.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (O'DONNELL, RENATA) (Entered: 06/05/2023) |
| 06/05/2023 | 39 | ORDER ADMITTING ABHA KHANNA PRO HAC VICE. The 37 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/05/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 40 | ORDER ADMITTING RENATA ODONNELL PRO HAC VICE. The 38 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/5/2023. (rcb) (Entered: 06/05/2023) |
| 06/05/2023 | 41 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. JANET H ADKINS waiver sent on 5/25/2023, answer due 7/24/2023; MARK ANDERSEN waiver sent on 5/25/2023, |

answer due 7/24/2023; CHRIS ANDERSON waiver sent on 5/25/2023; answer due 7/24/2023; MICHAEL BENNETT waiver sent on 5/25/2023, answer due 7/24/2023; MELISSA BLAZIER waiver sent on 5/25/2023, answer due 7/24/2023; TOMI STINSON BROWN waiver sent on 5/25/2023, answer due 7/24/2023; STARLET CANNON waiver sent on 5/25/2023, answer due 7/24/2023; SHARON CHASON waiver sent on 5/25/2023, answer due 7/24/2023; GRANT CONYERS waiver sent on 5/25/2023, answer due 7/24/2023; BRIAN E CORLEY waiver sent on 5/25/2023, answer due 7/24/2023; TOMMY DOYLE waiver sent on 5/25/2023, answer due 7/24/2023; CAROL A DUNAWAY waiver sent on 5/25/2023, answer due 7/24/2023; JOYCE GRIFFIN waiver sent on 5/25/2023, answer due 7/24/2023; JOHN HANLON waiver sent on 5/25/2023, answer due 7/24/2023; TRAVIS HART waiver sent on 5/25/2023, answer due 7/24/2023; ALAN HAYS waiver sent on 5/25/2023, answer due 7/24/2023; LAURA HUTTO waiver sent on 5/25/2023, answer due 7/24/2023; WILLIAM KEEN waiver sent on 5/25/2023, answer due 7/24/2023; JENNIFER MUSGROVE KINSEY waiver sent on 5/25/2023, answer due 7/24/2023; SHIRLEY G KNIGHT waiver sent on 5/25/2023, answer due 7/24/2023; RYAN MESSER waiver sent on 5/25/2023, answer due 7/24/2023; CHRISTOPHER MILTON waiver sent on 5/25/2023, answer due 7/24/2023; JOSEPH MORGAN waiver sent on 5/25/2023, answer due 7/24/2023; VICKY OAKES waiver sent on 5/25/2023, answer due 7/24/2023; DEBORAH K OSBORNE waiver sent on 5/25/2023, answer due 7/24/2023; CHARLES OVERTURF waiver sent on 5/25/2023, answer due 7/24/2023; HEATHER RILEY waiver sent on 5/25/2023, answer due 7/24/2023; CAROL F RUDD waiver sent on 5/25/2023, answer due 7/24/2023; AMANDA SEYFANG waiver sent on 5/25/2023, answer due 7/24/2023; DANA SOUTHERLAND waiver sent on 5/25/2023, answer due 7/24/2023; LESLIE ROSSWAY SWAN waiver sent on 5/25/2023, answer due 7/24/2023; LEAH VALENTI waiver sent on 5/25/2023, answer due 7/24/2023; TAPPIE A VILLANE waiver sent on 5/25/2023, answer due 7/24/2023; WESLEY WILCOX waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for M. Anderson (Bay), # 2 Waiver of Service for C. Anderson (Seminole), # 3 Waiver of Service for M. Bennett (Manatee), # 4 Waiver of Service for M. Blazier (formerly J. Edwards) (Collier), # 5 Waiver of Service for T. Brown (Columbia), # 6 Waiver of Service for S. Cannon (Dixie), # 7 Waiver of Service for S. Chason (Calhoun), # 8 Waiver of Service for G. Conyers (Liberty), # 9 Waiver of Service for B. Corley (Pasco), # 10 Waiver of Service for T. Doyle (Lee), # 11 Waiver of Service for C. Dunaway (Jackson), # 12 Waiver of Service for J. Griffin (Monroe), # 13 Waiver of Service for J. Hanlon (Gulf), # 14 Waiver of Service for T. Hart (Lafayette), # 15 Waiver of Service for A. Hays (Lake), # 16 Waiver of Service for L. Hutto (Hamilton), # 17 Waiver of Service for W. Keen (Sumter), # 18 Waiver of Service for J. Kinsey (Suwannee), # 19 Waiver of Service for S. Knight (Gadsden), # 20 Waiver of Service for R. Messer (Walton), # 21 Waiver of Service for C. Milton (Baker), # 22 Waiver of Service for J. Morgan (Wakulla), # 23 Waiver of Service for V. Oakes (St. Johns), # 24 Waiver of Service for D. Osborne (Union), # 25 Waiver of Service for C. Overturf (Putnam), # 26 Waiver of Service for H. Riley (Franklin), # 27 Waiver of Service for C. Rudd (Washington), # 28 Waiver of Service for A. Seyfang (Bradford), # 29 Waiver of Service for D. Southerland (Taylor), # 30 Waiver of Service for L. Swan (Indian River), # 31 Waiver of Service for L. Valenti (Charlotte), # 32 Waiver of Service for T. Villane (Santa Rosa), # 33 Waiver of Service for W. Wilcox (Marion)) (WERMUTH, FREDERICK) (Entered: 06/05/2023)

| 06/05/2023 | 42 | NOTICE of Appearance by JOSHUA E PRATT on behalf of CORD BYRD (PRATT, JOSHUA) (Entered: 06/05/2023) |
| 06/06/2023 | 43 | NOTICE of Appearance by STEPHANIE ANNE MORSE on behalf of ASHLEY MOODY (MORSE, STEPHANIE) (Entered: 06/06/2023) |

| 06/06/2023 | 44 | NOTICE of Appearance by MARK HERRON on behalf of MARK S. EARLEY (HERRON, MARK) (Entered: 06/06/2023) |
|---|---|---|
| 06/07/2023 | 45 | MOTION to Appear Pro Hac Vice by Lalitha D. Madduri.( Filing fee $ 208 receipt number AFLNDC-7907794.) by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (MADDURI, LALITHA) (Entered: 06/07/2023) |
| 06/07/2023 | 46 | REASSIGNMENT ORDER. The clerk will reassign this case to Chief Judge Walker. Signed by JUDGE ALLEN C WINSOR on 6/7/2023. (atm) (Entered: 06/07/2023) |
| 06/07/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 46 REASSIGNMENT ORDER (rcb) (Entered: 06/07/2023) |
| 06/07/2023 | 47 | ORDER ADMITTING LALITHA D. MADDURI PRO HAC VICE. The 45 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/07/2023. (rcb) Modified edit docket text on 6/8/2023 (rcb). (Entered: 06/07/2023) |
| 06/07/2023 | 48 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, EQUAL GROUND EDUCATION FUND, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. WENDY SARTORY LINK waiver sent on 5/25/2023, answer due 7/24/2023. (WERMUTH, FREDERICK) (Entered: 06/07/2023) |
| 06/07/2023 | 49 | ORDER FOR SUPPLEMENTAL BRIEFING. The parties shall confer and file their supplemental briefing on or before Friday, **6/16/2023**. Signed by CHIEF JUDGE MARK E WALKER on 06/07/2023. (rcb) (Entered: 06/07/2023) |
| 06/08/2023 | 50 | MOTION for Leave to File Excess Pages *Unopposed Motion of Plaintiffs for Leave to Exceed Word Limit* by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/08/2023) |
| 06/08/2023 | 51 | ORDER GRANTING 50 MOTION TO EXCEED WORD LIMIT. The unopposed motion, ECF No. 50 , is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 06/08/2023. (rcb) (Entered: 06/08/2023) |
| 06/09/2023 | 52 | First AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants All Defendants., filed by UNIDOSUS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ. (WERMUTH, FREDERICK) (Entered: 06/09/2023) |
| 06/09/2023 | 53 | MOTION for Extension of Time to File Answer by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 06/09/2023) |
| 06/09/2023 | 54 | NOTICE *of Filing Exhibits to the Declaration of Abha Khanna in Support of Plaintiffs' Emergency Motion for Preliminary Injunction* by ALIANZA CENTER, ALIANZA FOR |

| | | |
|---|---|---|
| | | PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14) (WERMUTH, FREDERICK) (Entered: 06/09/2023) |
| 06/09/2023 | 55 | Emergency MOTION for Preliminary Injunction by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Memorandum in Support of Emergency Motion for Preliminary Injunction, # 2 Declaration of Abha Khanna in Support of Plaintiffs' Emergency Motion for Preliminary Injunction) (WERMUTH, FREDERICK) (Entered: 06/09/2023) |
| 06/12/2023 | | Set/Reset Deadlines as to 55 Emergency MOTION for Preliminary Injunction . (Internal deadline for referral to judge if response not filed earlier: **6/26/2023**). (rcb) (Entered: 06/12/2023) |
| 06/12/2023 | 56 | ORDER SETTING SCHEDULING CONFERENCE AND OTHER DEADLINES. The Clerk shall set this matter for a telephonic scheduling conference on Wednesday, **6/14/2023 11:00 AM (ET)** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER, along with Case No.: 4:23cv218, which is also set for a telephonic scheduling conference. The parties shall file a proposed briefing schedule with respect to the motion for preliminary injunction by Tuesday, **6/13/2023**. The parties should refer to ECF No. 26 in Case No.: 1:23cv111-MW/HTC as a template for the information to include in their proposed briefing schedule. Signed by CHIEF JUDGE MARK E WALKER on 06/12/2023. (rcb) (Entered: 06/12/2023) |
| 06/12/2023 | 57 | NOTICE OF TELEPHONIC HEARING: Telephonic Scheduling Conference set for **6/14/2023 11:00 AM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/12/2023) |
| 06/12/2023 | 58 | ORDER GRANTING 53 EXTENSION. Defendant Byrd's motion is GRANTED. Defendant Byrd may file his response to Plaintiffs' complaint on or before the twenty-first day after this Court's ruling on Plaintiffs' emergency motion for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 06/12/2023. (rcb) (Entered: 06/12/2023) |

| 06/12/2023 | 59 | MOTION for Extension of Time to File Answer by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 06/12/2023) |
|---|---|---|
| 06/12/2023 | 60 | ORDER GRANTING 59 EXTENSION. The unopposed motion is GRANTED. Defendant Moody may file her response to Plaintiffs' complaint on or before the twenty-first day after this Court's ruling on Plaintiffs' emergency motion for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 06/12/2023. (rcb) (Entered: 06/12/2023) |
| 06/13/2023 | 61 | NOTICE of Appearance by WILLIAM KEVIN BLEDSOE on behalf of LISA LEWIS (BLEDSOE, WILLIAM) (Entered: 06/13/2023) |
| 06/13/2023 | 62 | NOTICE of Appearance by SARAH LYNN JONAS on behalf of LISA LEWIS (JONAS, SARAH) (Entered: 06/13/2023) |
| 06/13/2023 | 63 | NOTICE of Appearance by CHRISTI JO HANKINS on behalf of DAVID H STAFFORD (HANKINS, CHRISTI) (Entered: 06/13/2023) |
| 06/13/2023 | 64 | NOTICE of Appearance by GREGORY THOMAS STEWART on behalf of PAUL A LUX (STEWART, GREGORY) (Entered: 06/13/2023) |
| 06/13/2023 | 65 | NOTICE of Appearance by MATTHEW REED SHAUD on behalf of PAUL A LUX (SHAUD, MATTHEW) (Entered: 06/13/2023) |
| 06/13/2023 | 66 | Corporate Disclosure Statement/Certificate of Interested Persons by PAUL A LUX. (STEWART, GREGORY) (Entered: 06/13/2023) |
| 06/13/2023 | 67 | NOTICE of Appearance by MICHAEL BENY VALDES on behalf of CHRISTINA WHITE (VALDES, MICHAEL) (Entered: 06/13/2023) |
| 06/13/2023 | 68 | NOTICE of Appearance by SUSAN SMITH ERDELYI on behalf of JANET H ADKINS, MARK ANDERSEN, TOMI STINSON BROWN, STARLET CANNON, SHARON CHASON, GRANT CONYERS, CAROL A DUNAWAY, JOHN HANLON, TRAVIS HART, LAURA HUTTO, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, RYAN MESSER, CHRISTOPHER MILTON, JOSEPH MORGAN, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, AMANDA SEYFANG, DANA SOUTHERLAND, TAPPIE A VILLANE (ERDELYI, SUSAN) (Entered: 06/13/2023) |
| 06/13/2023 | 69 | NOTICE of Appearance by WILLIAM BOLTREK, III on behalf of MELISSA ARNOLD, ALETRIS FARNAM, BRENDA HOOTS, TAMMY JONES, THERISA MEADOWS, DIANE SMITH (BOLTREK, WILLIAM) (Entered: 06/13/2023) |
| 06/13/2023 | 70 | NOTICE of Appearance by DIANA MASTERS JOHNSON on behalf of KIM BARTON (JOHNSON, DIANA) (Entered: 06/13/2023) |
| 06/13/2023 | 71 | NOTICE of Appearance by ROBERT CHARLES SWAIN on behalf of KIM BARTON (SWAIN, ROBERT) (Entered: 06/13/2023) |
| 06/13/2023 | 72 | Corporate Disclosure Statement/Certificate of Interested Persons by KIM BARTON. (SWAIN, ROBERT) (Entered: 06/13/2023) |
| 06/13/2023 | 73 | Corporate Disclosure Statement/Certificate of Interested Persons by MARK S. EARLEY identifying Other Affiliate LEON COUNTY - STATE OF FLORIDA for MARK S. EARLEY.. (HERRON, MARK) (Entered: 06/13/2023) |
| 06/13/2023 | 74 | NOTICE of Appearance by DAVID K MARKARIAN on behalf of WENDY SARTORY LINK (MARKARIAN, DAVID) (Entered: 06/13/2023) |

| 06/13/2023 | 75 | NOTICE of Appearance by JESSICA ROSE GLICKMAN on behalf of WENDY SARTORY LINK (GLICKMAN, JESSICA) (Entered: 06/13/2023) |
| 06/13/2023 | 76 | STATUS REPORT *Joint Report on Parties' Meet-and-Confer Regarding Plaintiffs' Motion for a Preliminary Injunction* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/13/2023) |
| 06/14/2023 | 77 | NOTICE of Appearance by JOHN T LAVIA, III on behalf of MARY JANE ARRINGTON, CHRIS H CHAMBLESS, VICKY DAVIS, LORI EDWARDS, GERTRUDE WALKER (LAVIA, JOHN) (Entered: 06/14/2023) |
| 06/14/2023 | 78 | Corporate Disclosure Statement/Certificate of Interested Persons by DAVID H STAFFORD. (HANKINS, CHRISTI) (Entered: 06/14/2023) |
| 06/14/2023 | 79 | NOTICE of Appearance by SOPHIA MARIE GUZZO on behalf of CHRISTINA WHITE (GUZZO, SOPHIA) (Entered: 06/14/2023) |
| 06/14/2023 | 80 | ORDER SETTING HEARING ON 55 MOTION FOR PRELIMINARY INJUNCTION AND BRIEFING SCHEDULE. The in-person hearing on Plaintiffs motion for preliminary injunction is set for Wednesday, **6/28/2023 09:00 AM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER. Defendants' response and any declarations in support thereof are due on or before 12:00 p.m. (ET) on Friday, **6/23/2023 12:00 PM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER (ET) on Monday, **6/26/2023 12:00 PM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER. This Court STAYS the parties' deadline to brief the issue of consolidation. See ECF No. 49 . This Court will issue a new briefing deadline with respect to consolidation after the hearing on June 28. Finally, the deadline for Defendant Supervisors of Elections to answer or otherwise respond to Plaintiffs' complaint is extended to on or before the twenty-first day after this Court's ruling on Plaintiffs motion for preliminary injunction. Signed by CHIEF JUDGE MARK E WALKER on 06/14/2023. (rcb) (Entered: 06/14/2023) |
| 06/15/2023 | 81 | Corporate Disclosure Statement/Certificate of Interested Persons by WENDY SARTORY LINK. (GLICKMAN, JESSICA) (Entered: 06/15/2023) |
| 06/15/2023 | 82 | Corporate Disclosure Statement/Certificate of Interested Persons by CRAIG LATIMER. (TODD, STEPHEN) (Entered: 06/15/2023) |
| 06/15/2023 | 83 | AFFIDAVIT of Service for Complaint served on Christina White as Miami-Dade County Supervisor of Elections on 06/01/2023, filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/15/2023) |
| 06/15/2023 | 84 | Corporate Disclosure Statement/Certificate of Interested Persons by JULIE MARCUS. (KAHN, JARED) (Entered: 06/15/2023) |
| 06/15/2023 | 85 | WAIVER OF SERVICE Returned Executed by UNIDOSUS, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. |

| | | |
|---|---|---|
| | | MARY JANE ARRINGTON waiver sent on 5/25/2023, answer due 7/24/2023; CHRIS H CHAMBLESS waiver sent on 5/25/2023, answer due 7/24/2023; VICKY DAVIS waiver sent on 5/25/2023, answer due 7/24/2023; LORI EDWARDS waiver sent on 5/25/2023, answer due 7/24/2023; GERTRUDE WALKER waiver sent on 5/25/2023, answer due 7/24/2023. (Attachments: # 1 Waiver of Service for C. Chambless (Clay), # 2 Waiver of Service for V. Davis (Martin), # 3 Waiver of Service for L. Edwards (Polk), # 4 Waiver of Service for G. Walker (St. Lucie) (WERMUTH, FREDERICK) (Entered: 06/15/2023) |
| 06/15/2023 | 86 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Scheduling Conference held on 6/15/2023. Parties discuss case status and schedule for 55 , 27 & 32 Motions for Preliminary Injunction. Ruling by Court: Defendants' responses to 55 , 27 & 32 Motions, and any declarations from defendants, due by noon on 6/23/23; Replies and plaintiffs' declarations due by noon on 6/26/23. Word limit for plaintiffs' replies enlarged to 5,000 words. Preliminary injunction hearing set for 9:00 am on 6/28/23. Cases consolidated for the purpose of preliminary injunction hearing only. Deadline for responses re: 7 Motion to Consolidate and 33 Motion to Proceed Under Pseudonym (in 4:23cv218) are stayed and will be reset after preliminary injunction hearing. Supervisors of elections' responses to plaintiffs' 1 Complaint is extended 21 days after ruling on 55 Motion (in 4:23cv215). Clerk to provide call-in number for interested parties to observe preliminary injunction hearing. Order to follow (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 06/15/2023) |
| 06/16/2023 | | Set Deadline Re: 83 Answer due by 7/31/2023. (rcb) (Entered: 06/16/2023) |
| 06/16/2023 | 87 | NOTICE OF HEARING RE: 55 Emergency MOTION for Preliminary Injunction: Preliminary Injunction Hearing set for 6/28/2023 09:00 AM before CHIEF JUDGE MARK E WALKER. United States Courthouse, Courtroom 5 West, 111 North Adams St., Tallahassee, Florida 32301.<br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria Milton McGee at 850-521-3510 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 06/16/2023) |
| 06/16/2023 | 88 | NOTICE of Appearance by NICHOLAS ARI SHANNIN on behalf of BILL COWLES (SHANNIN, NICHOLAS) (Entered: 06/16/2023) |
| 06/16/2023 | 89 | NOTICE of Appearance by KYLE J BENDA on behalf of SHIRLEY ANDERSON (BENDA, KYLE) (Entered: 06/16/2023) |
| 06/16/2023 | 90 | Corporate Disclosure Statement/Certificate of Interested Persons by SHIRLEY ANDERSON. (BENDA, KYLE) (Entered: 06/16/2023) |
| 06/23/2023 | 91 | NOTICE of Joinder by ASHLEY MOODY (SJOSTROM, NOAH) (Entered: 06/23/2023) |
| 06/23/2023 | 92 | RESPONSE in Opposition re 55 Emergency MOTION for Preliminary Injunction and Incorporated Memorandum of Law filed by CORD BYRD. (Attachments: # 1 Appendix Appendix, Vol. 1 of 3, # 2 Appendix Appendix, Vol. 2 of 3, # 3 Appendix Appendix, Vol. 3 of 3) (JAZIL, MOHAMMAD) (Entered: 06/23/2023) |
| 06/23/2023 | 93 | NOTICE OF LISTEN-ONLY PHONE LINE for 6/28/2023 Preliminary Injunction Hearing: |

INTERESTED PARTIES MAY OBSERVE THIS HEARING BY CALLING THE NUMBER BELOW--THIS HEARING MUST NOT BE BROADCAST BY ANY MEANS.

**PLEASE MUTE YOUR LINE**

Conference Call Information

You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **8131706#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **0628#** You are now in the conference call. **Remember to mute your phone.**

**Callers to this line will be able to listen ONLY, not address the Court**.

s/ Victoria Milton McGee
Courtroom Deputy Clerk (vkm) (Entered: 06/23/2023)

| | | |
|---|---|---|
| 06/26/2023 | 94 | REPLY to Response to Motion re 55 Emergency MOTION for Preliminary Injunction *Plaintiffs' Reply in Support of Motion for Preliminary Injunction* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/26/2023) |
| 06/26/2023 | 95 | NOTICE of Appearance by CRAIG DENNIS FEISER on behalf of MIKE HOGAN (FEISER, CRAIG) (Entered: 06/26/2023) |
| 06/27/2023 | 96 | NOTICE of Appearance by DALE A SCOTT on behalf of MAUREEN BAIRD (SCOTT, DALE) (Entered: 06/27/2023) |
| 06/28/2023 | 97 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Motion Hearing held on 6/28/2023. Court hears argument regarding Plaintiffs' 55 Motion for Preliminary Injunction. Order to follow (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 06/28/2023) |
| 06/28/2023 | 98 | ORDER SETTING DEADLINES. Consistent with this Courts statements on the record at the conclusion of the hearing on June 28, 2023, the parties shall confer in these three cases and file a notice indicating their positions regarding consolidation of these cases on or before twenty-one days after this Court enters an order ruling on the Plaintiffs' motions for preliminary injunction. In addition, this Court reiterates that Defendants in these three cases shall file their responsive pleadings to the operative complaints on or before twenty-one days after this Court enters an order ruling on the Plaintiffs' motions for preliminary injunction. Likewise, the parties' deadlines for conferring and filing their Rule 26 reports are extended to on or before twenty-one days after this Court enters an order ruling on the Plaintiffs motions for preliminary injunction. In Case No.: 4:23cv218, Defendants response to Plaintiffs motion to proceed anonymously is due on or before July 10, 2023, and Plaintiffs reply, if any, is due on or before July 13, 2023. Finally, without objection from Defendants, Plaintiffs in Case No.: 4:23cv218 may supplement the record with certified translations of their translated declarations on or before 12:00 p.m. (ET) on June 30, 2023. If Defendants need to be heard with respect to the certified translations, they must file a notice with this Court indicating the reason for which they wish to be heard by 5:00 p.m. (ET) on June 30, 2023. Signed by CHIEF JUDGE MARK E WALKER on 06/28/2023. (rcb) (Entered: 06/28/2023) |

| | | |
|---|---|---|
| 06/29/2023 | 99 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Preliminary Injunction Proceedings held on 6/28/2023, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797. <br><br> *Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.* <br><br> Redaction Request due **7/6/2023**. Release of Transcript Restriction set for **10/4/2023**. (mah) (Entered: 06/29/2023) |
| 06/30/2023 | 100 | STATUS REPORT *First Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 06/30/2023) |
| 07/03/2023 | | Set Deadline- Status Report due by **8/2/2023**. (rcb) (Entered: 07/03/2023) |
| 07/03/2023 | 101 | PRELIMINARY INJUNCTION. The Florida NAACP Plaintiffs' motion for a preliminary injunction, ECF No.: 55 in Case No.: 4:23cv215, is GRANTED. Defendant Secretary of State Cord Byrd, in his official capacity, and Defendant Attorney General Ashley Moody, in her official capacity, must take no steps to enforce the following until otherwise ordered: a. Section 97.0575(1)(f), Florida Statutes (2023); and b. Section 97.0575(7), Florida Statutes (2023). The preliminary injunction binds the above-listed Defendants and their officers, agents, servants, employees, and attorneys-and others in active concert or participation with any of them-who receive actual notice of this injunction by personal service or otherwise. The Hispanic Federation Plaintiffs' motion for a preliminary injunction, ECF No. 32 in Case No.: 4:23cv218, is GRANTED. Defendant Secretary of State Cord Byrd, in his official capacity, and Defendant Attorney General Ashley Moody, in her official capacity, must take no steps to enforce the following until otherwise ordered: a. Section 97.0575(1)(f), Florida Statutes (2023). The preliminary injunction binds the above-listed Defendants and their officers, agents, servants, employees, and attorneys-and others in active concert or participation with any of them-who receive actual notice of this injunction by personal service or otherwise. Signed by CHIEF JUDGE MARK E WALKER on 7/3/2023. (kjw) (Entered: 07/03/2023) |
| 07/11/2023 | 102 | NOTICE OF APPEAL as to 101 Preliminary Injunction,,,,, by CORD BYRD, ASHLEY MOODY. ( Filing fee $505 Receipt Number AFLNDC-7964865.) (Attachments: # 1 Exhibit Doc. 101, Preliminary Injunction, 4:23-cv-215) (JAZIL, MOHAMMAD) (Entered: 07/11/2023) |
| 07/12/2023 | 103 | NOTICE of Appearance by WILLIAM DAVID CHAPPELL on behalf of ASHLEY MOODY (CHAPPELL, WILLIAM) (Entered: 07/12/2023) |
| 07/12/2023 | 104 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 102 Notice of Appeal. (rcb) (Main Document 104 replaced on 7/12/2023) (rcb). (Entered: 07/12/2023) |
| 07/12/2023 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **10/10/2023**. Certificate of Readiness (FRAP 11) due by **7/26/2023**. (rcb) (Entered: 07/12/2023) |
| 07/12/2023 | 105 | TRANSCRIPT REQUEST by CORD BYRD for proceedings held on June 28, 2023 before Judge Mark E. Walker, Chief United States District Judge, Court Reporter:Megan Hague (BEATO, MICHAEL) (Entered: 07/12/2023) |

| | | |
|---|---|---|
| 07/13/2023 | 106 | UNOPPOSED MOTION OF FLORIDA NAACP PLAINTIFFS AND HISPANIC FEDERATION PLAINTIFFS TO DEFER DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND COSTS. (WERMUTH, FREDERICK) Modified to edit title on 7/14/2023 (rcb). (Entered: 07/13/2023) |
| 07/13/2023 | 107 | PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND DEADLINE TO REQUEST A DIFFERENT SCHEDULE. (WERMUTH, FREDERICK) Modified to edit title on 7/14/2023 (rcb). (Entered: 07/13/2023) |
| 07/14/2023 | 108 | ORDER DEFERRING DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND COSTS. The 106 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 7/14/2023. (rcb) (Entered: 07/14/2023) |
| 07/14/2023 | 109 | ORDER GRANTING 107 EXTENSION. The 107 motion is GRANTED. The discovery deadline is extended to Monday, **11/13/2023**. The deadline to request a different schedule is extended to Monday,**7/24/2023**. Signed by CHIEF JUDGE MARK E WALKER on 7/14/2023. (rcb) (Entered: 07/14/2023) |
| 07/19/2023 | 118 | USCA Acknowledgment #23-12308 102 Notice of Appeal USCA Appeal. (rcb) (Entered: 07/26/2023) |
| 07/20/2023 | 110 | FLORIDA COUNTY SUPERVISORS OF ELECTIONS' UNOPPOSED MOTION TO EXTEND THE DEADLINE TO FILE RESPONSE TO PLAINTIFFS' AMENDED COMPLAINT. (ERDELYI, SUSAN) Modified title on 7/21/2023 (amm). (Entered: 07/20/2023) |
| 07/21/2023 | 111 | ORDER GRANTING EXTENSION: Defendant Supervisors of Elections' motion to extend the deadline to file a response to the amended complaint, ECF No. 110 , is GRANTED. The deadline for the sixty-seven Supervisors of Elections to file their response to the amended complaint is extended to on or before **8/4/2023**. Signed by CHIEF JUDGE MARK E WALKER on 7/21/2023. (amm) (Entered: 07/21/2023) |
| 07/24/2023 | 112 | ANSWER to 52 Amended Complaint, by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 07/24/2023) |
| 07/24/2023 | 113 | NOTICE *of NAACP Plaintiffs' Supplemental Briefing in Support of Consolidation* by ALIANZA CENTER, ALIANZA FOR PROGRESS, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. re 98 Order,,,,,, (WERMUTH, FREDERICK) (Entered: 07/24/2023) |
| 07/24/2023 | 114 | REPORT of Rule 26(f) Planning Meeting. (WERMUTH, FREDERICK) (Entered: 07/24/2023) |
| 07/24/2023 | 115 | *Secretary of State's* ANSWER to 52 Amended Complaint, by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 07/24/2023) |
| 07/25/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: 114 REPORT of Rule 26(f) Planning Meeting. (rcb) (Entered: 07/25/2023) |
| 07/25/2023 | 116 | REPORT of Rule 26(f) Planning Meeting. (WERMUTH, FREDERICK) (Entered: 07/25/2023) |
| 07/25/2023 | 117 | ORDER RE: 113 CONSOLIDATING CASES FOR SCHEDULING AND TRIAL AND SETTING SCHEDULING DEADLINES. This Court has considered, without hearing, the plaintiffs supplemental briefing in support of consolidation in Case No.: 4:23cv215 (Florida NAACP Plaintiffs), ECF No. 113 , and in Case No.: 4:23cv218 (Hispanic |

| | | |
|---|---|---|
| | | Federation Plaintiffs, ECF No. 82. The Hispanic Federation Plaintiffs' motion to consolidate, ECF No. 7 in Case No. 4:23cv218, is GRANTED with respect to the Florida NAACP Plaintiffs case, Case No.: 4:23cv215. The consolidated bench trial is special set for a two-week trial period that begins on Monday, **4/1/2024 08:15 AM** in U.S. Courthouse Tallahassee before CHIEF JUDGE MARK E WALKER. A party with a conflict during that trial period must file a notice within 14 days of the date of this order. The discovery deadline is extended to **12/18/2023**. A pleading may be amended only by **8/15/2023**, or on a motion showing good cause for not amending by that date. The deadline for filing summary-judgment motions is 21 days (**1/8/2024**) after the discovery deadline, but the motions should be filed at the earliest appropriate time. Signed by CHIEF JUDGE MARK E WALKER on 7/25/2023. (rcb) (Entered: 07/25/2023) |
| 07/28/2023 | [119](#) | MOTION to Extend Time *for Expert Disclosures* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 07/28/2023) |
| 07/28/2023 | [120](#) | ORDER EXTENDING EXPERT DISCLOSURE DEADLINES. The [119](#) motion is GRANTED. Plaintiffs' expert disclosures are due on or before **10/13/2023**. Defendants' expert disclosures are due on or before **11/13/2023**. Plaintiffs' rebuttal report is due on or before **12/7/2023**. Signed by CHIEF JUDGE MARK E WALKER on 7/28/2023. (rcb) Modified to add bracket on 7/31/2023 (rcb). (Entered: 07/28/2023) |
| 08/01/2023 | 121 | Pursuant to F.R.A.P. 11(c), #23-12308 the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: [102](#) Notice of Appeal. The entire record on appeal is available electronically. (rcb) (Entered: 08/01/2023) |
| 08/02/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of CHIEF JUDGE MARK E WALKER notified that action is needed Re: [116](#) SUPPLEMENTAL1 REPORT OF RULE 26 INITIAL CONFERENCE (rcb) (Entered: 08/02/2023) |
| 08/02/2023 | [122](#) | JOINT STATUS REPORT. (WERMUTH, FREDERICK) Modified to edit title on 8/2/2023 (rcb). (Entered: 08/02/2023) |
| 08/03/2023 | [123](#) | NAACP PLAINTIFFS INITIAL DISCLOSURES. (WERMUTH, FREDERICK) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
| 08/03/2023 | [124](#) | SECRETARY OF STATES INITIAL DISCLOSURE. (JAZIL, MOHAMMAD) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
| 08/03/2023 | [125](#) | ATTORNEY GENERAL'S INITIAL RULE 26(a)(1) DISCLOSURES (SJOSTROM, NOAH) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
| 08/03/2023 | [126](#) | TEN SUPERVISORS OF ELECTIONS' INITIAL DISCLOSURE. (BARDOS, ANDY) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/03/2023) |
| 08/04/2023 | [127](#) | LEON COUNTY SUPERVISOR OF ELECTIONS' RULE 26(a)(1) INITIAL DISCLOSURE. (HERRON, MARK) Modified to edit title on 8/4/2023 (rcb). (Entered: 08/04/2023) |
| 08/04/2023 | [128](#) | RULE 26 Disclosures by KIM BARTON. (SWAIN, ROBERT) (Entered: 08/04/2023) |
| 08/04/2023 | [129](#) | RULE 26 Disclosures by JULIE MARCUS. (KAHN, JARED) (Entered: 08/04/2023) |
| 08/04/2023 | [130](#) | RULE 26 Disclosures by RON TURNER. (BENTLEY, MORGAN) (Entered: 08/04/2023) |

| 08/04/2023 | [131](#) | Corporate Disclosure Statement/Certificate of Interested Persons by RON TURNER. (BENTLEY, MORGAN) (Entered: 08/04/2023) |
|---|---|---|
| 08/04/2023 | [132](#) | MOTION to Dismiss *Counts I, II, and V of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief* by JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK S. EARLEY, JENNIFER J EDWARDS, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, MIKE HOGAN, BRENDA HOOTS, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, THERISA MEADOWS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX. (Internal deadline for referral to judge if response not filed earlier: **8/18/2023**). (KLITSBERG, NATHANIEL) (Entered: 08/04/2023) |
| 08/04/2023 | [133](#) | MOTION for Protective Order *Agreed Motion to Enter Protective Order* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # [1](#) Exhibit 1 - Protective Order) (WERMUTH, FREDERICK) (Entered: 08/04/2023) |
| 08/07/2023 | [134](#) | PROTECTIVE ORDER. This Court has considered, without hearing, the NAACP Plaintiffs' stipulated motion for entry of protective order. ECF No. [133](#) . The Hispanic Federation Plaintiffs in Case No. 4:23-cv-218 also agreed to the protective order. Id. at 2. The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 8/7/2023. (rcb) (Entered: 08/07/2023) |
| 08/08/2023 | [135](#) | NOTICE *of Potential Conflict with Trial Period for Witness on Behalf of Defendant, Wendy Sartory Link, in her Capacity as Supervisor of Elections for Palm Beach County* by WENDY SARTORY LINK re [117](#) Order,,,,,, Set Deadlines/Hearings,,,,,, Set/Clear Flags,,,,, (GLICKMAN, JESSICA) (Entered: 08/08/2023) |
| 08/09/2023 | [136](#) | RULE 26 Disclosures by SHIRLEY ANDERSON. (BENDA, KYLE) (Entered: 08/09/2023) |
| 08/11/2023 | | Set Deadline- Status Report due by **9/11/2023**. (rcb) (Entered: 08/11/2023) |
| 08/15/2023 | [137](#) | UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4) (WERMUTH, FREDERICK) Modified to edit title on 8/16/2023 (rcb). (Entered: 08/15/2023) |
| 08/16/2023 | [138](#) | ORDER GRANTING [137](#) LEAVE TO FILE SECOND AMENDED COMPLAINT. The [137](#) motion is GRANTED. Plaintiffs must file the second amended complaint as a separate docket entry on or before Friday, **8/18/2023**. However, inasmuch as a second amended complaint will be filed, the motion to dismiss the first amended complaint, ECF |

| | | |
|---|---|---|
| | | N8, 128.13 DENIED without prejudice) by CHIEF JUDGE MARK E WALKER on 8/16/2023. (rcb) Modified to edit docket text on 8/17/2023 (rcb). (Entered: 08/16/2023) |
| 08/16/2023 | [139](#) | Second AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants All Defendants., filed by UNIDOSUS, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. (WERMUTH, FREDERICK) (Entered: 08/16/2023) |
| 08/16/2023 | [140](#) | TRANSCRIPT REQUEST by ASHLEY MOODY for proceedings held on 6/28/23 before Judge Chief Judge Walker, Court Reporter:Megan Hague (CHAPPELL, WILLIAM) (Entered: 08/16/2023) |
| 08/23/2023 | [141](#) | MOTION for Protective Order by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # [1](#) Exhibit 1- Protective Order) (FERGUSON, ROBERT) (Entered: 08/23/2023) |
| 08/23/2023 | [142](#) | RULE 26 Disclosures by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 08/23/2023) |
| 08/24/2023 | [143](#) | PROTECTIVE ORDER. The [141](#) motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 8/24/2023. (rcb) (Entered: 08/24/2023) |
| 08/25/2023 | [144](#) | RULE 26 Disclosures by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 08/25/2023) |
| 08/25/2023 | [145](#) | RULE 26 Disclosures by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 08/25/2023) |
| 08/28/2023 | [146](#) | THE SUPERVISORS OF ELECTIONS' MOTION TO DISMISS COUNTS I, II, AND V. (Internal deadline for referral to judge if response not filed earlier: **9/11/2023**). (BARDOS, ANDY) Modified to edit title on 8/29/2023 (rcb). (Entered: 08/28/2023) |
| 08/29/2023 | [147](#) | MOTION for Extension of Time to File Response/Reply as to [139](#) Amended Complaint, by ASHLEY MOODY. (MORSE, STEPHANIE) (Entered: 08/29/2023) |
| 08/29/2023 | [148](#) | ORDER GRANTING [147](#) EXTENSION. The motion is GRANTED. Defendant Moody's response is due on or before **9/6/2023**. Signed by CHIEF JUDGE MARK E WALKER on 8/29/2023. (rcb) (Entered: 08/29/2023) |
| 08/29/2023 | [149](#) | *Secretary of State's* ANSWER to [139](#) Amended Complaint, by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 08/29/2023) |
| 09/01/2023 | [150](#) | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 09/01/2023) |
| 09/05/2023 | [151](#) | MOTION to Withdraw as Attorney by ASHLEY MOODY. (CHAPPELL, WILLIAM) (Entered: 09/05/2023) |

| 09/05/2023 | | Set Deadlines/Hearings Status Report due by **10/5/2023**. (rcb) (Entered: 09/05/2023) |
|---|---|---|
| 09/05/2023 | 152 | ORDER GRANTING 151 MOTION TO WITHDRAW. Mr. Chappell's motions are, therefore, GRANTED. The Clerk shall disconnect Mr. Chappell from CM/ECF in all three of the consolidated cases. Signed by CHIEF JUDGE MARK E WALKER on 9/5/2023. (rcb) (Entered: 09/05/2023) |
| 09/06/2023 | 153 | ANSWER to 139 Amended Complaint, by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 09/06/2023) |
| 09/11/2023 | 154 | PLAINTIFFS' BRIEF IN OPPOSITION TO SUPERVISOR OF ELECTIONS DEFENDANTS MOTION TO DISMISS. (WERMUTH, FREDERICK) Modified to edit title on 9/12/2023 (rcb). (Entered: 09/11/2023) |
| 09/14/2023 | 155 | NOTICE of Appearance by WILLIAM B GRAHAM on behalf of DAVID H STAFFORD (GRAHAM, WILLIAM) (Entered: 09/14/2023) |
| 09/19/2023 | 156 | NOTICE of Appearance by GERALDO FRANCIS OLIVO, III on behalf of MELISSA ARNOLD, ALETRIS FARNAM, BRENDA HOOTS, TAMMY JONES, THERISA MEADOWS, DIANE SMITH (OLIVO, GERALDO) (Entered: 09/19/2023) |
| 09/21/2023 | 157 | NOTICE of Appearance by ARTHUR IVAN JACOBS on behalf of GINGER BOWDEN-MADDEN, JACK CAMPBELL, JOHN F. DURRETT, MELISSA W. NELSON, WILLIAM M. GLADSON, BRUCE L. BARTLETT, R.J. LARIZZA, BRIAN S. KRAMER, ANDREW A. BAIN, BRIAN W. HAAS, KATHERINE FERNANDEZ RUNDLE, ED A. BRODSKY, SUSAN LOPEZ, LARRY R. BASFORD, DAVID A. ARONBERG, DENNIS W. WARD, HAROLD F. PRYOR, PHILIP G. ARCHER, THOMAS R. BAKKEDAHL, AMIRA D. FOX (JACOBS, ARTHUR) (Entered: 09/21/2023) |
| 09/21/2023 | 158 | First MOTION to Quash *Subpoenas*, First MOTION for Protective Order *Regarding Subpoenas Issued to Non-Party State Attorneys* by PHILIP G. ARCHER, DAVID A. ARONBERG, ANDREW A. BAIN, THOMAS R. BAKKEDAHL, BRUCE L. BARTLETT, LARRY R. BASFORD, GINGER BOWDEN-MADDEN, ED A. BRODSKY, JACK CAMPBELL, JOHN F. DURRETT, KATHERINE FERNANDEZ RUNDLE, AMIRA D. FOX, WILLIAM M. GLADSON, BRIAN W. HAAS, BRIAN S. KRAMER, R.J. LARIZZA, SUSAN LOPEZ, MELISSA W. NELSON, HAROLD F. PRYOR, DENNIS W. WARD. (Attachments: # 1 Exhibit Exhibit A - Subpoenas) (JACOBS, ARTHUR) (Entered: 09/21/2023) |
| 09/25/2023 | 159 | MOTION to Appear Pro Hac Vice by John J. Cycon.( Filing fee $ 208 receipt number AFLNDC-8217133.) by CORD BYRD. (Attachments: # 1 Exhibit Ex. A - Certificate of Good Standing, NY Bar) (CYCON, JOHN) (Entered: 09/25/2023) |
| 09/26/2023 | 160 | ORDER ADMITTING JOHN J. CYCON PRO HAC VICE - This Court has considered, without hearing, the motion to admit John J. Cycon pro hac vice. ECF No. 159 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 9/26/2023. (baf) (Entered: 09/26/2023) |
| 09/27/2023 | 161 | ORDER GRANTING MOTION TO CONSOLIDATE STATUS REPORT FILING AND DEADLINES - This Court has considered, without hearing, Plaintiffs' unopposed motion to consolidate the filing of and deadlines for status reports. ECF No. 67 in Case No.: 4:23cv216. The Clerk shall discontinue resetting the status report deadlines in Case No.: 4:23cv216 and Case No.: 4:23cv218. Signed by CHIEF JUDGE MARK E WALKER on 9/27/2023. (baf) (Entered: 09/27/2023) |
| 10/02/2023 | 162 | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE |

| | | |
|---|---|---|
| | | FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/02/2023) |
| 10/03/2023 | | Set/Reset Deadlines: Status Report due by **11/2/2023**. (baf) (Entered: 10/03/2023) |
| 10/04/2023 | 163 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 158 First MOTION to Quash *Subpoenas* First MOTION for Protective Order *Regarding Subpoenas Issued to Non-Party State Attorneys (Unopposed Motion)* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) Modified on 10/5/2023 (baf). (Entered: 10/04/2023) |
| 10/05/2023 | 164 | ORDER GRANTING MOTION TO EXTEND DEADLINE - This Court has considered, without hearing, Plaintiffs' unopposed motion to extend deadline to respond to motion to quash, ECF No. 163 , regarding the non-party State Attorneys' motion to quash, ECF No. 158 . The motion is GRANTED. Defendant's deadline to respond to the motion is extended to on or before Thursday, 10/19/2023. Signed by CHIEF JUDGE MARK E WALKER on 10/5/2023. (baf) (Entered: 10/05/2023) |
| 10/10/2023 | | Set Deadlines re 102 Notice of Appeal: Clerk to check status of Appeal on **1/5/2024**.) USCA Case #23-12308 is still pending. (baf) (Entered: 10/10/2023) |
| 10/13/2023 | 165 | RULE 26 Disclosures by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/13/2023) |
| 10/13/2023 | 166 | NOTICE *of Service of Expert Disclosures* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (WERMUTH, FREDERICK) (Entered: 10/13/2023) |
| 10/17/2023 | 167 | MOTION for Extension of Time to File *Expert Disclosures* by CORD BYRD, ASHLEY MOODY. (JAZIL, MOHAMMAD) (Entered: 10/17/2023) |
| 10/18/2023 | 168 | ORDER FOR EXPEDITED RESPONSE - Accordingly, on or before Wednesday, **10/25/2023**, Plaintiffs in these consolidated cases must file an expedited response explaining why this Court should not grant Defendants' request for a limited extension as a matter of professional courtesy. Signed by CHIEF JUDGE MARK E WALKER on 10/18/2023. (baf) (Entered: 10/18/2023) |
| 10/18/2023 | 169 | MOTION for Extension of Time to File Response/Reply *Plaintiffs' Second Unopposed Motion to Extend Deadline to Respond to Motion to Quash* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/18/2023) |
| 10/18/2023 | 170 | ORDER GRANTING EXTENSION - This Court has considered, without hearing, Plaintiffs second unopposed motion to extend the deadline to respond to the motion to |

| | | |
|---|---|---|
| | | quash. ... The motion is GRANTED. Plaintiffs' deadline to respond to the motion to quash is extended to on or before Thursday, **10/26/2023**. Signed by CHIEF JUDGE MARK E WALKER on 10/18/2023. (baf) (Entered: 10/18/2023) |
| 10/25/2023 | [171](#) | NOTICE *of Withdrawing Objection to Subpoena, Motion to Quash Subpoena, and Motion for Protective Order* by PHILIP G. ARCHER, DAVID A. ARONBERG, ANDREW A. BAIN, THOMAS R. BAKKEDAHL, BRUCE L. BARTLETT, LARRY R. BASFORD, GINGER BOWDEN-MADDEN, ED A. BRODSKY, JACK CAMPBELL, JOHN F. DURRETT, KATHERINE FERNANDEZ RUNDLE, AMIRA D. FOX, WILLIAM M. GLADSON, BRIAN W. HAAS, BRIAN S. KRAMER, R.J. LARIZZA, SUSAN LOPEZ, MELISSA W. NELSON, HAROLD F. PRYOR, DENNIS W. WARD (JACOBS, ARTHUR) (Entered: 10/25/2023) |
| 10/25/2023 | [172](#) | ORDER DENYING NON-PARTIES' MOTION AS MOOT - The non-party State Attorneys' "Objection to Subpoenas, Motion to Quash Subpoenas, and Motion for Protective Order," ECF No. [158](#) , is DENIED as moot. Signed by CHIEF JUDGE MARK E WALKER on 10/25/2023. (baf) (Entered: 10/25/2023) |
| 10/25/2023 | [173](#) | RESPONSE to Motion re [167](#) MOTION for Extension of Time to File *Expert Disclosures Plaintiffs' Response Regarding Secretary's and Attorney General's Motion for an Extension of Time to File Expert Disclosures* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 10/25/2023) |
| 10/27/2023 | [174](#) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXTEND THEIR EXPERT DISCLOSURE DEADLINE - Defendants Secretary Byrd and Attorney General Moody motion "to extend their expert-disclosure deadline from November 13, 2023 to December 13, 2023, ECF No. [167](#) , is GRANTED in part and DENIED in part. The motion is GRANTED in that the following deadlines are extended as follows: Defendants shall disclose their expert witnesses and reports on or before Monday, **11/27/2023**. Plaintiffs shall disclose their rebuttal expert witnesses and reports, if any, on or before Thursday, **12/21/2023**. The discovery deadline is extended to Tuesday, **1/2/2024**. The deadline for filing summary-judgment motions is on or before Tuesday, **1/23/2024**. The motion is otherwise DENIED. All other deadlines in the operative scheduling and mediation order, ECF No. [117](#) including this case being set for the trial period beginning on April 1, 2024 remain in effect. Signed by CHIEF JUDGE MARK E WALKER on 10/27/2023. (baf) (Entered: 10/27/2023) |
| 11/01/2023 | [175](#) | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 11/01/2023) |
| 11/02/2023 | | Set/Reset Deadlines: Status Report due by **12/2/2023**. (baf) (Entered: 11/02/2023) |
| 11/02/2023 | [176](#) | NOTICE titled Declaration Regarding Public and Business Records According to Fed.R.Evid.902(4), (11) by DONNA J HASSEBROCK (baf) (Entered: 11/02/2023) |
| 11/21/2023 | [177](#) | NOTICE of Appearance by BRADLEY ROBERT MCVAY on behalf of CORD BYRD (MCVAY, BRADLEY) (Entered: 11/21/2023) |
| 11/27/2023 | [178](#) | RULE 26 Disclosures by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 11/27/2023) |

| | | |
|---|---|---|
| 12/01/2023 | 179 | STATUS REPORT by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 12/01/2023) |
| 12/01/2023 | | Set Deadlines/Hearings Status Report due by **1/1/2024**. (baf) (Entered: 12/01/2023) |
| 12/04/2023 | 180 | MOTION to Amend/Correct *Unopposed Motion for Leave to Amend* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1 - Third Amended Complaint) (WERMUTH, FREDERICK) (Entered: 12/04/2023) |
| 12/04/2023 | 181 | RULE 26 Disclosures by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 12/04/2023) |
| 12/05/2023 | 182 | ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO AMEND - This Court has considered, without hearing, Plaintiffs' unopposed motion for leave to amend. ECF No. 180 . The unopposed motion is GRANTED. Plaintiffs shall file their third amended complaint as a separate docket entry on or before 5:00 p.m. (ET) on Thursday, **12/7/2023**. Signed by CHIEF JUDGE MARK E WALKER on 12/5/2023. (baf) (Entered: 12/05/2023) |
| 12/05/2023 | 183 | ORDER REGARDING MOTION TO DISMISS - This Court recently granted Plaintiffs' motion for leave to file a third amended complaint. ECF No. 182 . This technically moots the pending motion to dismiss, ECF No. 146 . However, this Court intends to construe the motion to dismiss as pending against the most recent iteration of the complaint, ECF No. 180 -1, unless anyone wishes to be heard on this protocol. If a party wishes to be heard, they must file a notice with this Court of any objection to construing the pending motion to dismiss as directed against the most recent amended complaint on or before 5:00 p.m. (ET) on Friday, **12/8/2023**. Signed by CHIEF JUDGE MARK E WALKER on 12/5/2023. (baf) (Entered: 12/05/2023) |
| 12/06/2023 | 184 | THIRD AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, CORD BYRD, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK S. EARLEY, JENNIFER J EDWARDS, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, ASHLEY MOODY, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, |

| | | JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX, SHERRY TAYLOR, H. RUSSELL WILLLIAMS, JERRY HOLLAND, filed by UNIDOSUS, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, HUMBERTO ORJUELA PRIETO. (WERMUTH, FREDERICK) (Entered: 12/06/2023) |
|---|---|---|
| 12/13/2023 | 185 | MOTION to Appear Pro Hac Vice by Alexandra Copper.( Filing fee $ 219 receipt number AFLNDC-8397512.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (COPPER, ALEXANDRA) (Entered: 12/13/2023) |
| 12/13/2023 | 186 | MOTION to Appear Pro Hac Vice by Christopher Lapinig.( Filing fee $ 219 receipt number AFLNDC-8397516.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (LAPINIG, CHRISTOPHER) (Entered: 12/13/2023) |
| 12/13/2023 | 187 | MOTION to Appear Pro Hac Vice by Michael Ortega.( Filing fee $ 219 receipt number AFLNDC-8397529.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (Attachments: # 1 Certificate of Good Standing) (ORTEGA, MICHAEL) (Entered: 12/13/2023) |
| 12/13/2023 | 188 | ORDER ADMITTING MICHAEL ORTEGA PRO HAC VICE - This Court has considered, without hearing, the motion to admit Michael Ortega pro hac vice in the above-captioned consolidated cases. ECF No. 187 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 12/13/2023. (baf) (Entered: 12/13/2023) |
| 12/13/2023 | 189 | ORDER ADMITTING CHRISTOPHER LAPINIG PRO HAC VICE - This Court has considered, without hearing, the motion to admit Christopher Lapinig pro hac vice in the above-captioned consolidated cases. ECF No. 186 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 12/13/2023. (baf) (Entered: 12/13/2023) |
| 12/13/2023 | 190 | ORDER ADMITTING ALEXANDRA COPPER PRO HAC VICE - This Court has considered, without hearing, the motion to admit Alexandra Copper pro hac vice in the above-captioned consolidated cases. ECF No. 185 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 12/13/2023. (baf) (Entered: 12/13/2023) |
| 12/14/2023 | 191 | Consent MOTION for Extension of Time to Complete Discovery *In Part Solely for Purposes of Completing Depositions* by CORD BYRD, ASHLEY MOODY. (JAZIL, MOHAMMAD) (Entered: 12/14/2023) |
| 12/14/2023 | 192 | ORDER GRANTING EXTENSION - This Court has considered, without hearing, Defendants Secretary Byrd and Attorney General Moody's unopposed motion to extend the discovery deadline "solely for purposes of completing depositions." ECF No. 191 . The motion is GRANTED. The discovery deadline is extended to Friday, **1/12/2024**, only for the limited purpose of completing the depositions as outlined in the motion. Signed by CHIEF JUDGE MARK E WALKER on 12/14/2023. (baf) (Entered: 12/14/2023) |
| 12/15/2023 | 193 | *Secretary of State's* ANSWER to 184 Amended Complaint,,,,, by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 12/15/2023) |
| 12/15/2023 | 194 | *Attorney General's* ANSWER to 184 Amended Complaint,,,,, by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 12/15/2023) |

| 01/01/2024 | | Set/Reset Deadlines: Status Report due by **1/31/2024**. (baf) (Entered: 01/03/2024) |
|---|---|---|
| 01/02/2024 | 195 | STATUS REPORT *Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/02/2024) |
| 01/04/2024 | 196 | STATUS REPORT *Supplemental Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/04/2024) |
| 01/05/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **4/4/2024**. USCA #23-12308 is still pending. (baf) (Entered: 01/05/2024) |
| 01/11/2024 | 197 | MOTION for Extension of Time to Complete Discovery *Unopposed Motion to Extend Discovery Deadline Solely for the Deposition of Maria Matthews* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/11/2024) |
| 01/11/2024 | 198 | ORDER GRANTING EXTENSION - This Court has considered, without hearing, Plaintiffs' unopposed motion to extend the discovery deadline solely for the purpose of deposing Maria Matthews. ECF No. 197 . The motion is GRANTED. The discovery deadline is extended in these consolidated cases to **2/9/2024**, only for the limited purpose of completing Maria Matthews's deposition. Signed by CHIEF JUDGE MARK E WALKER on 1/11/2024. (baf) (Entered: 01/11/2024) |
| 01/12/2024 | 199 | ORDER DENYING MOTION TO DISMISS - The Supervisors motion to dismiss, ECF No. 146 , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 1/12/2024. (baf) (Entered: 01/12/2024) |
| 01/18/2024 | 200 | NOTICE *OF FILING EXHIBITS TO THE SECRETARY'S MOTION FOR SUMMARY JUDGMENT* by CORD BYRD (Attachments: # 1 Exhibit Ex. 1 - Director Darlington Declaration, # 2 Exhibit Ex. 2 - Ch. 2022-73, Laws of Fla., # 3 Exhibit Ex. 3 - DOS Report on Vote-by-Mail Voting, 2/1/23, # 4 Exhibit Ex. 4 - Fla. Admin. Code R. 1S-2.055 (Proposed), # 5 Exhibit Ex. 5 - Statewide Vote-by-Mail Request Form (Proposed), # 6 Exhibit Ex. 6 - Fla. Admin Code R. 1S-2.042 (Final), # 7 Exhibit Ex. 7 - 3PVRO-Declaration Form (Final)) (JAZIL, MOHAMMAD) (Entered: 01/18/2024) |
| 01/18/2024 | 201 | MOTION for Summary Judgment *and Memorandum in Support* by CORD BYRD. (Internal deadline for referral to judge if response to summary judgment not filed earlier: **2/8/2024**). (JAZIL, MOHAMMAD) (Entered: 01/18/2024) |
| 01/22/2024 | 202 | MOTION Joint Motion to Set Agreed Pretrial Schedule, to Dispense with Pretrial Briefing, and to Permit or Require Post-Trial Briefing by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, |

| | | HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/22/2024) |
|---|---|---|
| 01/22/2024 | 203 | ORDER GRANTING JOINT MOTION TO SET AGREED PRETRIAL SCHEDULE - This Court has considered the parties' joint motion to set an agreed pretrial schedule. ECF No. 202 . The motion is GRANTED. The parties shall conduct their attorneys' conference on or before 2/23/2024. Motions in limine and Daubert motions shall be filed on or before 2/23/2024. Given the compressed time frame ahead of the pretrial conference, responses to any motions in limine or Daubert motions are due on or before 3/1/2024, to give this Court time to review before the pretrial conference. The parties' pretrial stipulation and related disclosures are due on or before 3/1/2024. The Clerk shall set this case for the final telephonic pretrial conference on 3/8/2024. The parties' request to dispose of pretrial briefing is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 1/22/2024. (baf) (Entered: 01/22/2024) |
| 01/23/2024 | 204 | NOTICE *of Filing Exhibits to the Declaration of Abha Khanna in Support of Plaintiffs' Motion for Partial Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28) (WERMUTH, FREDERICK) (Entered: 01/23/2024) |
| 01/23/2024 | 205 | MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Internal deadline for referral to judge if response to summary judgment not filed earlier: 2/13/2024). (Attachments: # 1 Memorandum of Law in Support of NAACP Plaintiffs' Motion for Partial Summary Judgment, # 2 Declaration of Abha Khanna in Support of Plaintiffs' Motion for Partial Summary Judgment) (WERMUTH, FREDERICK) (Entered: 01/23/2024) |
| 01/23/2024 | 206 | MOTION to Seal Document *Plaintiffs' Motion for Leave to File Exhibit Under Seal* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 01/23/2024) |
| 01/24/2024 | 207 | ORDER GRANTING MOTION TO FILE EXHIBIT UNDER SEAL - This Court has considered, without hearing, Plaintiffs' motion to file Exhibit 28 to their motion for partial summary judgment under seal. ECF No. 206 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 1/24/2024. (baf) (Entered: 01/24/2024) |
| 01/24/2024 | 208 | ORDER of USCA as to 102 Notice of Appeal. League of Women Voters of Florida's (League) motion to appear at oral argument and for seven minutes of argument time in |

addition to the time already allocated to the parties is GRANTED. Appeal No. #25-12308-A (baf) (Entered: 01/24/2024)

| 01/24/2024 | 209 | NOTICE OF TELEPHONIC HEARING: Telephonic Pretrial Conference set for **3/8/2024 09:00 AM** before CHIEF JUDGE MARK E WALKER.<br><br>ALL PARTIES are directed to call the AT&T Conference Line (see below)<br><br>Conference Call Information<br><br>You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 01/24/2024) |
| --- | --- | --- |
| 01/26/2024 | 210 | *Leon County Supervisor's* ANSWER to 184 THIRD AMENDED COMPLAINT by MARK S. EARLEY. (HERRON, MARK) Modified title on 1/26/2024 (baf). (Entered: 01/26/2024) |
| 01/26/2024 | 211 | ANSWER to 184 THIRD AMENDED COMPLAINT by JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, JERRY HOLLAND, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, SHERRY TAYLOR, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX, H. RUSSELL WILLLIAMS. (BARDOS, ANDY) Modified title on 1/29/2024 (baf). (Entered: 01/26/2024) |
| 01/31/2024 | | Set/Reset Deadlines: Status Report due by **3/1/2024**. (baf) (Entered: 02/01/2024) |
| 02/01/2024 | 212 | STATUS REPORT *Joint Status Report* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 02/01/2024) |
| 02/06/2024 | 213 | MOTION to Appear Pro Hac Vice by Molly E. Danahy.( Filing fee $ 219 receipt number AFLNDC-8589834.) by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION |

| | | |
|---|---|---|
| | | FUNDING, LEAGUE OF WOMEN VOTERS OF FLORIDA, INC.. (Attachments: # 1 Certificate of Good Standing) (DANAHY, MOLLY) (Entered: 02/06/2024) |
| 02/06/2024 | 214 | ORDER ADMITTING MOLLY E. DANAHY PRO HAC VICE - This Court has considered, without hearing, the motion to admit Molly E. Danahy pro hac vice in the above-captioned consolidated cases. ECF No. 213 in No. 4:23cv215; ECF No. 90 in No. 4:23cv216. The motion is GRANTED. Having fulfilled the requirements of the Local Rules for admission, Molly E. Danahy is admitted pro hac vice as counsel for Plaintiffs League of Women Voters of Florida, Inc. and League of Women Voters of Florida Education Fund. Signed by CHIEF JUDGE MARK E WALKER on 2/6/2024. (baf) (Entered: 02/06/2024) |
| 02/07/2024 | 215 | Second MOTION for Extension of Time to Complete Discovery *Second Unopposed Motion to Extend Discovery Deadline Solely for the Deposition of Maria Matthews* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 02/07/2024) |
| 02/07/2024 | 216 | ORDER GRANTING EXTENSION - This Court has considered, without hearing, Plaintiffs' second unopposed motion to extend the discovery deadline solely for the deposition of Maria Matthews. ECF No. 215 . The motion is GRANTED. The discovery deadline is extended in these consolidated cases to Thursday, **2/22/2024**, only for the limited purpose of completing Maria Matthews's deposition. Signed by CHIEF JUDGE MARK E WALKER on 2/7/2024. (baf) (Entered: 02/07/2024) |
| 02/08/2024 | 217 | NOTICE *of Filing Exhibit to the Declaration of Abha Khanna in Support of Plaintiffs' Response in Opposition to Defendant Secretary of State's Motion for Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # 1 Exhibit 1) (WERMUTH, FREDERICK) (Entered: 02/08/2024) |
| 02/08/2024 | 218 | RESPONSE in Opposition re 201 MOTION for Summary Judgment *and Memorandum in Support Plaintiffs' Response in Opposition to Defendant Secretary of State's Motion for Summary Judgment* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Declaration of Abha Khanna) (WERMUTH, FREDERICK) (Entered: 02/08/2024) |
| 02/13/2024 | 219 | NOTICE *OF FILING EXHIBITS TO THE SECRETARY'S RESPONSE TO PLAINTIFFS' SUMMARY-JUDGMENT MOTION* by CORD BYRD (Attachments: # 1 Exhibit Ex. 1 - 11th Cir. Oral Argument Transcript, # 2 Exhibit Ex. 2 - The Secretarys 11th Cir. Initial Brief, # 3 Exhibit Ex. 3 - The Secretarys 11th Cir. Reply Brief, # 4 Exhibit Ex. 4 - Transcript of April 4, 2023, Senate Committee on Ethics and Elections, # 5 Exhibit Ex. 5 - Transcript of April 19, 2023, House State Affairs Committee, # 6 Exhibit Ex. 6 - Transcript of April 26, 2023, Senate Legislative Session, # 7 Exhibit Ex. 7 - Transcript of April 28, 2023, House Session, # 8 Exhibit Ex. 8 - Documents Relating to Hard Knocks Investigation and Roderica Cody, # 9 Exhibit Ex. 9 - League Plaintiffs Responses to the |

| | | |
|---|---|---|
| | | Secretary's Request for Admissions, # 19 Exhibit Ex. 17 - Transcript of April 20, 2023, Senate Committee on Fiscal Policy) (JAZIL, MOHAMMAD) (Entered: 02/13/2024) |
| 02/13/2024 | 220 | NOTICE *of Filing Exhibits to the Attorney General's Response to Plaintiffs' Partial Motion for Summary Judgment* by ASHLEY MOODY (Attachments: # 1 Exhibit Elizabeth Guzzo Transcript Excerpts, # 2 Exhibit Andrew Darlington Transcript Excerpts) (SJOSTROM, NOAH) (Entered: 02/13/2024) |
| 02/13/2024 | 221 | RESPONSE in Opposition re 205 MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* filed by ASHLEY MOODY. (SJOSTROM, NOAH) (Entered: 02/13/2024) |
| 02/13/2024 | 222 | RESPONSE in Opposition re 205 MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* filed by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/13/2024) |
| 02/15/2024 | 223 | THE SECRETARY'S REPLY IN SUPPORT OF re 201 MOTION for Summary Judgment *and Memorandum in Support of the Secretary's Summary-Judgment Motion* filed by CORD BYRD. (JAZIL, MOHAMMAD) Modified title on 2/15/2024 (baf). (Entered: 02/15/2024) |
| 02/19/2024 | 224 | MOTION for Recusal by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/19/2024) |
| 02/20/2024 | 225 | NOTICE *of Filing Exhibits in Support of Reply in Support of Motion for Partial Summary Judgment* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. re 205 MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (WERMUTH, FREDERICK) (Entered: 02/20/2024) |
| 02/20/2024 | 226 | REPLY IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT re 205 MOTION for Summary Judgment *Plaintiffs' Motion for Partial Summary Judgment* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Affidavit of Abha Khanna) (WERMUTH, FREDERICK) Modified title on 2/21/2024 (baf). (Entered: 02/20/2024) |
| 02/21/2024 | 227 | ORDER FOR EXPEDITED RESPONSE - Defendant Byrd has filed a motion for my recusal (re: 224 MOTION for Recusal) in each of these cases. Given that trial is fast approaching and in order for both sides to be heard on Defendant Byrd's motions in a timely fashion, Plaintiffs shall file expedited responses to these motions on or before 5:00 p.m. (ET) on Monday, **2/26/2024.** Signed by CHIEF JUDGE MARK E WALKER on 2/21/2024. (baf) (Entered: 02/21/2024) |
| 02/23/2024 | 228 | NOTICE of Appearance by COLLEEN E O'BRIEN on behalf of CRAIG LATIMER (O'BRIEN, COLLEEN) (Entered: 02/23/2024) |
| 02/23/2024 | 229 | MOTION in Limine *as to Dr. Lichtman's Expert Testimony* by CORD BYRD. (Attachments: # 1 Exhibit Ex. A - Dr. Lichtman Expert Report) (BEATO, MICHAEL) (Entered: 02/23/2024) |
| 02/23/2024 | 230 | MOTION for Joinder *in Hispanic Federation Plaintiffs' Motion to Limit Evidence Related to Immigration Histories and Benefits* by SANTIAGO MAYER ARTASANCHEZ, |

| | | FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ. (Attachments: # 1 Exhibit 1) (WERMUTH, FREDERICK) (Entered: 02/23/2024) |
|---|---|---|
| 02/23/2024 | 231 | MOTION in Limine *Regarding Evidence of State Interests for the Challenged Provisions of SB 7050* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (WERMUTH, FREDERICK) (Entered: 02/23/2024) |
| 02/23/2024 | 232 | MOTION in Limine *to Exclude the Testimony of Dr. Robert Stein and Dr. John Alford* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (WERMUTH, FREDERICK) (Entered: 02/23/2024) |
| 02/26/2024 | 233 | RESPONSE in Opposition re 224 MOTION for Recusal *Plaintiffs' Opposition to Motion to Recuse* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 02/26/2024) |
| 02/27/2024 | 234 | ORDER DENYING MOTIONS FOR RECUSAL - Absent a reasonable basis for disqualification, I am required to hear the cases assigned to me. Defendant Byrd's motions, ECF No. 224 in Case No. 4:23cv215, ECF No. 96 in Case No.: 4:23cv216, and ECF No. 138 in Case No.: 4:23cv218, are DENIED. Signed by CHIEF JUDGE MARK E WALKER on 2/27/2024. (baf) (Entered: 02/27/2024) |
| 02/27/2024 | 235 | ORDER FOR EXPEDITED RESPONSES. Accordingly, given the short time frame for this Court to sort out the parties' positions and rule on the pending motions, Plaintiffs shall file an expedited response to Defendant Byrd's motion in limine on or before 11:59 p.m. (ET) on Friday, **3/1/2024**. Likewise, Defendants shall file their expedited responses to Plaintiffs' motions in limine on or before 11:59 p.m. (ET) on Friday, **3/1/2024**. Signed by CHIEF JUDGE MARK E WALKER on 2/27/2024. (rcb) (Entered: 02/27/2024) |
| 02/28/2024 | 236 | SCHEDULING ORDER - The parties shall file written opening statements on or before Wednesday, **3/27/2024**, by 5:00 p.m. (ET). Trial will begin on Monday, **4/1/2024** , at 8:00 a.m. (ET) in Tallahassee, Florida. This Court will hear testimony from 8:00 a.m. until 8:00 p.m., Monday through Friday, until the trial is finished. Plaintiffs must identify their first five witnesses to defense counsel by 5:00 pm. (ET) on Friday, March 29, 2024. Assuming all testimony concludes on or before Friday, April 12, 2024, Plaintiffs shall file their written closing arguments on or before Monday, **4/22/2024**, by 11:59 p.m. (ET). Defendants, in turn, shall file their written closing arguments on or before 11:59 p.m. (ET) on Monday, **4/29/2024**. Finally, Plaintiffs shall file written rebuttal closing arguments on or before Friday, **5/3/2024**, by 11:59 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 2/28/2024. (baf) (Entered: 02/28/2024) |

| 02/29/2024 | [237](#) | MOTION SECRETARY'S UNOPPOSED MOTION TO ADJUST THE TRIAL SCHEDULE by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/29/2024) |
|---|---|---|
| 02/29/2024 | [238](#) | ORDER GRANTING UNOPPOSED MOTION TO ADJUST TRIAL SCHEDULE - This Court has considered, without hearing, Defendant Byrd's unopposed motion to adjust the trial schedule. ECF No. [237](#) in Case No.: 4:23cv215. The motion is GRANTED. The trial set to begin on April 1, 2024, will run from 8:00 a.m. (ET) until 7:00 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 2/29/2024. (baf) (Entered: 02/29/2024) |
| 02/29/2024 | [239](#) | RESPONSE re [230](#) MOTION for Joinder *in Hispanic Federation Plaintiffs' Motion to Limit Evidence Related to Immigration Histories and Benefits*, [231](#) MOTION in Limine *Regarding Evidence of State Interests for the Challenged Provisions of SB 7050*, [232](#) MOTION in Limine *to Exclude the Testimony of Dr. Robert Stein and Dr. John Alford* filed by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 02/29/2024) |
| 02/29/2024 | [240](#) | MOTION in Limine *Regarding Defendants' Witnesses William Gladson, Katherine Fernandez-Rundle, and Amira Fox* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, A DOE, B DOE, EQUAL GROUND EDUCATION FUND, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, VERONICA HERRERA-LUCHA, HISPANIC FEDERATION, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC, NORKA MARTINEZ, PODER LATINX, HUMBERTO ORJUELA PRIETO, HAROLD F. PRYOR, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # [1](#) Exhibit 1- Secretary of State's Responses to LWVFL Interrogatories, # [2](#) Exhibit 2- Attorney General's Responses to LWVFL Interrogatories, # [3](#) Exhibit 3- Excerpts from the Deposition of Andrew Darlington) (ORTEGA, MICHAEL) (Entered: 02/29/2024) |
| 03/01/2024 | [241](#) | ORDER FOR EXPEDITED RESPONSE - Pending before this Court is Plaintiff's motion in limine, ECF No. [240](#) . Defendants shall file an expedited response to this motion on or before Monday, **3/4/2024**, by 5:00 p.m. (ET). Signed by CHIEF JUDGE MARK E WALKER on 3/1/2024. (baf) (Entered: 03/01/2024) |
| 03/01/2024 | [242](#) | ORDER DENYING PLAINTIFFS' MOTIONS IN LIMINE - This Court has considered, without hearing, Plaintiffs' motions in limine, ECF Nos. [231](#) and [232](#) , Plaintiffs' joinder to a motion in limine filed in Case No.: 4:23cv218-MW/MAF, ECF No. [230](#) , and Defendant Byrd's combined response in opposition, ECF No. [239](#) . The motions, ECF Nos. [230](#) , [231](#) , and [232](#) , are DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/1/2024. (baf) (Entered: 03/01/2024) |
| 03/01/2024 | [243](#) | RESPONSE in Opposition re [229](#) MOTION in Limine *as to Dr. Lichtman's Expert Testimony Plaintiffs' Response in Opposition to the Secretary's Motion in Limine as to Dr. Lichtman's Expert Testimony* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # [1](#) Exhibit 1) (WERMUTH, FREDERICK) (Entered: 03/01/2024) |
| 03/01/2024 | [244](#) | JOINT PRETRIAL STIPULATION by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, |

| | | HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5) (WERMUTH, FREDERICK) Modified title on 3/4/2024 (baf). (Entered: 03/01/2024) |
|---|---|---|
| 03/04/2024 | [245] | ORDER DENYING DEFENDANT BYRD'S MOTION IN LIMINE. This Court has considered Defendant Byrd's motion in limine to prevent Dr. Lichtman from opining on the state of mind, or providing a conclusion on the intent, of any legislator, any governmental entity, or the Governor in passing, approving, or amended SB 7050, ECF No. [229], and Plaintiffs' response in opposition, ECF No. [243]. Defendant Byrd's motion, ECF No. [229], is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/4/2024. (kjw) (Entered: 03/04/2024) |
| 03/04/2024 | [246] | THE SECRETARY'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE CONCERNING STATE ATTORNEYS. (Attachments: # [1] Exhibit) (PRATT, JOSHUA) Modified to edit title on 3/4/2024 (rcb). (Entered: 03/04/2024) |
| 03/04/2024 | | Set Deadline- Status Report due by **4/3/2024**. (rcb) (Entered: 03/04/2024) |
| 03/04/2024 | [247] | ORDER DENYING [240] PLAINTIFFS' MOTION IN LIMINE. Accordingly, Plaintiffs' motion, ECF No. [240], is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/4/2024. (rcb) (Entered: 03/04/2024) |
| 03/04/2024 | [248] | NOTICE *of Filing Exhibits to the Declaration of Frederick S. Wermuth in Support of Plaintiffs' Motion to Compel* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC. (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5, # [6] Exhibit 6, # [7] Exhibit 7, # [8] Exhibit 8, # [9] Exhibit 9, # [10] Exhibit 10, # [11] Exhibit 11, # [12] Exhibit 12) (WERMUTH, FREDERICK) (Entered: 03/04/2024) |
| 03/04/2024 | [249] | MOTION to Compel *NAACP Plaintiffs' Motion to Compel* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # [1] Declaration of Frederick Wermuth) (WERMUTH, FREDERICK) (Entered: 03/04/2024) |
| 03/05/2024 | [250] | ORDER FOR EXPEDITED RESPONSE - Pending before this Court is the NAACP Plaintiffs' motion to compel, ECF No. [249]. Defendant Byrd shall file an expedited response to the motion on or before Tuesday, **3/12/2024**, addressing all aspects of the motion. Signed by CHIEF JUDGE MARK E WALKER on 3/5/2024. (baf) (Entered: 03/05/2024) |
| 03/05/2024 | [251] | ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - Plaintiffs' motion for summary judgment, ECF No. [205], is GRANTED as to their Equal Protection claim in Count III, against Defendant Byrd. The balance of the motion, ECF No. [205], is DENIED as to the Equal Protection claim in Count III against Defendant Moody, as to the Section 1981 preemption claim against both Defendants Byrd and Moody, and as to the Section 208 preemption claim against all Defendants. Defendant Byrd's motion for summary judgment, ECF No. [201], is GRANTED as to the Section 1981 preemption claim but DENIED as to the Section 208 preemption claim. Signed by CHIEF JUDGE MARK E WALKER on 3/5/2024. (baf) (Entered: 03/05/2024) |

| | | |
|---|---|---|
| 03/08/2024 | 266 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Telephonic Pretrial Conference held on 3/8/2024. Parties discuss trial protocols, courtroom setup, witnesses/witness rooms, exhibits and objections. Counsel for supervisors of elections requests to observe hearing via phone. Plaintiffs request protocol for admitting/presenting confidential exhibits. Ruling by Court: Clerk to provide phone line for supervisors of election and public to observe hearing. Parties are permitted to have witnesses appear via Zoom (including supervisors of election), if necessary. Parties to file written open/closing arguments. Parties are to provide Clerk with a hard drive of all admitted exhibits and a separate hard drive for all exhibits admitted under seal by the end of the trial (Court Reporter Jan Davis (USDC-Wyoming)). (vkm) (Entered: 03/19/2024) |
| 03/12/2024 | 252 | NOTICE *OF FILING EXHIBITS TO THE DECLARATION OF JOHN CYCON IN SUPPORT OF THE SECRETARY'S RESPONSE TO NAACP PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS* by CORD BYRD (Attachments: # 1 Exhibit Ex. 1 - Email from Hispanic Federation, # 2 Exhibit Ex. 2 - Hispanic Federation and Poder LatinX Privilege Log, # 3 Exhibit Ex. 3 - Email from the Secretary to Plaintiffs, # 4 Exhibit Ex. 4 - The Secretary's Production Cover Letter, # 5 Exhibit Ex. 5 - Email from NAACP Plaintiffs) (CYCON, JOHN) (Entered: 03/12/2024) |
| 03/12/2024 | 253 | RESPONSE in Opposition re 249 MOTION to Compel *NAACP Plaintiffs' Motion to Compel* filed by CORD BYRD. (Attachments: # 1 Declaration of John Cycon) (CYCON, JOHN) (Entered: 03/12/2024) |
| 03/13/2024 | 254 | ORDER PERMITTING EXPEDITED REPLY - This Court has considered, without hearing, the Secretary's response to the NAACP Plaintiffs' motion to compel. ECF No. 253 . This Court is aware that the parties in this matter have regularly sought leave to reply. This Court is also aware, however, that this matter is set for trial on Monday, April 1, 2024. As a result, this Court seeks to rule on discovery motions on an expedited basis. The NAACP Plaintiffs may, if they wish, file an expedited reply on or before Friday, **3/15/2024**, at 11:59 pm. Signed by CHIEF JUDGE MARK E WALKER on 3/13/2024. (baf) (Entered: 03/13/2024) |
| 03/14/2024 | 255 | MOTION in Limine *Plaintiffs' Motion in Limine as to Certain Composite Exhibits* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/14/2024) |
| 03/15/2024 | 256 | ORDER FOR EXPEDITED RESPONSE - Pending before this Court is Plaintiffs' motion in limine as to certain composite exhibits. ECF No. 255 . Defendant Byrd shall file an expedited response to the motion on or before Tuesday, **3/19/2024**. Signed by CHIEF JUDGE MARK E WALKER on 3/15/2024. (baf) (Entered: 03/15/2024) |
| 03/15/2024 | 257 | Joint MOTION for Admission of Certain Trial Exhibits by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/15/2024) |
| 03/15/2024 | 258 | Joint MOTION for Limited Admission to Certain Trial Exhibits by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA |

| | | |
|---|---|---|
| | | SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/15/2024) |
| 03/15/2024 | 259 | RESPONSE in Opposition re 255 MOTION in Limine *Plaintiffs' Motion in Limine as to Certain Composite Exhibits* filed by CORD BYRD. (Attachments: # 1 Attachment 1, # 2 Attachment 2) (JAZIL, MOHAMMAD) (Entered: 03/15/2024) |
| 03/15/2024 | 260 | REPLY to Response to Motion re 249 MOTION to Compel *NAACP Plaintiffs' Motion to Compel* filed by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/15/2024) |
| 03/15/2024 | 261 | ORDER GRANTING JOINT MOTION FOR ADMISSION OF TRIAL EXHIBITS - This Court has considered the parties' joint motion to admit trial exhibits. ECF No. 257 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 3/15/2024. (baf) (Entered: 03/15/2024) |
| 03/15/2024 | 262 | DOCKET ANNOTATION BY COURT: The Clerk's Office received a copy of ECF 259 and 1 USB drive containing exhibits referenced in ECF 255 . Documents have been provided to chambers. (baf) (Entered: 03/15/2024) |
| 03/15/2024 | 263 | ORDER GRANTING JOINT MOTION FOR LIMITED ADMISSION OF TRIAL EXHIBITS - This Court has considered the parties' joint motion to admit trial exhibits for a limited purpose. ECF No. 258 . The motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 3/15/2024. (baf) (Entered: 03/15/2024) |
| 03/18/2024 | 264 | ORDER DENYING MOTION TO COMPEL - This Court has considered, without hearing, Plaintiffs' motion to compel, ECF No. 249 , Defendant Byrd's response in opposition, ECF No. 253 , and Plaintiffs' reply, ECF No. 260 . Plaintiffs' motion, ECF No. 249 , is DENIED. Plaintiffs' motion, ECF No. 249 , is DENIED as untimely. Signed by CHIEF JUDGE MARK E WALKER on 3/18/2024. (baf) (Entered: 03/18/2024) |
| 03/18/2024 | 265 | ORDER DENYING PLAINTIFFS' MOTION IN LIMINE - This Court has considered, without hearing, Plaintiffs' motion in limine, ECF No. 255 , and Defendant Byrd's response in opposition, ECF No. 259 . Plaintiffs' motion, ECF No. 255 , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 3/18/2024. (baf) (Entered: 03/18/2024) |
| 03/26/2024 | 267 | NOTICE RE: **4/1/2024 08:15 AM** BENCH TRIAL: **INTERESTED PARTIES MAY OBSERVE THIS HEARING BY CALLING THE NUMBER BELOW. THIS NUMBER IS PROVIDED TO LISTEN ONLY--THIS HEARING MUST NOT BE BROADCAST BY ANY MEANS.** **PLEASE MUTE YOUR LINE** Conference Call Information You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **8131706#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **0628#** You are now in the conference call. **Remember to mute your phone.** **Callers to this line will be able to listen ONLY, not address the Court.** |

| | | |
|---|---|---|
| | | /s/Victoria Milton McGee Courtroom Deputy Clerk (vkm) (Entered: 03/26/2024) |
| 03/27/2024 | 268 | TRIAL BRIEF - *The Secretary's Opening Brief* - by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 03/27/2024) |
| 03/27/2024 | 269 | TRIAL BRIEF *The League's Opening Brief* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 03/27/2024) |
| 03/27/2024 | 270 | TRIAL BRIEF *The Attorney General's Opening Statement* by ASHLEY MOODY. (MORSE, STEPHANIE) (Entered: 03/27/2024) |
| 03/27/2024 | 271 | TRIAL BRIEF *Hispanic Federation's Written Opening Statement* by VERONICA HERRERA-LUCHA. (CEPEDA DERIEUX, ADRIEL) (Entered: 03/27/2024) |
| 03/27/2024 | 272 | TRIAL BRIEF *NAACP Plaintiffs' Opening Statement* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Addendum A) (WERMUTH, FREDERICK) (Entered: 03/27/2024) |
| 03/28/2024 | 273 | NOTICE of Appearance by GARY VERGIL PERKO on behalf of CORD BYRD (PERKO, GARY) (Entered: 03/28/2024) |
| 03/31/2024 | 274 | MOTION NAACP Plaintiffs' Motion to Admit Certain Exhibits into Evidence by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 03/31/2024) |
| 04/01/2024 | 275 | AMENDED ORDER GRANTING JOINT MOTION FOR LIMITED ADMISSION OF TRIAL EXHIBITS - This Court has considered the parties' joint motion to admit trial exhibits for a limited purpose. ECF No. 258 . The motion is GRANTED. NAACP Exhibit Nos. 266-383, 385-401, 406-425, and 427-646 are ADMITTED for the limited purpose of showing that the fine letters were prepared or prepared and sent to third-party voter registration organizations, but not for the truth of the matters asserted within the exhibits. Signed by CHIEF JUDGE MARK E WALKER on 4/1/2024. (baf) (Entered: 04/01/2024) |
| 04/01/2024 | 276 | ORDER FOR SPECIAL SET HEARING - Consistent with this Court's ruling, as announced on the record on April 1, 2024, this Court directs the parties to appear for a special set hearing on **4/6/2024 - 4/7/2024**, to resolve objections to any and all exhibits not yet admitted based on the objections listed on the parties exhibit lists. The hearing shall run from 8:00 a.m. (ET) to 7:00 p.m. (ET) on Saturday and Sunday. Signed by CHIEF JUDGE MARK E WALKER on 4/1/2024. (baf) (Entered: 04/01/2024) |
| 04/01/2024 | 277 | NOTICE OF HEARING: Hearing re: Bench Trial Exhibits set for **4/6/2024 08:00 AM - 07:00 PM** and **4/7/2024 08:00 AM - 07:00 PM** before CHIEF JUDGE MARK E WALKER. Joseph Woodrow Hatchett United States Courthouse and Federal Building, **Courtroom 5 West,** 111 North Adams St., Tallahassee, Florida 32301.<br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as, a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Victoria |

| | | |
|---|---|---|
| | | Milton McGee at 850-521-3701 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.<br><br>s/ Victoria Milton McGee<br>Courtroom Deputy Clerk (vkm) (Entered: 04/01/2024) |
| 04/01/2024 | 278 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 1 held on 4/1/2024. Ruling by Court: Defendants' Response to 274 Motion due by **midnight on 4/2/2024.**, Exhibit hearing set for 4/6/24 & 4/7/24 from 8:00 a.m. to 7:00 p.m. Parties to secure court reporter, split the cost between them and provide the name of reporter to the Court by **5:00 p.m. on 4/1/2024**. NAACP Plaintiffs to file Reply by **9:00 a.m. on 4/2/2024** (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 04/01/2024) |
| 04/02/2024 | 279 | TRIAL BRIEF *NAACP Plaintiffs' Supplemental Argument in Support of Their Motion to Admit Plaintiffs' Exhibit 97* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 04/02/2024) |
| 04/02/2024 | 280 | RESPONSE to Motion re 274 MOTION NAACP Plaintiffs' Motion to Admit Certain Exhibits into Evidence filed by CORD BYRD. (Attachments: # 1 Ex. A - Joint Stipulation to Narrow Issues for Resolution, Black Voters Matter Capacity Building Inst., Inc. v. Byrd (Fla. 2d Cir)) (JAZIL, MOHAMMAD) (Entered: 04/02/2024) |
| 04/02/2024 | 281 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 2 held on 4/2/2024 (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 04/02/2024) |
| 04/03/2024 | 282 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER:Bench Trial Day 3 held on 4/3/2024. Ruling by Court: Parties to confer and advise Court tomorrow morning re: objections to exhibits. Defendants to disclose 4/8/24 witness schedule to Plaintiffs on 4/5/24 (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 04/03/2024) |
| 04/03/2024 | | Set/Reset Deadlines: Status Report due by **5/3/2024**. (baf) (Entered: 04/12/2024) |
| 04/04/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **7/3/2024**. USCA #23-12308 is still pending. (baf) (Entered: 04/04/2024) |
| 04/04/2024 | 283 | TRIAL BRIEF *NAACP Plaintiffs' Supplement to Opening Statement* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 04/04/2024) |
| 04/04/2024 | 284 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 4 held on 4/4/2024. Ruling by Court: NAACP Plaintiffs to file supplement to closing argument in 4:23cv215 by **5:00 p.m. on 4/5/2024**. Defendant Byrd may file a response, if necessary by **5:00 p.m. on 4/12/2024** (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 04/04/2024) |
| 04/05/2024 | 285 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 5 held on 4/5/2024 (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) |

| 04/08/2024 | [286](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 1 held on 4/1/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797.<br><br>*Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.*<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| --- | --- | --- |
| 04/08/2024 | [287](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 2 Megan A. Hague, Telephone number 850-443-9797.<br><br>*Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.*<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | [288](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 3 held on 4/3/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797.<br><br>*Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.*<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | [289](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 4 held on 4/4/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797.<br><br>*Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.*<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | [290](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 5 held on 4/5/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797.<br><br>*Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.*<br><br>Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |

| 04/08/2024 | 291 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 6 held on 4/8/2024. Trial reconvenes at 9:00 AM on 4/9/2024 (Court Reporter Megan Hague (USDC-Tallahassee)). (vkm) (Entered: 04/08/2024) |
|---|---|---|
| 04/08/2024 | 292 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 6 held on 4/8/2023, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797. <br><br> *Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.* <br><br> Redaction Request due **4/15/2024**. Release of Transcript Restriction set for **7/15/2024**. (mah) (Entered: 04/08/2024) |
| 04/08/2024 | 293 | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ADMIT CERTAIN EXHIBITS INTO EVIDENCE - For the reasons previously stated on the record, Plaintiffs' motion, ECF No. 274 , is GRANTED in part and DENIED in part. Signed by CHIEF JUDGE MARK E WALKER on 4/8/2024. (baf) (Entered: 04/09/2024) |
| 04/09/2024 | 295 | Minute Entry for proceedings held before CHIEF JUDGE MARK E WALKER: Bench Trial Day 7 completed on 4/9/2024. Ruling by Court: Telephonic hearing re: deposition designations set for 4/15/24 at 1:00 pm; Parties to file notice by **4/12/2024**, if hearing is unnecessary. Plaintiffs' amended complaint due by **5/23/2024** (Court Reporter Megan Hague (USDC-Tallahassee)). (Attachments: # 1 Exhibit List (vkm)***VOLUMINOUS EXHIBITS NOT POSTED TO DOCKET, PER CHIEF JUDGE WALKER***(2 FLASH DRIVES) (Entered: 04/12/2024) |
| 04/10/2024 | 294 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Proceedings - Day 7 held on 4/9/2024, before Judge Mark E. Walker. Court Reporter/Transcriber Megan A. Hague, Telephone number 850-443-9797. <br><br> *Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.* <br><br> Redaction Request due **4/17/2024**. Release of Transcript Restriction set for **7/16/2024**. (mah) (Entered: 04/10/2024) |
| 04/12/2024 | 296 | NOTICE OF TELEPHONIC HEARING: Telephonic Hearing re: Deposition Designations set for **4/15/2024 01:00 PM** before CHIEF JUDGE MARK E WALKER. <br><br> ALL PARTIES are directed to call the AT&T Conference Line (see below) <br><br> Conference Call Information <br><br> You may dial into the conference call up to five minutes before start time. Call in number: **888-684-8852** When prompted for an access code, enter: **3853136#** If you are asked to join as the host, just ignore and wait until you are asked for a security code. When asked for a security code, enter: **4565#** Say your name, when prompted. You are now in the conference call. Remember to mute your phone when you are not speaking. **The Court asks that counsel NOT use cell phones or speaker phones** during the call as the quality of the audio connection is compromised by these devices. <br><br> s/ Victoria Milton McGee <br> Courtroom Deputy Clerk (vkm) (Entered: 04/12/2024) |

| | | |
|---|---|---|
| 04/12/2024 | 297 | NOTICE by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, VERONICA HERRERA-LUCHA, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC. (FERGUSON, ROBERT) (Entered: 04/12/2024) |
| 04/12/2024 | 298 | MOTION for Extension of Time to File *Unopposed Motion of NAACP Plaintiffs to Extend Deadline to File Amended Complaint and to Set Response Deadline* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 04/12/2024) |
| 04/15/2024 | 299 | ORDER GRANTING NAACP PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE AMENDED COMPLAINT AND SET RESPONSE DEADLINES - This Court has considered, without hearing, the NAACP Plaintiffs' unopposed motion to extend their deadline to file an amended complaint and to set response deadlines. ECF No. 298 . The motion is GRANTED. The NAACP Plaintiffs shall file their amended complaint on or before Monday, **4/22/2024**. All Defendants except for the Supervisors of Election shall file their answers to the amended complaint on or before Monday, **4/29/2024**. The Defendant Supervisors of Election shall file their answers, if any, on or before Monday, **4/29/2024**. Signed by CHIEF JUDGE MARK E WALKER on 4/15/2024. (baf) (Entered: 04/15/2024) |
| 04/15/2024 | 300 | NOTICE OF CANCELLED HEARING: Telephonic Hearing re: Deposition Designations set for 4/15/2024 01:00 PM before CHIEF JUDGE MARK E WALKER is CANCELLED. (vkm) (Entered: 04/15/2024) |
| 04/22/2024 | 301 | TRIAL BRIEF *The League Plaintiffs' Closing Statement* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 04/22/2024) |
| 04/22/2024 | 302 | FOURTH AMENDED COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants All Defendants., filed by UNIDOSUS, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, SANTIAGO MAYER ARTASANCHEZ, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, ALIANZA CENTER, VOTERS OF TOMORROW ACTION, INC., FLORIDA ALLIANCE FOR RETIRED AMERICANS, DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS. (WERMUTH, FREDERICK) (Entered: 04/22/2024) |
| 04/22/2024 | 303 | TRIAL BRIEF *Hispanic Federation Plaintiff's Closing Statement* by VERONICA HERRERA-LUCHA. (KEENAN, MEGAN) (Entered: 04/22/2024) |
| 04/22/2024 | 304 | TRIAL BRIEF *NAACP Plaintiffs' Closing Argument* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # 1 Appendix A, # 2 Appendix B) (WERMUTH, FREDERICK) (Entered: 04/22/2024) |

| | | |
|---|---|---|
| 04/25/2024 | 305 | *Secretary of State's* ANSWER to 302 Amended Complaint, *Plaintiffs' Fourth Amended Complaint* by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 04/25/2024) |
| 04/26/2024 | 306 | MOTION to Withdraw as Attorney *for the Florida Secretary of State* by CORD BYRD. (PRATT, JOSHUA) (Entered: 04/26/2024) |
| 04/26/2024 | 307 | ORDER GRANTING MOTION TO WITHDRAW - This Court has considered, without hearing, Joshua E. Pratt's motion to withdraw as counsel for Defendant Florida Secretary of State Cord Byrd in the above-captioned consolidated cases. ECF No. 306 in No. 4:23cv215; ECF No. 137 in No. 4:23cv216; ECF No. 191 in No. 4:23cv218. The Florida Secretary of State continues to be represented by counsel, and his representation will continue uninterrupted. Mr. Pratt's motion is, therefore, GRANTED. The Clerk shall disconnect Mr. Pratt from CM/ECF in each of the three above-captioned cases. Signed by CHIEF JUDGE MARK E WALKER on 4/26/2024. (baf) Attorney JOSHUA E PRATT terminated in this case. (Entered: 04/26/2024) |
| 04/26/2024 | 308 | ATTORNEY GENERAL ASHLEY MOODY'S ANSWER TO PLAINTIFFS 302 FOURTH AMENDED COMPLAINT by ASHLEY MOODY. (SJOSTROM, NOAH) Modified title on 4/29/2024 (baf). (Entered: 04/26/2024) |
| 04/29/2024 | 309 | SIXTY-SEVEN SUPERVISORS OF ELECTIONS' ANSWER TO PLAINTIFFS' 302 FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF by JANET H ADKINS, MARK ANDERSEN, CHRIS ANDERSON, SHIRLEY ANDERSON, MELISSA ARNOLD, MARY JANE ARRINGTON, MAUREEN BAIRD, KIM BARTON, MICHAEL BENNETT, MELISSA BLAZIER, TIM BOBANIC, TOMI STINSON BROWN, STARLET CANNON, CHRIS H CHAMBLESS, SHARON CHASON, GRANT CONYERS, BRIAN E CORLEY, BILL COWLES, VICKY DAVIS, TOMMY DOYLE, HEATH DRIGGERS, CAROL A DUNAWAY, MARK S. EARLEY, JENNIFER J EDWARDS, LORI EDWARDS, ALETRIS FARNAM, JOYCE GRIFFIN, JOHN HANLON, TRAVIS HART, ALAN HAYS, KAREN HEALY, MIKE HOGAN, JERRY HOLLAND, BRENDA HOOTS, LAURA HUTTO, TAMMY JONES, WILLIAM KEEN, JENNIFER MUSGROVE KINSEY, SHIRLEY G KNIGHT, CRAIG LATIMER, KAITI LENHART, LISA LEWIS, WENDY SARTORY LINK, PAUL A LUX, JULIE MARCUS, THERISA MEADOWS, RYAN MESSER, MICHELLE MILLIGAN, CHRISTOPHER MILTON, JOSEPH MORGAN, MARK F NEGLEY, VICKY OAKES, DEBORAH K OSBORNE, CHARLES OVERTURF, HEATHER RILEY, CAROL F RUDD, CONNIE SANCHEZ, JOE SCOTT, AMANDA SEYFANG, DIANE SMITH, DANA SOUTHERLAND, DAVID H STAFFORD, LESLIE ROSSWAY SWAN, SHERRY TAYLOR, RON TURNER, LEAH VALENTI, TAPPIE A VILLANE, GERTRUDE WALKER, CHRISTINA WHITE, WESLEY WILCOX, H. RUSSELL WILLLIAMS. (MARI, FRANK) Modified title on 4/29/2024 (baf). (Entered: 04/29/2024) |
| 04/29/2024 | 310 | Exhibit List *NAACP's Amended Trial Exhibit List* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC... (WERMUTH, FREDERICK) (Entered: 04/29/2024) |
| 04/29/2024 | 311 | TRIAL BRIEF - *The Secretary's Written Closing* - by CORD BYRD. (JAZIL, MOHAMMAD) (Entered: 04/29/2024) |
| 04/29/2024 | 312 | TRIAL BRIEF *Closing Argument* by ASHLEY MOODY. (MORSE, STEPHANIE) (Entered: 04/29/2024) |

| 05/02/2024 | [313](#) | MOTION for Leave to File Excess Pages *Unopposed Motion of NAACP Plaintiffs for Leave to Exceed Word Limit* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (WERMUTH, FREDERICK) (Entered: 05/02/2024) |
|---|---|---|
| 05/02/2024 | [314](#) | MOTION for Leave to File Excess Pages by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (ORTEGA, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | [315](#) | MOTION for Leave to File Excess Pages by A DOE, VERONICA HERRERA-LUCHA, HISPANIC FEDERATION, NORKA MARTINEZ, PODER LATINX. (CEPEDA DERIEUX, ADRIEL) (Entered: 05/02/2024) |
| 05/02/2024 | [316](#) | ORDER GRANTING UNOPPOSED [313](#) , [314](#) & [315](#) MOTIONS TO EXTEND WORD LIMIT. Signed by CHIEF JUDGE MARK E WALKER on 5/2/2024. (vkm) (Entered: 05/02/2024) |
| 05/03/2024 | [317](#) | TRIAL BRIEF *The League Plaintiffs' Rebuttal* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (COPPER, ALEXANDRA) (Entered: 05/03/2024) |
| 05/03/2024 | [318](#) | TRIAL BRIEF *NAACP Plaintiffs' Closing Argument Rebuttal* by ALIANZA CENTER, ALIANZA FOR PROGRESS, SANTIAGO MAYER ARTASANCHEZ, DISABILITY RIGHTS FLORIDA, FLORIDA ALLIANCE FOR RETIRED AMERICANS, FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, HUMBERTO ORJUELA PRIETO, ESPERANZA SANCHEZ, UNIDOSUS, VOTERS OF TOMORROW ACTION, INC.. (Attachments: # [1](#) Appendix C) (WERMUTH, FREDERICK) (Entered: 05/03/2024) |
| 05/03/2024 | [319](#) | TRIAL BRIEF *Written Rebuttal Closing Argument* by VERONICA HERRERA-LUCHA. (CEPEDA DERIEUX, ADRIEL) (Entered: 05/03/2024) |
| 05/03/2024 | | Set/Reset [23](#) Deadlines: Status Report due by **6/2/2024**. (baf) (Entered: 05/14/2024) |
| 05/29/2024 | [320](#) | NOTICE of Appearance by JON A JOUBEN on behalf of SHIRLEY ANDERSON (JOUBEN, JON) (Entered: 05/29/2024) |
| 05/29/2024 | [321](#) | MOTION to Withdraw as Attorney by SHIRLEY ANDERSON. (JOUBEN, JON) (Entered: 05/29/2024) |
| 05/29/2024 | [322](#) | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, the motion to withdraw Kyle Benda as counsel for Defendant Shirley Anderson ("Defendant"). ECF No. [321](#) . Defendant continues to be represented by counsel, and representation will continue uninterrupted. This motion is, therefore, GRANTED. The Clerk shall disconnect Mr. Benda from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 5/29/2024. (baf) Attorney KYLE J BENDA terminated in this case. (Entered: 05/29/2024) |
| 06/28/2024 | [323](#) | MOTION FOR WITHDRAWAL OF COUNSEL *Molly E. Danahy* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (DANAHY, MOLLY) Modified title on 6/28/2024 (baf). (Entered: 06/28/2024) |
| 06/28/2024 | [324](#) | ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, two motions to withdraw Molly E. Danahy as counsel for |

| | | the League Plaintiffs' motion No. 323 in No. 4:23cv215; ECF No. 141 in No. 4:23cv216. Plaintiffs continue to be represented by counsel, and representation will continue uninterrupted. The motions are GRANTED. The Clerk shall disconnect Molly E. Danahy from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 6/28/2024. (baf) (Attorney MOLLY ELIZABETH DANAHY terminated in this case.) (Entered: 06/28/2024) |
|---|---|---|
| 07/08/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **10/1/2024**. USCA Appeal #23-12308 is still pending. (baf) (Entered: 07/08/2024) |
| 08/30/2024 | 325 | MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT by ASHLEY MOODY. (SJOSTROM, NOAH) Modified title on 8/30/2024 (baf). (Entered: 08/30/2024) |
| 08/30/2024 | 326 | ORDER GRANTING MOTION TO WITHDRAW - This Court has considered, without hearing, Noah Sjostrom's motion to withdraw as counsel for Defendant Ashley Moody in the above-captioned consolidated cases. ECF No. 325 in No. 4:23cv215; ECF No. 144 in No. 4:23cv216; ECF No. 213 in No. 4:23cv218. Ashley Moody continues to be represented by counsel, and his representation will continue uninterrupted. Mr. Sjostrom's motion is, therefore, GRANTED. The Clerk shall disconnect Mr. Sjostrom from CM/ECF in each of the three above-captioned cases. Signed by CHIEF JUDGE MARK E WALKER on 8/30/2024. (baf) Attorney NOAH T SJOSTROM terminated in this case. (Entered: 08/30/2024) |
| 09/05/2024 | 327 | MOTION to Withdraw as Attorney *Christopher Lapinig* by LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC, LEAGUE OF WOMEN VOTERS OF FLORIDA INC. (FERGUSON, ROBERT) (Entered: 09/05/2024) |
| 09/05/2024 | 328 | ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, two motions to withdraw Christopher Lapinig as counsel for the League Plaintiffs. ECF No. 327 in No. 4:23cv215; ECF No. 146 in No. 4:23cv216. Plaintiffs continue to be represented by counsel, and representation will continue uninterrupted. The motions are GRANTED. The Clerk shall disconnect Christopher Lapinig from CM/ECF on these matters. Signed by CHIEF JUDGE MARK E WALKER on 9/5/2024. (baf) Attorney CHRISTOPHER MYRON LAPINIG terminated in this case. (Entered: 09/05/2024) |
| 10/07/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **12/30/2024**. Appeal No. 23-12308 is still pending. (baf) (Entered: 10/07/2024) |
| 11/25/2024 | 329 | NOTICE of Appearance by TIFFINY DOUGLAS PINKSTAFF on behalf of JERRY HOLLAND (PINKSTAFF, TIFFINY) (Entered: 11/25/2024) |
| 11/25/2024 | 330 | MOTION to Withdraw as Attorney *Diana Johnson* by KIM BARTON. (JOHNSON, DIANA) (Entered: 11/25/2024) |
| 11/25/2024 | 331 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, Defendant Barton's motion to withdraw Diana M. Johnson as counsel for Defendant Barton. ECF No. 330 . The motion is GRANTED. The Clerk shall disconnect Ms. Johnson from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 11/25/2024. (baf) (Attorney DIANA MASTERS JOHNSON terminated in this case.) (Entered: 11/25/2024) |
| 12/31/2024 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **3/31/2025**. Appeal No. 23-12308 is still pending. (baf) (Entered: 12/31/2024) |
| 01/22/2025 | 332 | RENATA O'DONNELL'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR NAACP PLAINTIFFS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, |

| | | |
|---|---|---|
| | | ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 1/22/2025 (baf). (Entered: 01/22/2025) |
| 01/23/2025 | 333 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, NAACP Plaintiffs' unopposed motion to withdraw Renata O'Donnell as counsel for the NAACP Plaintiffs. ECF No. 332 . Plaintiffs continue to be represented by counsel and their representation will continue uninterrupted. The motion is GRANTED. The Clerk shall disconnect Ms. O'Donnell from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 1/23/2025. (baf) (Entered: 01/23/2025) |
| 01/24/2025 | 334 | ORDER of USCA as to 102 Notice of Appeal. The motion to withdraw as counsel filed by Renata O'Donnell for Plaintiffs-Appellees is GRANTED. USCA Appeal No. 23-12308. (baf) (Entered: 01/24/2025) |
| 02/12/2025 | 335 | MAKEBA RUTAHINDURWA'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR NAACP PLAINTIFFS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 2/12/2025 (baf). (Entered: 02/12/2025) |
| 02/12/2025 | 336 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, NAACP Plaintiffs' unopposed motion to withdraw Makeba Rutahindurwa as counsel for the NAACP Plaintiffs. ECF No. 335 . Plaintiffs continue to be represented by counsel and their representation will continue uninterrupted. The motion is GRANTED. The Clerk shall disconnect Ms. Rutahindurwa from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 2/12/2025. (baf) Attorney MAKEBA RUTAHINDURWA terminated in this case. (Entered: 02/12/2025) |
| 02/13/2025 | 337 | ORDER of USCA as to 102 Notice of Appeal. ORDER: The motion to withdraw as counsel filed by Makeba Rutahindurwa for Plaintiffs-Appellees is GRANTED. Appeal No. 23-12308. (baf) (Entered: 02/13/2025) |
| 03/26/2025 | | Case Stayed - pending review. (kjw) (Entered: 03/26/2025) |
| 03/31/2025 | | Set Deadlines re 102 Notice of Appeal. Clerk to check status of Appeal on **6/30/2025**. Appeal No. 23-12308 is still pending. (baf) (Entered: 03/31/2025) |
| 04/03/2025 | 338 | ORDER of USCA as to 102 Notice of Appeal. USCA Appeal No. 23-12308. ORDER: The motion to withdraw as counsel filed by Melinda Johnson for Plaintiffs-Appellees is GRANTED. (baf) (Entered: 04/03/2025) |
| 04/11/2025 | 339 | MELINDA JOHNSON'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR NAACP PLAINTIFFS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 4/11/2025 (baf). (Entered: 04/11/2025) |

| | | |
|---|---|---|
| 04/11/2025 | 340 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, NAACP Plaintiffs' unopposed motion to withdraw Melinda Johnson as counsel for the NAACP Plaintiffs. ECF No. 339 . Plaintiffs continue to be represented by counsel and their representation will continue uninterrupted. The motion is GRANTED. The Clerk shall disconnect Ms. Johnson from CM/ECF on this matter. Signed by CHIEF JUDGE MARK E WALKER on 4/11/2025. (baf) Attorney MELINDA K JOHNSON terminated in this case. (Entered: 04/11/2025) |
| 05/02/2025 | 341 | CONSENT MOTION TO WITHDRAW AS COUNSEL by CORD BYRD. (VAN DE BOGART, JOSEPH) Modified title on 5/2/2025 (baf). (Entered: 05/02/2025) |
| 05/02/2025 | 342 | ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL - This Court has considered, without hearing, two motions to withdraw Joseph Van de Bogart as counsel for Defendant Byrd. ECF No. 341 in No. 4:23cv215; ECF No. 148 in No. 4:23cv216. Defendant Byrd continues to be represented by counsel, and representation will continue uninterrupted. The motions are GRANTED. The Clerk shall disconnect Joseph Van de Bogart from CM/ECF on these matters. Signed by CHIEF JUDGE MARK E WALKER on 5/2/2025. (baf) Attorney JOSEPH SCOTT VAN DE BOGART terminated in this case. (Entered: 05/02/2025) |
| 06/11/2025 | 343 | CONSENT MOTION TO WITHDRAW AS COUNSEL by CRAIG LATIMER. (O'BRIEN, COLLEEN) Modified title on 6/11/2025 (baf). (Entered: 06/11/2025) |
| 06/11/2025 | 344 | ORDER GRANTING MOTION TO WITHDRAW - This Court has considered, without hearing, Colleen O'Brien's motion to withdraw as counsel for Defendant Craig Latimer in the above-captioned consolidated cases. ECF No. 343 . Ms. O'Brien's motion is, therefore, GRANTED. The Clerk shall disconnect Ms. O'Brien from CM/ECF in each of the three above-captioned cases. Signed by CHIEF JUDGE MARK E WALKER on 6/11/2025. (baf) (Ms. O'Brien disconnected from this case.) (Entered: 06/11/2025) |
| 07/03/2025 | | Set Deadlines re 102 Notice of Appeal : Clerk to check status of Appeal on **9/29/2025**. Appeal No. 23-12308 is still pending. (baf) (Entered: 07/03/2025) |
| 08/08/2025 | 345 | FINAL ORDER ON MERITS. This Court declares that § 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, is unconstitutional. The Clerk shall enter judgment in Case No.: 4:23cv215, stating: Plaintiffs' claims challenging the information retention ban, the mail-in ballot request restriction, and the ten-day deadline and associated fines provisions are DISMISSED for lack of standing. Defendant Byrd is entitled to summary judgment on Plaintiffs' § 1981 claim, which is DISMISSED with prejudice. This Court hereby DECLARES that the Citizenship Requirement described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, violates Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. This Court GRANTS Plaintiffs' request for a permanent injunction. Neither Defendant Byrd nor Defendant Uthmeier, nor their successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendants Byrd and Uthmeier shall enforce, nor permit enforcement of, the Citizenship Requirement provision described in section 97.0575(1)(f), Florida Statutes (2023), as amended by SB 7050, against Plaintiff Humberto Orjuela Prieto or his 3PVRO employer and UnidosUS. Defendants Byrd and Uthmeier, and their successors in office, as well as their deputies, officers, employees, agents, and any other person in active participation and concert with Defendants Byrd and Uthmeier shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order. This Order incorporates all prior rulings in these cases on motions to dismiss and motions for summary judgment. This Court retains jurisdiction in these cases for purposes of determining entitlement to and amount, if any, of attorneys' fees. The Clerk shall close the file. Signed by JUDGE MARK E WALKER on 8/8/2025. (kjw) (Entered: 08/08/2025) |

| | | |
|---|---|---|
| 08/08/2025 | 346 | CLERK'S JUDGMENT re 345 FINAL ORDER ON MERITS. (kjw) 90 Day Exhibit Return Deadline set for **11/6/2025**. (Entered: 08/08/2025) |
| 08/15/2025 | 347 | NOTICE OF APPEAL as to 346 CLERK'S JUDGMENT, 345 FINAL ORDER ON MERITS by CORD BYRD. ( Filing fee $605 Receipt Number AFLNDC-9587571.) (Attachments: # 1 Doc.345, Final Order on Merits, # 2 Doc.346, Judgment) (JAZIL, MOHAMMAD) Modified title on 8/15/2025 (baf). (Entered: 08/15/2025) |
| 08/15/2025 | 348 | Appeal Instructions re: 347 Notice of Appeal: The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh-circuit-transcript-information-form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **8/29/2025**. (baf) (Entered: 08/15/2025) |
| 08/15/2025 | 349 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 347 Notice of Appeal. (baf) (Entered: 08/15/2025) |
| 08/15/2025 | | Set Deadlines re 347 Notice of Appeal : Clerk to check status of Appeal on **11/13/2025**. Certificate of Readiness (FRAP 11) due by **8/29/2025**. (baf) (Entered: 08/15/2025) |
| 08/18/2025 | 353 | USCA CASE NUMBER AND PROCEDURAL LETTER for 347 NOTICE OF APPEAL as to 346 CLERK'S JUDGMENT, 345 FINAL ORDER ON MERITS. Appeal No. 25-12813-A. (baf) (Entered: 08/21/2025) |
| 08/21/2025 | 351 | UNOPPOSED MOTION OF FLORIDA NAACP PLAINTIFFS TO DEFER THE FILING AND RESOLUTION OF MOTION FOR DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND THE FILING OF BILL OF COSTS by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 8/21/2025 (baf). (Entered: 08/21/2025) |
| 08/21/2025 | 352 | ORDER DEFERRING DETERMINATION OF ENTITLEMENT TO, AND AMOUNT OF, FEES AND COSTS - The motion (ECF No. 351 ) is GRANTED. The deadline to move for fees stemming from this Courts August 8, 2025, final order on the merits is fourteen days after resolution of any appeal of the final order on the merits. Signed by JUDGE MARK E WALKER on 8/21/2025. (baf) (Entered: 08/21/2025) |
| 08/25/2025 | 354 | TRANSCRIPT REQUEST by CORD BYRD before Judge Mark Walker, (JAZIL, MOHAMMAD) (Entered: 08/25/2025) |
| 08/28/2025 | 355 | TRANSCRIPT REQUEST by ASHLEY MOODY (SCHENCK, ROBERT) (Entered: 08/28/2025) |
| 09/05/2025 | 356 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 347 Notice of Appeal,, Appeal No. 25-12813-A. The entire record on appeal is available electronically. (baf) (Entered: 09/05/2025) |
| 09/05/2025 | 357 | NAACP PLAINTIFFS' MOTION TO RECONSIDER by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA |

| | | ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 9/8/2025 (baf). (Entered: 09/05/2025) |
|---|---|---|
| 09/05/2025 | 358 | LWVFL PLAINTIFFS' MOTION TO RECONSIDER by LEAGUE OF WOMEN VOTERS OF FLORIDA INC, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC. (FERGUSON, ROBERT) Modified title on 9/8/2025 (baf). (Entered: 09/05/2025) |
| 09/08/2025 | 359 | ORDER SETTING BRIEFING SCHEDULE - Pending before this Court are Plaintiffs' motions for reconsideration, ECF Nos. 357 and 358 in Case No.: 4:23cv215, and ECF No. 153 in Case No.: 4:23cv216. Defendants' response to the motions is due on or before **9/19/2025**, and Plaintiffs' replies, if they choose to file, are due on or before **9/26/2025**. Signed by JUDGE MARK E WALKER on 9/8/2025. (baf) (Entered: 09/08/2025) |
| 09/11/2025 | 360 | USCA NOTICE as to 347 Notice of Appeal. FRAP 4 motion pending in district court as to Appellants Attorney General, State of Florida and Florida Secretary of State in 25-12813 DE #: 357 , 358 . All appeal deadlines are suspended pending the district courts entry of an order disposing of the motion. Upon entry of the district court's order, the time to take required action will begin to run anew without further notice. Appeal Number: 25-12813-AA; 24-11892-AA. (baf) (Entered: 09/12/2025) |
| 09/12/2025 | 361 | MANDATE of USCA as to 102 Notice of Appeal. The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. The parties' joint motion to dismiss this appeal as moot is GRANTED. This appeal is DISMISSED. Appeal Number: 23-12308-AA. (baf) (Entered: 09/12/2025) |
| 09/18/2025 | 362 | THE STATE'S RESPONSE IN OPPOSITION TO THE NAACP PLAINTIFFS' MOTION FOR RECONSIDERATION filed by ASHLEY MOODY, CORD BYRD. (JAZIL, MOHAMMAD) Modified title on 9/19/2025 (baf). (Entered: 09/18/2025) |
| 09/26/2025 | 363 | REPLY BRIEF IN SUPPORT OF 358 LWVFL PLAINTIFFS' MOTION TO RECONSIDER filed by LEAGUE OF WOMEN VOTERS OF FLORIDA INC, LEAGUE OF WOMEN VOTERS OF FLORIDA EDUCATION FUND INC. (FERGUSON, ROBERT) Modified title on 9/29/2025 (baf). (Entered: 09/26/2025) |
| 09/26/2025 | 364 | NAACP PLAINTIFFS' REPLY IN SUPPORT OF 357 MOTION FOR RECONSIDERATION filed by FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, SANTIAGO MAYER ARTASANCHEZ, ESPERANZA SANCHEZ, VOTERS OF TOMORROW ACTION, INC., DISABILITY RIGHTS FLORIDA, ALIANZA FOR PROGRESS, ALIANZA CENTER, UNIDOSUS, HUMBERTO ORJUELA PRIETO, FLORIDA ALLIANCE FOR RETIRED AMERICANS. (WERMUTH, FREDERICK) Modified title on 9/29/2025 (baf). (Entered: 09/26/2025) |
| 09/29/2025 | 365 | ORDER DENYING MOTIONS FOR RECONSIDERATION - The motions for reconsideration, ECF Nos. 357 and 358 in Case No.: 4:23cv215, and ECF No. 153 in Case No.: 4:23cv216, are DENIED. The Clerk shall close the file. Signed by JUDGE MARK E WALKER on 9/29/2025. (baf) (Entered: 09/29/2025) |
| 10/06/2025 | 366 | MOTION TO WITHDRAW AS COUNSEL by CORD BYRD. (BEATO, MICHAEL) Modified title on 10/7/2025 (baf). (Entered: 10/06/2025) |
| 10/07/2025 | 367 | ORDER GRANTING 366 MOTION TO WITHDRAW AS COUNSEL - The Clerk shall disconnect Mr. Beato from CM/ECF in this case. Signed by JUDGE MARK E WALKER on 10/7/2025. (baf) Attorney MICHAEL ROBERT BEATO terminated in this case. (Entered: 10/07/2025) |

**PACER Service Center**

| | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/06/2025 08:59:29 | | |
| **PACER Login:** | mohammadj | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:23-cv-00215-MW-MAF |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# Doc.1

**4:23-cv-215**

**Florida State Conference of Branches and Youth Units of the NAACP, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al.**

**(Main Case for Filing)**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH
UNITS OF THE NAACP; EQUAL
GROUND EDUCATION FUND;
VOTERS OF TOMORROW ACTION,
INC.; DISABILITY RIGHTS
FLORIDA; ALIANZA FOR
PROGRESS; ALIANZA CENTER;
UNIDOSUS; and FLORIDA
ALLIANCE FOR RETIRED
AMERICANS,

       *Plaintiffs*,

v.

CORD BYRD, in his official capacity
as Secretary of State of Florida;
ASHLEY MOODY, in her official
capacity as Florida Attorney General;
KIM BARTON, in her official capacity
as Supervisor of Elections for Alachua
County; CHRISTOPHER MILTON, in
his official capacity as Supervisor of
Elections for Baker County; MARK
ANDERSEN, in his official capacity as
Supervisor of Elections for Bay
County; AMANDA SEYFANG, in her
official capacity as Supervisor of
Elections for Bradford County; TIM
BOBANIC, in his official capacity as
Supervisor of Elections for Brevard
County; JOE SCOTT, in his official
capacity as Supervisor of Elections for

Case No. 4:23-cv-_____

Broward County; SHARON
CHASON, in her official capacity as
Supervisor of Elections for Calhoun
County; LEAH VALENTI, in her
official capacity as Supervisor of
Elections for Charlotte County;
MAUREEN "MO" BAIRD, in her
official capacity as Supervisor of
Elections for Citrus County; CHRIS H.
CHAMBLESS, in his official capacity
as Supervisor of Elections for Clay
County; JENNIFER J. EDWARDS, in
her official capacity as Supervisor of
Elections for Collier County; TOMI
STINSON BROWN, in her official
capacity as Supervisor of Elections for
Columbia County; MARK F.
NEGLEY, in his official capacity as
Supervisor of Elections for DeSoto
County; STARLET CANNON, in her
official capacity as Supervisor of
Elections for Dixie County; MIKE
HOGAN, in his official capacity as
Supervisor of Elections for Duval
County; DAVID H. STAFFORD, in
his official capacity as Supervisor of
Elections for Escambia County; KAITI
LENHART, in her official capacity as
Supervisor of Elections for Flagler
County; HEATHER RILEY, in her
official capacity as Supervisor of
Elections for Franklin County;
SHIRLEY G. KNIGHT, in her official
capacity as Supervisor of Elections for
Gadsden County; CONNIE
SANCHEZ, in her official capacity as
Supervisor of Elections for Gilchrist

- 2 -

County; ALETRIS FARNAM, in her
official capacity as Supervisor of
Elections for Glades County; JOHN
HANLON, in his official capacity as
Supervisor of Elections for Gulf
County; LAURA HUTTO, in her
official capacity as Supervisor of
Elections for Hamilton County;
DIANE SMITH, in her official
capacity as Supervisor of Elections for
Hardee County; BRENDA HOOTS, in
her official capacity as Supervisor of
Elections for Hendry County;
SHIRLEY ANDERSON, in her official
capacity as Supervisor of Elections for
Hernando County; KAREN HEALY,
in her official capacity as Supervisor of
Elections for Highlands County;
CRAIG LATIMER, in his official
capacity as Supervisor of Elections for
Hillsborough County; THERISA
MEADOWS, in her official capacity as
Supervisor of Elections for Holmes
County; LESLIE ROSSWAY SWAN,
in her official capacity as Supervisor of
Elections for Indian River County;
CAROL A. DUNAWAY, in her
official capacity as Supervisor of
Elections for Jackson County;
MICHELLE MILLIGAN, in her
official capacity as Supervisor of
Elections for Jefferson County;
TRAVIS HART, in his official
capacity as Supervisor of Elections for
Lafayette County; ALAN HAYS, in
his official capacity as Supervisor of
Elections for Lake County; TOMMY

- 3 -

DOYLE, in his official capacity as
Supervisor of Elections for Lee
County; MARK S. EARLEY, in his
official capacity as Supervisor of
Elections for Leon County; TAMMY
JONES, in her official capacity as
Supervisor of Elections for Levy
County; GRANT CONYERS, in his
official capacity as Supervisor of
Elections for Liberty County; HEATH
DRIGGERS, in his official capacity as
Supervisor of Elections for Madison
County; MICHAEL BENNETT, in his
official capacity as Supervisor of
Elections for Manatee County;
WESLEY WILCOX, in his official
capacity as Supervisor of Elections for
Marion County; VICKI DAVIS, in her
official capacity as Supervisor of
Elections for Martin County;
CHRISTINA WHITE, in her official
capacity as Supervisor of Elections for
Miami-Dade County; JOYCE
GRIFFIN, in her official capacity as
Supervisor of Elections for Monroe
County; JANET H. ADKINS, in her
official capacity as Supervisor of
Elections for Nassau County; PAUL A.
LUX, in his official capacity as
Supervisor of Elections for Okaloosa
County; MELISSA ARNOLD, in her
official capacity as Supervisor of
Elections for Okeechobee County;
BILL COWLES, in his official
capacity as Supervisor of Elections for
Orange County; MARY JANE
ARRINGTON, in her official capacity

App.000084

as Supervisor of Elections for Osceola
County; WENDY SARTORY LINK,
in her official capacity as Supervisor of
Elections for Palm Beach County;
BRIAN E. CORLEY, in his official
capacity as Supervisor of Elections for
Pasco County; JULIE MARCUS, in
her official capacity as Supervisor of
Elections for Pinellas County; LORI
EDWARDS, in her official capacity as
Supervisor of Elections for Polk
County; CHARLES OVERTURF, in
his official capacity as Supervisor of
Elections for Putnam County; TAPPIE
A. VILLANE, in her official capacity
as Supervisor of Elections for Santa
Rosa County; RON TURNER, in his
official capacity as Supervisor of
Elections for Sarasota County; CHRIS
ANDERSON, in his official capacity
as Supervisor of Elections for Seminole
County; VICKY OAKES, in her
official capacity as Supervisor of
Elections for St. Johns County;
GERTRUDE WALKER, in her official
capacity as Supervisor of Elections for
St. Lucie County; WILLIAM KEEN,
in his official capacity as Supervisor of
Elections for Sumter County;
JENNIFER MUSGROVE KINSEY, in
her official capacity as Supervisor of
Elections for Suwannee County;
DANA SOUTHERLAND, in her
official capacity as Supervisor of
Elections for Taylor County;
DEBORAH K. OSBORNE, in her
official capacity as Supervisor of

- 5 -

App.000085

Elections for Union County; LISA
LEWIS, in her official capacity as
Supervisor of Elections for Volusia
County; JOSEPH MORGAN, in his
official capacity as Supervisor of
Elections for Wakulla County; RYAN
MESSER, in his official capacity as
Supervisor of Elections for Walton
County; CAROL F. RUDD, in her
official capacity as Supervisor of
Elections for Washington County,

*Defendants*.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Florida State Conference of Branches and Youth Units of the

NAACP, Equal Ground Education Fund, Voters of Tomorrow Action, Inc.,

Disability Rights Florida, Alianza for Progress, Alianza Center, UnidosUS, and

Florida Alliance for Retired Americans file this Complaint for Declaratory and

Injunctive Relief against Defendants CORD BYRD, in his official capacity as

Florida Secretary of State, ASHLEY MOODY, in her official capacity as Florida

Attorney General, and Florida's 67 supervisors of elections, each in their official

capacities as supervisors for their respective counties. Plaintiffs allege as follows:

App.000086

## NATURE OF THE CASE

1.      Since 2018, third-party voter registration organizations ("3PVROs") have helped register roughly a quarter of a million voters in Florida.[1] These organizations are crucial to ensuring that every eligible voter in Florida has access to the electoral process. This case arises from Florida's efforts to disrupt and discourage these organizations from continuing their important work, and to disenfranchise the voters they assist.

2.      On May 24, 2023, Florida enacted Senate Bill 7050 ("SB 7050"), an omnibus election bill that imposes harsh new restrictions and penalties on 3PVROs engaging in voter registration and voter engagement activities and makes it harder for eligible Floridians—and in particular voters of color and voters with disabilities—to participate in the State's elections.

3.      SB 7050 largely targets 3PVROs in an attempt to chill their voter registration activities by imposing new and significant fines for late-returned voter registration applications, prohibiting noncitizen volunteers and those with certain felony histories from handling voter registration applications, and criminalizing routine voter information retention. In so doing, the bill threatens to severely

---

[1] Fla. Dep't of State, Division of Elections, *Voter Registration – Method and Location*, https://dos.myflorida.com/elections/data-statistics/voter-registration-statistics/voter-registration-reports/voter-registration-method-and-location/ (last visited April 26, 2023).

App.000087

curtail—and in some cases shut down altogether—these organizations' ability to engage in core protected speech through voter registration activities.

4.      There is no question which Floridians will be most affected by these efforts. 3PVROs serve communities that have been historically excluded from the franchise—in particular Black and Latinx populations. Indeed, people of color are five times more likely than white Floridians to register with the assistance of a 3PVRO. As Senator Thompson emphatically expressed on the Senate floor, "what the bill really is about" is voter suppression, aimed at ensuring that "only certain people vote[]."

5.      The burdens imposed on Floridians from marginalized communities are not limited to the bill's 3PVRO restrictions. SB 7050 also harms voters with disabilities and non-English or limited-English speakers by cutting off their ability to seek assistance from individuals and organizations beyond their immediate families when requesting mail ballots.

6.       Plaintiffs are 3PVROs and other organizations whose missions include expanding access to the franchise to Black, brown, young, and disabled voters. SB 7050 imposes significant burdens on Plaintiffs' First Amendment rights and the voting rights of the marginalized populations they serve. SB 7050 serves no legitimate—let alone compelling—state interest that would justify these limitations on Plaintiffs' fundamental freedom to engage voters in the political process.

- 8 -

7.     This Court should declare the challenged provisions of SB 7050 unlawful and enjoin the Secretary of State, the Attorney General, and the Supervisors from enforcing them in future elections.

## JURISDICTION AND VENUE

8.     Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

9.     Plaintiffs also bring a claim under the Voting Rights Act, 52 U.S.C. § 10508.

10.     This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and the laws of the United States.

11.     This Court has personal jurisdiction over Defendants, who are sued in their official capacities.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants are residents of Florida and numerous Defendants reside in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to Plaintiffs' claims occurred and will occur in this judicial district.

App.000089

13.    This Court has the authority to provide declaratory and injunctive relief under Federal Rules of Civil Procedure 57 and 65, as well as 28 U.S.C. §§ 2201 and 2202.

## PARTIES

14.    Plaintiff Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP") is a nonprofit, nonpartisan civil rights organization in Florida. Founded in 1909, Florida NAACP is the oldest civil rights organization in Florida and serves as the umbrella organization for local branch units throughout the State. Florida NAACP is headquartered in Fort Lauderdale, Florida, and its 12,000 members are predominantly Black and other minority individuals who reside in all 67 of Florida's counties. Its mission is to ensure the political, social, educational, and economic equality of all persons and to eliminate race-based discrimination.

15.    Florida NAACP is a registered 3PVRO. For decades, it has engaged in statewide voter registration, public education, and advocacy to encourage civic and electoral participation among its members and other voters. For example, Florida NAACP holds registration events in coordination with local partners such as the Divine-Nine Pan-Hellenic Council, the Links, Masonic Lodges, and others. Florida NAACP also works with churches and other faith-based organizations to register voters within the communities it serves. When Florida NAACP and its members and

- 10 -

volunteers register voters, they communicate a pro-voting message about the importance of political participation.

16.    Florida NAACP engages in other voting related advocacy as well, such as facilitating trainings to help its members understand election related bills, amendments, and other issues affecting the voting process. Florida NAACP also holds get-out-the vote ("GOTV") events, such as "souls to the polls," where Florida NAACP offers transportation from local churches to polling places. Outside of the electoral sphere, Florida NAACP also engages in advocacy work involving health care, criminal justice, the school-to-prison pipeline, education, environmental justice, climate change, and the economy.

17.    SB 7050's new and increased fines and criminal penalties threaten substantial economic harm to Florida NAACP—both from the penalties themselves and from the increased resources it will need to devote to avoiding those penalties— and will affect the magnitude and impact of Florida NAACP's voter registration efforts.

18.    Additionally, SB 7050's new restrictions on the criminal history and citizenship status of 3PVRO volunteers will force Florida NAACP to expend its limited resources verifying and investigating volunteers' backgrounds and will decrease the number of volunteers available to the organization, limiting its impact.

- 11 -

Every bit of money, time, and effort spent in one aspect of its mission necessarily detracts from the amount of resources that Florida NAACP can direct to others.

19.    And by prohibiting Florida NAACP from retaining any information from voters whom they register to vote, SB 7050 limits Florida NAACP's ability to associate with these voters through further conversations aimed at encouraging the voters it registers to participate in the political process.

20.    In addition to the direct harms to Florida NAACP as an organization, SB 7050 threatens to deny its members the opportunity to vote.

21.    SB 7050's chilling effect on 3PVROs will result in fewer avenues and resources for Florida NAACP members to register to vote.

22.    Additionally, under SB 7050, registered members may no longer rely on Florida NAACP, other community organizations, friends, caretakers, or non-immediate family members to help them apply for vote-by-mail ballots.

23.    Plaintiff Equal Ground Education Fund ("Equal Ground") is a community-centered 501(c)(3) organization with a mission to register, educate, and increase political engagement among Black voters in Florida. Founded in 2019, Equal Ground focuses on ensuring access to democracy in underserved communities. Equal Ground's principal office is in Orlando, Florida, and the organization engages voters throughout the State.

- 12 -

24.     Equal Ground is a registered 3PVRO. To achieve its mission, Equal Ground conducts extensive voter registration, voter education, and voter engagement work directly through its staff and in coordination with hundreds of faith-based partner groups throughout the State. Through these activities, Equal Ground communicates a pro-voting message to communities who have historically lacked access to the political process.

25.     As a result of the increased risk of exorbitant fines imposed by SB 7050, Equal Ground expects to stop conducting third-party voter registration during the upcoming election cycle. To the extent Equal Ground is able to continue voter registration activities, SB 7050's new restrictions on the criminal history and citizenship status of 3PVRO volunteers will force Equal Ground to expend its limited resources verifying and investigating volunteers' backgrounds and will decrease the number of volunteers available to the organization, limiting its impact. SB 7050 also prohibits Equal Ground from retaining any voter information in its capacity as a 3PVRO, eliminating Equal Ground's ability to associate and engage with these voters through GOTV efforts.

26.     Plaintiff Voters of Tomorrow Action, Inc. ("VOT") is a national, youth-led organization that focuses on building youth political power through advocacy, organizing on high school and college campuses, online organizing, and maintaining a nationwide network of young organizers and activists. A crucial part of its mission

is educating, engaging, and representing young voters to make sure that they are taking an active part in democracy. VOT has a state board in Florida, which consists of members who are currently attending college in Florida and who benefit from, share in, and help guide the organization's priorities and activities. VOT also has high school members who conduct voter registration and voter advocacy within their respective schools and communities.

27.    VOT's members work with 3PVROs in Florida to encourage young voters to register through voter registration drives, rallies, voter education campaigns, and other activities. Moreover, VOT's GOTV activities include texting and calling young voters and providing free buses and rideshares to the polls. VOT also organizes protests and lobbies against contraception bans, book bans, and other issues that are important to members and constituent supporters.

28.    Prior to SB 7050's enactment, VOT intended to register as a 3PVRO in Florida ahead of the 2024 general election. SB 7050's new and increased fines and criminal penalties for violating SB 7050's 3PVRO regulations, however, have forced VOT to reassess its ability to do so. Some of VOT's members are noncitizens who would be barred from handling voter registration forms under SB 7050's citizenship requirement. VOT also relies upon a network of volunteers to assist with its organizing and engagement efforts, but volunteers are likely to reconsider their involvement with VOT if they are subject to increased scrutiny about their

- 14 -

citizenship status and criminal history, or subject to criminal penalties if they retain voter information. This will reduce the scale and impact of VOT's GOTV efforts and will unduly burden VOT's speech and associational rights.

29.    Plaintiff Disability Rights Florida, Inc. ("DRF") is an independent nonprofit corporation organized under the laws of the State of Florida, with a primary office in Tallahassee, Florida. DRF is a Protection and Advocacy system ("P&A"), as that term is defined under the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041 et seq., the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq., and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794 et seq. In this capacity, DRF is authorized to pursue legal, administrative, and other appropriate remedies to ensure the protection of and advocacy for the rights of individuals with disabilities. 42 U.S.C. § 15043(a)(2)(A)(i).

30.    DRF's mission is to ensure the safety, wellbeing, and success of people with disabilities. A significant part of DRF's work is to ensure that people with disabilities have equal access to the political process and to bring to light, and address through reform, the barriers imposed against voters with disabilities, including inaccessible polling sites and ballots, limited assistance with voting, and limited or non-existent supervised facility voting options for people with disabilities

- 15 -

residing in residential facilities. DRF engages in legislative and public advocacy on these issues, and directly engages with and trains election officials and voters on expanding voting accessibility.

31.     DRF is a registered 3PVRO. But DRF may have to reduce or cancel altogether its voter registration work based on the threat of significant fines and penalties imposed by SB 7050. In addition, SB 7050's new restrictions on the criminal history and citizenship status of 3PVRO workers will limit DRF's capacity to have staff assist in registration efforts, limiting its impact. SB 7050's restrictions on 3PVROs thus directly harm DRF's organizational mission.

32.     DRF was also a member of a statewide accessible vote-by-mail task force devoted to proposing and evaluating recommendations to the State regarding its commitment, via settlement agreement, to provide accessible vote-by-mail in every county. SB 7050's restriction on who may assist voters in requesting vote-by-mail ballots runs counter to DRF's work on this taskforce and its overall mission. Before enactment of SB 7050, DRF actively engaged with its constituent voters to assist them in requesting and submitting vote-by-mail ballots. SB 7050 not only forecloses its ability to engage in this activity and thereby communicate its pro-voting message, it will also force DRF to divert its limited resources toward ensuring that its constituents are informed of and able to navigate the new restrictions on receiving assistance requesting vote-by-mail ballots.

- 16 -

33.     DRF retains voter information for people it helps register to vote for future GOTV efforts and voter advocacy. SB 7050's provision banning voter information retention limits DRF's ability to associate with these voters and communicate a pro-voting message about the importance of participating in the electoral process.

34.     Plaintiff Alianza for Progress is a nonpartisan political organization dedicated to uniting the Puerto Rican and Hispanic population in the State of Florida and developing leaders from within those communities that will support progressive policies. Alianza for Progress organizes within its communities through voter education, civic engagement, and issue advocacy. Alianza for Progress relies on its members' donations and grants, which are limited resources, to effectuate its mission. Alianza for Progress's members reside throughout Florida.

35.     Plaintiff Alianza Center is a community-centered 501(c)(3) organization with a mission to register, educate, and increase political engagement and leadership within the Puerto Rican and Hispanic communities in Florida. In support of its mission, Alianza Center engages in extensive voter registration, voter education, and voter engagement work.

36.     Alianza for Progress and Alianza Center (together, "Alianza Plaintiffs") are registered 3PVROs in Florida. In support of their mission, Alianza Plaintiffs organize and participate in voter registration drives, engage in community

App.000097

outreach to educate their constituents about the voting process and the importance of exercising the right to vote, and run digital organizing and communications campaigns directed at Florida's Puerto Rican and Latinx communities, who are at an increased risk of disenfranchisement because of language barriers, recent migration, economic disadvantage, and other structural barriers to effective political speech and association.

37.   SB 7050's new provisions restricting and penalizing 3PVROs directly harm Alianza Plaintiffs' organizational goals and missions. The threat of significant fines for late applications and noncitizen volunteers makes acting as a 3PVRO cost prohibitive, as hundreds of thousands of dollars in fines would effectively defund these organizations. To the extent Alianza Plaintiffs are able to continue voter registration activities, SB 7050's restrictions limiting who may manage and collect voter registration applications and requiring 3PVROs to affirm their volunteers' criminal history and citizenship status will force Alianza Plaintiffs to divert their limited resources away from voter education and outreach efforts toward more stringent means of verifying and investigating canvassers' backgrounds, limiting their impact.

38.   In addition, Alianza Plaintiffs will have to expend resources to find and train staff to replace their extremely robust and professional group of canvassers and volunteers who are no longer able to assist solely because of their citizenship status.

- 18 -

Many of Alianza Plaintiffs' canvassers and volunteers are legal resident noncitizens dedicated to advancing voting rights in Florida's Latinx communities. Without the help of these individuals, Alianza Plaintiffs would be unable to continue their operations at full capacity and their voter registration work would be severely diminished.

39.    Alianza Plaintiffs maintain contact information for people they help register to vote, not only to ensure that their members, canvassers, and volunteers are providing excellent and effective assistance, but also for future GOTV efforts and voter advocacy. SB 7050's provision banning voter information retention limits Alianza Plaintiffs' ability to associate with these voters and communicate a pro-voting message about the importance of participating in the electoral process.

40.    In addition to the direct harms to these organizations, Alianza Plaintiffs' members and canvassers are also harmed by SB 7050 because they include legal noncitizen residents who can no longer engage in voter registration efforts.

41.    Additionally, Alianza Plaintiffs' members and constituents may no longer rely on the support of these organizations, community members, and volunteers to assist them in applying for vote-by-mail ballots—help which is often critical due to language barriers and a lack of immediate family in the State.

42.    Plaintiff UnidosUS is a nonprofit, nonpartisan organization, and one of the largest Latino civil rights and advocacy organizations in the country. UnidosUS

- 19 -

has offices in Florida and 18 member-affiliate organizations based or working in the State. UnidosUS's mission is to champion and elevate the Latino community through economic, political, and social empowerment.

43.    UnidosUS is a registered 3PVRO in Florida that engages in extensive voter registration efforts, public education, and advocacy to encourage political participation among the communities it serves. UnidosUS conducts voter registration by community canvassing, placement of digital ads, mailers, and direct engagement with voters. And UnidosUS provides support and technical assistance to affiliated non-profit members it works with on voter registration. When UnidosUS and its canvassers and affiliate members register voters, they communicate a pro-voting message about the importance of participating in the electoral process. UnidosUS was responsible for approximately 370,013 voter registrations in Florida since 2008, including approximately 34,000 during the 2022 elections.

44.    SB 7050's new restrictions on the criminal history and citizenship status of 3PVRO canvassers will force UnidosUS to expend its limited resources verifying and investigating canvassers' backgrounds and will significantly decrease the number of skilled canvassers available to the organization, limiting its impact. At least 80% of UnidosUS's canvassers are legal noncitizen residents. UnidosUS would have to rebuild its entire voter registration program if it is unable to rely on these canvassers.

App.000100

45.     The new and increased fines and criminal penalties for violations of SB 7050's 3PVRO regulations also threaten substantial economic harm to UnidosUS and will deter the organization from engaging in voter registration. What's more, the prohibition against retaining voter information limits UnidosUS's ability to associate with these voters through further conversations aimed at encouraging the voters it registers to participate in the political process.

46.     In addition to the direct harms to UnidosUS as an organization, SB 7050 threatens to deny its citizen constituents the opportunity to vote. SB 7050's chilling effect on 3PVROs will result in fewer avenues and resources for UnidosUS's citizen constituents to register to vote.

47.      Additionally, under SB 7050, Latino community members—many of whom are non-English or limited-English speakers—may no longer rely on UnidosUS, other community organizations, friends, caretakers, or non-immediate family members to help them apply for vote-by-mail ballots. And prohibiting noncitizens from handling voter registration directly harms UnidosUS's noncitizen canvassers who can no longer work on behalf of UnidosUS and engage in voter registration.

48.     Plaintiff Florida Alliance for Retired Americans ("Florida Alliance") is a 501(c)(4) nonprofit, social welfare organization. It has 180,000 members throughout Florida's 67 counties, including retirees from public and private sector

App.000101

unions and community organizations, and is a chartered state affiliate of the Alliance for Retired Americans. Florida Alliance's mission is to ensure social and economic justice and full civil rights that retirees have earned after a lifetime of work.

49.     SB 7050 limits who may assist a voter in requesting a vote-by-mail ballot, which directly harms Florida Alliance's members, many of whom are living with disabilities or do not speak or read English and who, as a result of SB 7050's new limitations on who may assist voters in requesting mail ballots, can no longer utilize the assistance of friends, neighbors, and caregivers in requesting their vote-by-mail ballots.

50.     Enjoining SB 7050's new restrictions on 3PVROs would redress Plaintiffs' injuries because it would allow them to engage in protected speech by conducting important voter registration work, and to continue to associate with the voters they register, without the threat of significant financial and criminal penalties. And Plaintiffs will be able to reallocate their diverted resources to other projects in service of their missions.

51.     Additionally, enjoining SB 7050's limitation on who may assist voters in requesting vote-by-mail ballots will restore the ability of Plaintiffs' members and constituents to seek help from organizations and individuals outside their immediate families in accessing Florida's vote-by-mail ballot system. And Plaintiffs will be

- 22 -

able to reallocate their diverted resources away from aiding voters in requesting vote-by-mail ballots to other projects in service of their missions.

52.     Because of Defendants' direct roles in enforcing SB 7050's provisions challenged in this lawsuit, the injuries to Plaintiffs and their members are directly traceable to Defendants and are redressable by an injunction against them.

53.     Defendant CORD BYRD is sued in his official capacity as the Secretary of State of Florida. Pursuant to Fla. Stat. § 97.012, the Secretary is the chief elections officer of the State and responsible for the administration of state laws affecting voting. The Secretary's duties consist of, among other things, "[o]btain[ing] and maintain[ing] uniformity in the interpretation and implementation of the election laws." *Id*. § 97.012(1). The Secretary is also tasked with ensuring that county supervisors of elections perform their statutory duties, *see id.* § 97.012(14); is responsible for providing technical assistance to supervisors of elections on voter education, election personnel training services, and voting systems, *see id.* § 97.012(4)-(5); and is responsible for "[p]rovid[ing] written direction and opinions to the supervisors of elections on the performance of their official duties with respect to the Florida Election Code or rules adopted by the Department of State." *Id*. § 97.012(16).

54.     The Secretary's duties also include overseeing the Office of Election Crimes and Security, a division within the Department of State, which is tasked with,

- 23 -

among other things, assisting the Department in investigating and reporting allegations of election law violations, reporting findings to the Attorney General or state attorneys, and imposing fines on 3PVROs for violations of Florida's Election Code. *Id*. § 97.022.

55.    Defendant ASHLEY MOODY is sued in her official capacity as the Attorney General of Florida. The Attorney General's authority includes overseeing the Office of the Florida Statewide Prosecutor, which has the responsibility to "[i]nvestigate and prosecute any crime involving . . . [v]oting in an election in which a candidate for a federal or state office is on the ballot" or "voter registration." Fla. Stat. § 16.56(1)(c). The Attorney General is specifically tasked with enforcing the newly created and amended civil and criminal penalties against 3PVROs provided in SB 7050. *See id*. § 97.0575(8).

56.    Defendants supervisors of elections, who are sued in their official capacities only, are responsible for administering elections in each of Florida's 67 counties. Their responsibilities include, but are not limited to, administering in-person voting and voting by mail, processing voter registration applications, notifying voters of the disposition of their applications, maintaining voter registration information, updating voter rolls, and canvassing and counting vote-by-mail ballots. *See* Fla. Stat. §§ 98.015, 102.012, 102.072. Defendants supervisors of elections are: KIM BARTON, in her official capacity as Supervisor of Elections for

App.000104

Alachua County; CHRISTOPHER MILTON, in his official capacity as Supervisor of Elections for Baker County; MARK ANDERSEN, in his official capacity as Supervisor of Elections for Bay County; AMANDA SEYFANG, in her official capacity as Supervisor of Elections for Bradford County; TIM BOBANIC, in his official capacity as Supervisor of Elections for Brevard County; JOE SCOTT, in his official capacity as Supervisor of Elections for Broward County; SHARON CHASON, in her official capacity as Supervisor of Elections for Calhoun County; LEAH VALENTI, in her official capacity as Supervisor of Elections for Charlotte County; MAUREEN "MO" BAIRD, in her official capacity as Supervisor of Elections for Citrus County; CHRIS H. CHAMBLESS, in his official capacity as Supervisor of Elections for Clay County; JENNIFER J. EDWARDS, in her official capacity as Supervisor of Elections for Collier County; TOMI STINSON BROWN, in her official capacity as Supervisor of Elections for Columbia County; MARK F. NEGLEY, in his official capacity as Supervisor of Elections for DeSoto County; STARLET CANNON, in her official capacity as Supervisor of Elections for Dixie County; MIKE HOGAN, in his official capacity as Supervisor of Elections for Duval County; DAVID H. STAFFORD, in his official capacity as Supervisor of Elections for Escambia County; KAITI LENHART, in her official capacity as Supervisor of Elections for Flagler County; HEATHER RILEY, in her official capacity as Supervisor of Elections for Franklin County; SHIRLEY G. KNIGHT, in her official

- 25 -

capacity as Supervisor of Elections for Gadsden County; CONNIE SANCHEZ, in her official capacity as Supervisor of Elections for Gilchrist County; ALETRIS FARNAM, in her official capacity as Supervisor of Elections for Glades County; JOHN HANLON, in his official capacity as Supervisor of Elections for Gulf County; LAURA HUTTO, in her official capacity as Supervisor of Elections for Hamilton County; DIANE SMITH, in her official capacity as Supervisor of Elections for Hardee County; BRENDA HOOTS, in her official capacity as Supervisor of Elections for Hendry County; SHIRLEY ANDERSON, in her official capacity as Supervisor of Elections for Hernando County; KAREN HEALY, in her official capacity as Supervisor of Elections for Highlands County; CRAIG LATIMER, in his official capacity as Supervisor of Elections for Hillsborough County; THERISA MEADOWS, in her official capacity as Supervisor of Elections for Holmes County; LESLIE ROSSWAY SWAN, in her official capacity as Supervisor of Elections for Indian River County; CAROL A. DUNAWAY, in her official capacity as Supervisor of Elections for Jackson County; MICHELLE MILLIGAN, in her official capacity as Supervisor of Elections for Jefferson County; TRAVIS HART, in his official capacity as Supervisor of Elections for Lafayette County; ALAN HAYS, in his official capacity as Supervisor of Elections for Lake County; TOMMY DOYLE, in his official capacity as Supervisor of Elections for Lee County; MARK S. EARLEY, in his official capacity as Supervisor of Elections for Leon County; TAMMY

- 26 -

JONES, in her official capacity as Supervisor of Elections for Levy County; GRANT

CONYERS, in his official capacity as Supervisor of Elections for Liberty County;

HEATH DRIGGERS, in his official capacity as Supervisor of Elections for Madison

County; MICHAEL BENNETT, in his official capacity as Supervisor of Elections

for Manatee County; WESLEY WILCOX, in his official capacity as Supervisor of

Elections for Marion County; VICKI DAVIS, in her official capacity as Supervisor

of Elections for Martin County; CHRISTINA WHITE, in her official capacity as

Supervisor of Elections for Miami-Dade County; JOYCE GRIFFIN, in her official

capacity as Supervisor of Elections for Monroe County; JANET H. ADKINS, in her

official capacity as Supervisor of Elections for Nassau County; PAUL A. LUX, in

his official capacity as Supervisor of Elections for Okaloosa County; MELISSA

ARNOLD, in her official capacity as Supervisor of Elections for Okeechobee

County; BILL COWLES, in his official capacity as Supervisor of Elections for

Orange County; MARY JANE ARRINGTON, in her official capacity as Supervisor

of Elections for Osceola County; WENDY SARTORY LINK, in her official

capacity as Supervisor of Elections for Palm Beach County; BRIAN E. CORLEY,

in his official capacity as Supervisor of Elections for Pasco County; JULIE

MARCUS, in her official capacity as Supervisor of Elections for Pinellas County;

LORI EDWARDS, in her official capacity as Supervisor of Elections for Polk

County; CHARLES OVERTURF, in his official capacity as Supervisor of Elections

App.000107

for Putnam County; TAPPIE A. VILLANE, in her official capacity as Supervisor of Elections for Santa Rosa County; RON TURNER, in his official capacity as Supervisor of Elections for Sarasota County; CHRIS ANDERSON, in his official capacity as Supervisor of Elections for Seminole County; VICKY OAKES, in her official capacity as Supervisor of Elections for St. Johns County; GERTRUDE WALKER, in her official capacity as Supervisor of Elections for St. Lucie County; WILLIAM KEEN, in his official capacity as Supervisor of Elections for Sumter County; JENNIFER MUSGROVE KINSEY, in her official capacity as Supervisor of Elections for Suwannee County; DANA SOUTHERLAND, in her official capacity as Supervisor of Elections for Taylor County; DEBORAH K. OSBORNE, in her official capacity as Supervisor of Elections for Union County; LISA LEWIS, in her official capacity as Supervisor of Elections for Volusia County; JOSEPH MORGAN, in his official capacity as Supervisor of Elections for Wakulla County; RYAN MESSER, in his official capacity as Supervisor of Elections for Walton County; CAROL F. RUDD, in her official capacity as Supervisor of Elections for Washington County.

## STATEMENT OF FACTS AND LAW

**I.   The challenged provisions infringe 3PVRO's First Amendment rights and unlawfully harm voters.**

57.   SB 7050 targets 3PVROs to chill their voter registration and GOTV efforts and scale back the political participation of the marginalized voter

- 28 -

populations they serve. Each of the challenged 3PVRO restrictions limits 3PVROs'
protected speech and associational activities, thereby reducing the number of voters
they register and turn out to vote.

58.     Additionally, SB 7050 unlawfully limits who voters may turn to for
help requesting their vote-by-mail ballots. In particular, voters with disabilities and
non-English or limited-English speakers may only seek help from immediate family
members, in violation of their rights under federal law.

**A. 3PVRO Restrictions**

59.     The challenged provisions infringe 3PVROs' First Amendment rights
to engage in protected political speech and associational activities. First, SB 7050
unjustifiably prohibits lawful noncitizens and those with certain felony histories
from conducting voter registration activities on behalf of 3PVROs. Second, it
severely increases fines for late-returned voter registration applications and
applications inadvertently submitted to the wrong county. Third, it criminalizes
retention of voter information for any purpose other than registration, including
GOTV efforts and other voter assistance efforts that afford 3PVROs the freedom to
associate with the voters they register in service of their missions. These restrictions
(together, "3PVRO Restrictions") individually and collectively harm Plaintiffs'
ability to advance their missions and reduce the number of voters these organizations

- 29 -

can register to vote and turn out—voters who are disproportionately Floridians of color.

### 1.  3PVRO Volunteer Restrictions

60.    SB 7050 singles out two categories of individuals who may no longer handle voter registration applications on behalf of 3PVROs: (1) noncitizens ("Voter Registration Citizenship Requirement") and (2) individuals convicted of certain felonies under the Election Code. Fla. Stat. § 97.0575(1)(e), (f) (together, "3PVRO Volunteer Restrictions"). A 3PVRO is liable for a $50,000 fine for each prohibited individual who handles applications on behalf of the 3PVRO. There is no limit on the amount of fines that may be imposed on a single 3PVRO for violating these provisions.

61.    The 3PVRO Volunteer Restrictions severely harm Plaintiffs in at least two ways.

62.    First, organizations such as Florida NAACP, Equal Ground, DRF, Alianza Plaintiffs, UnidosUS, and VOT who do or would deploy canvassers, volunteers, and staff to help register voters have no clear way of verifying that each of their volunteers is a citizen and has not been convicted of one of the enumerated felonies. As a result, these organizations will be compelled to rely on the representations of their volunteers. If their volunteers do not accurately disclose their

citizenship status or relevant felonies, these organizations risk fines that could curtail or even foreclose their ability to engage in voter registration.

63.    The Legislature failed to identify any work-around for 3PVROs acting in good faith. When asked how 3PVROs should ensure compliance with these provisions, SB 7050's sponsor stated that it "would be at the discretion and choice of the organization," but provided no further guidance.

64.    Second, many organizations rely on noncitizen legal residents to assist with voter outreach, voter registration, and GOTV efforts in their communities. For example, Plaintiff Alianza Center mobilizes and registers Floridians with Latinx heritage and works with many noncitizen legal residents to do so. And UnidosUS estimates that at least 80% of its voter registration canvassers are noncitizen legal residents. By prohibiting these individuals from registering voters in their own communities, SB 7050 reduces the number of volunteers Plaintiffs and other community organizations can recruit and coordinate with to spread their pro-voting messages. Organizations like Plaintiff Alianza Center and UnidosUS, who rely primarily on noncitizens to help register voters, will be forced to severely curtail their work, and all 3PVROs will have to divert significant resources to attempt to verify the citizenship status of remaining volunteers. All of this will ultimately make it harder for the marginalized communities served by these 3PVROs to register to vote.

- 31 -

65.     Similarly, VOT relies on legal noncitizen residents, both members and volunteers, to conduct voter outreach and advocacy, including voter registration with partner organizations. The 3PVRO Volunteer Restrictions deters VOT from registering as a 3PVRO, and prevents its members and volunteers who are noncitizens from working with other 3PVROs to engage young voters in the State.

66.     Throughout the hearings on SB 7050, no legislator offered any policy rationale for the 3PVRO Volunteer Restrictions. Instead, when asked during a committee hearing for a justification for this provision, the bill's sponsor stated only that "[r]egarding noncitizens, there are certain rights in our country that only citizens get to enjoy."

67.     At the Senate Session hearing on SB 7050, proponents of the bill stated only that it was a "policy call" despite repeated efforts by opponents to stress the absurdity of restricting legal noncitizen residents from handling voter registration applications, while allowing those same individuals the ability to work for the state of Florida, including for example, the Department of State, Division of Elections, and Department of Highway Safety. No evidence was presented of any noncitizen mishandling voter registration applications. In fact, no legitimate government interest justifies this prohibition.

- 32 -

## 2.   3PVRO Fines for Mistakes in Returning Applications

68.   SB 7050 dramatically increases the penalties for late- and incorrectly-returned applications from 3PVROs: (1) $50 per each day late, up to $2,500, for each application received more than 10 (decreased from 14) days after the application was received by the 3PVRO, and $2,500 (up from $250) for each such application if the 3PVRO "acted willfully"; (2) $100 per each day late, up to $5,000, for each late returned application received after the voter registration deadline and an additional $5,000 fine (up from $500) per each such application if the 3PVRO "acted willfully"; and (3) a $5,000 fine (up from $1,000) for any application willfully not submitted to the right division or supervisor of elections. Fla. Stat. § 97.0575(5)(a) ("3PVRO Fines Provision").

69.   SB 7050's 3PVRO Fines Provision also increases the aggregate fines that may be imposed on a single 3PVRO for late-returned applications from $50,000 to $250,000. SB 7050's increase in fines follows significant increases in fines just two years ago. In 2021, Florida increased aggregate fines for late-returned applications from $1,000 to $50,000.

70.   Due to the threat of hundreds of thousands of dollars in fines, 3PVROs—most of whom have highly limited resources—will be deterred from engaging in registration efforts and forced to divert resources to training and compliance, chilling their protected political speech and association activities.

- 33 -

71.     As just one example, because of the 3PVRO Fines Provision, Plaintiff Equal Ground will likely be forced to cease its third-party voter registration activities in Florida, rendering it unable to engage in its core mission to register Black voters in Florida.

72.     Similarly, other Plaintiff organizations will have to change their GOTV efforts and divert resources to avoid the risk of these significant penalties. For example, Plaintiff DRF has historically held events where voters from all over Florida may register to vote. As a result of the increased fines for applications returned to the wrong county, these organizations may be forced to limit events to registering only voters who reside in a single county. Similarly, Plaintiffs will have to divert multiple additional employees and volunteers to ensure no applications are returned late.

73.     Proponents of this provision could not explain the policy purposes served by these significant increases in fines or any new developments over the past two years requiring additional increases. While SB 7050's supporters claimed the 3PVRO Fines Provision was "based on data and information that we have, um, in, in some of the feedback and we're uncovering with some bad actors," they repeatedly referenced only a single organization's failure to comply with existing regulations of 3PVROs. It was not until closing argument on the bill just before the Senate vote that any other evidence of 3PVRO issues was presented; and even then,

- 34 -

the number increased from one 3PVRO to two. As Senator Thompson observed in opposing these provisions, the fines imposed on 3PVROs "are designed . . . to put them out of business, make them go away and those are the organizations that have helped increase participation in democracy."

74.     Proponents' purported justifications at the Senate Session hearing similarly fell short. They argued that "some of the bad actors . . . look at these fines as ultimately the cost of doing business" and so the purpose of the increased fines is to let the organizations know that "we [the Legislature] are serious." But 3PVROs are nonprofit organizations with limited resources, there was no evidence that these so-called "bad actors," of which SB 7050's proponents could identify only one or two, would be deterred from wrongdoing by increased fines, and most importantly, proponents failed to respond to concerns about the deterrent effect these fines would have on the majority of 3PVROs who follow the law.

75.     During the House Session, proponents of the bill described the purpose of the 3PVRO Restrictions as "putting a priority on [] voters' information" but failed to explain how increasing fines for late-returned applications achieves that goal.

76.     As shown by the legislative debates on the 3PVRO Fines Provision, no legitimate state interest is served by the arbitrary and exorbitant increase in fines.

- 35 -

### 3.    3PVRO Voter Information Retention Ban

77.    SB 7050 amends Fla. Stat. § 97.0575(7) (the "Information Retention Ban") to prohibit 3PVROs from retaining *any* identifying information of the voters it registers for any purpose other than registration itself. Doing so is a felony of the third degree, punishable by up to 5 years in prison and up to $5,000 in fines.

78.    By prohibiting 3PVROs from retaining this information, SB 7050 eliminates the protected speech 3PVROs would engage in with voters after they are registered to vote and inhibits 3PVROs' ability to associate with those voters. Plaintiffs Florida NAACP, Equal Ground, DRF, Alianza Plaintiffs, and UnidosUS, for example, routinely retain voter information from registration forms to engage with the voters they register to, for example, encourage them to vote, provide polling place and other helpful information about upcoming election-related activities, or generally communicate their pro-voting message. And VOT is deterred from becoming a 3PVRO if they are unable to maintain voter information to be able to contact voters close to the election and encourage them to exercise their right to vote—follow-up that is especially important with young voters, who are often first-time voters and more likely to vote with encouragement from their peers.

79.    There is no legitimate basis to prevent 3PVROs from retaining voter information—which is required to be publicly available under the National Voter

- 36 -

Registration Act, 52 U.S.C. § 20507(i)(1)—for the purpose of engaging in protected speech with voters by encouraging and enabling them to vote.

### B. Mail-In Ballot Request Assistance Restriction

80.     SB 7050 amends the Florida Election Code to provide that supervisors of elections may accept requests for vote-by-mail ballots "only from a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian." Fla. Stat. § 101.62(1)(a) ("The Mail-In Ballot Request Restriction"). Previously, Floridians could depend on trusted friends, neighbors, community organizations, and caregivers to request a vote-by-mail ballot.

81.     Immediate family is defined as the voter's spouse, parent, child, grandparent, or sibling, or the parent, child, grandparent, grandchild, or sibling of the voter's spouse. *Id*. § 101.62(1)(b)(9)(d).

82.     Voters who are blind, have a disability, non-English or limited-English speakers, or are unable to read or write are entitled under federal law to choose for themselves who may assist them with the voting process. 52 U.S.C. § 10508.

83.     There are an estimated 2.6 million eligible voters with disabilities in Florida, including many of the Florida Alliance's members and DRF's constituents. Plaintiff DRF works directly with and on behalf of these individuals to ensure they are able to access the franchise, including Florida's vote-by-mail system.

- 37 -

84.     U.S. Census data estimates that 30% of Florida's households, and nearly 3.9 million adults, speak languages other than English at home. Many of Alianza Plaintiffs and UnidosUS's members, canvassers, and volunteers fall into this category, and Alianza Plaintiffs and UnidosUS have historically engaged with and assist voters who do not speak English, or who speak limited English to request vote-by-mail ballots.

85.     These millions of Floridians may not have immediate family as defined under the provision available to assist. For example, partners who are not spouses, friends, roommates, and caregivers are excluded without justification. And Floridians with disabilities, including many of the Alliance's members and DRF's constituents, reside in nursing homes or assisted living facilities away from immediate family members.

86.     The Mail-In Ballot Assistance Restriction prohibits these voters from seeking lawful assistance from the individual of their choice. Worse yet, the Legislature has articulated no policy goal served by this provision.

## II.     The challenged provisions were passed in the wake of two of Florida's "most secure" and successful elections with high turnout.

87.     SB 7050 was passed under the guise of "election integrity." But the Legislature's purported concerns about election integrity have no basis in actual instances of election fraud or security breaches in the State.

App.000118

88.     Governor Ron DeSantis has referred to the 2022 election as "one of the most secure" elections in Florida's history. And in his 2021 State of the State address, Governor DeSantis said: "[W]e should take a moment to enjoy the fact that Florida ran perhaps the most transparent and efficient election in the nation in 2020."

89.     Florida legislators have similarly commented on the security of Florida's elections. SB 7050's sponsor stated that Florida is already "the gold standard for elections, and we should be proud of that." And the sponsor of SB 7050's companion bill in the House—HB 7005—commented on the impressive security of Florida's elections.

90.     Florida legislators have also observed that Florida's elections have been marked by high voter turnout, emphasizing that Florida had its third-highest turnout in a midterm election in history in 2022. Turnout in the 2020 election was 77 percent—the highest turnout in 28 years in Florida and one of the highest turnout rates in the State's history.

91.     In the wake of elections that have seen robust voter participation without an accompanied increase in election fraud or other election security concerns, the Legislature's "election integrity" justification for the harsh restrictions imposed by SB 7050 rings hollow.

92.     The process by which SB 7050 was enacted further reflects the Legislature's apparent determination to arrive at a predetermined outcome

- 39 -

regardless of countervailing evidence and the well-recognized impact the bill would have on minority Floridians.

93.     SB 7050 was introduced with just a few weeks remaining in the legislative session. To accommodate the late introduction, legislators moved the bill through the Senate and House simultaneously, rather than sequentially, as their typical protocol dictates.

94.     When legislators first posted SB 7050 on March 30, 2023, it was just two sentences. By the time the first full version of the bill was posted, advocates, staff, and legislators had just 24 hours to review 98 new pages of text before the first public hearing on the bill. During committee hearings on SB 7050, legislators and the public lamented the fact that they had not had the opportunity to read and process the bill because only a few hours passed between the time that SB 7050's sponsors posted the bill and the time of the hearing. For example, as Senator Rosalind Osgood explained, she was forced to "read[] in the wee hours of th[e] morning."

95.     The Senate rushed to complete the second and third reading on the same day so that it could quickly be referred to the House. The House voted to waive its rules in order to read the bill a third time and pass the legislation the same day. The House also limited discussion on the many meritorious amendments to the bill to only two minutes and forty seconds per amendment, which resulted in speakers

- 40 -

continually being cut off as they attempted to fit introductions, questions, debate, and closing remarks into a less than three-minute period.

96.    The SB 7050 hearings made clear that these provisions harm Floridians of color and Floridians with disabilities with no legitimate justification. For example, numerous speakers noted that minority communities, including Black and Latinx voters, are significantly more likely to register to vote through a 3PVRO. As one speaker explained, "[t]o be clear, eligible Black and Hispanic voters are roughly five times more likely than white voters to rely on community-based voter registration organizations like the ones targeted in this bill."

97.    In fact, just the day before the Legislature enacted SB 7050, the Eleventh Circuit recognized that Floridians of color disproportionately rely on 3PVROS. *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, No. 22-11143, 2023 WL 3108161, at *18 (11th Cir. Apr. 27, 2023) ("[E]vidence in the record suggested that the registration-delivery provision imposed compliance costs on the third-party organizations. The finding that the registration-delivery provision will have a disparate impact on black voters is not clearly erroneous."). When the Legislature passed SB 7050, they had ample, recent, and specific notice of the disproportionate impact of 3PVRO regulations on minorities, and nevertheless doubled down on these restrictions.

- 41 -

98.     When asked during the Senate hearing whether there was evidence of noncitizens or persons with a criminal history mishandling voter registration, the bill's proponent identified only "a couple [] felons" that the State Department was investigating and identified no instances of noncitizens mishandling voter registration applications. Senator Hutson later commented that they wanted to make sure "illegal[s]" were not handling voter registration applications, but SB 7050 does not carve out an exception for legal noncitizens. When pressed for a justification, proponents stated only that it was a "policy call."

99.     Following SB 7050's passage by the Legislature, House Democrats released a statement condemning the bill, noting that "we are moving backwards" and that the Legislature "[doesn't] even wait to see what last year's bill does before we propose the next set of changes." Representative Valdes stated: "[t]his bill targets our young voters, first-time voters, black and Hispanic voters, and organizations that work to get people registered to vote." And Representative Waldron confirmed Plaintiffs' concerns, noting that "changes to third-party voter registration organization laws will have a chilling effect on voter participation."

100.     Senator Davis similarly lamented the bill's passage because "[t]he complete lack of bipartisanship on issues that are this complex and technical means that they never intended to pass this bill in good faith."

- 42 -

## CLAIMS FOR RELIEF

### COUNT I

### Infringement of Free Speech
### U.S. Const. amends. I & XIV, 42 U.S.C. § 1983
### (3PVRO Restrictions, Fla. Stat. § 97.0575)

101.    Plaintiffs reallege and reincorporate by reference paragraphs 1-100 of this Complaint as though fully set forth herein.

102.    The First Amendment protects against the promulgation of laws "prohibiting the free exercise [of] or abridg[ment] [of] freedom of speech." U.S. Const. amend. I. The First Amendment applies to the states through the Fourteenth Amendment.

103.    Political speech is one of the highest forms of protected speech. *See League of Women Voters v. Hargett*, 400 F. Supp. 3d 706, 722 (M.D. Tenn. 2019) ("[L]aws that govern the political process surrounding elections—and, in particular, election-related speech and association—go beyond merely the intersection between voting rights and election administration, veering instead into the area where 'the First Amendment has its fullest and most urgent application.'") (quoting *Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989)).

104.    Voter registration activities are "the type of interactive communication concerning political change that is appropriately described as 'core political speech.'" *Meyer v. Grant*, 486 U.S. 414, 421–22 (1988); *see also League of Women*

- 43 -

*Voters of Fla. v. Cobb*, 447 F. Supp. 2d 1314, 1315 (S.D. Fla. 2006) (same);

*VoteAmerica v. Schwab*, 576 F. Supp. 3d 862, 875 (D. Kan. 2021) (collecting cases).

105.   When speakers "'disclose,' 'publish,' or 'disseminate' information,

they engage in 'speech.'" *NetChoice v. Att'y Gen., Fla*., 34 F.4th 1196, 1210 (11th

Cir. 2022) (quoting *Sorrell v. IMS Health Inc*., 564 U.S. 552, 570 (2011)). Voter

registration efforts—including encouraging individuals to register to vote, providing

information about how to register to vote, and assisting with registration applications

in person and online—are core political speech and a means by which Plaintiffs

Florida NAACP, Equal Ground, DRF, Alianza Plaintiffs, UnidosUS, and VOT

communicate their belief in the power and importance of participating in democratic

elections.

106.   SB 7050 regulates core protected political speech and other activity

"sufficiently imbued with elements of communication." *Spence v. Washington*, 418

U.S. 405, 409 (1974). The 3PVRO Restrictions—both individually and

collectively—restrict and chill speech of 3PVROs such as Plaintiffs Florida

NAACP, Equal Ground, DRF, Alianza Plaintiffs, UnidosUS, and VOT, and in some

cases eliminate their speech via voter registration activities altogether.

107.   Courts apply "exacting scrutiny" to review laws governing election-

related speech. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 345–46 (1995);

*Buckley v. Am. Const. L. Found., Inc*., 525 U.S. 182, 207 (1999) (Thomas, J.,

- 44 -

concurring) (collecting cases and finding that laws that directly regulate core political speech are subject to strict scrutiny). Such "regulations of core political speech" do not require courts to "determine burden first" because "restrictions on core political speech so plainly impose a 'severe burden.'" *Buckley*, 525 U.S. at 208.

108.   Exacting scrutiny requires that Florida's 3PVRO Restrictions be narrowly tailored to a compelling state interest. *Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383 (2021). None of the 3PVRO Restrictions is supported by a legitimate—let alone compelling—state interest sufficient to justify the resulting restrictions on the speech rights of Florida's 3PVROs. And the law is not narrowly tailored to serve any hypothetical interest, as the new regulations dramatically change the status quo.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

   A. Declaring that the 3PVRO Restrictions violate the First and Fourteenth Amendments to the U.S. Constitution;

   B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

   C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

   D. Granting such other and further relief as the Court deems just and proper.

- 45 -

## COUNT II

**Infringement of Associational Rights**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**

109.   Plaintiffs reallege and reincorporate by reference paragraphs 1-100 of this Complaint as though fully set forth herein.

110.   The "freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech." *NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *see also Hadnott v. Amos*, 394 U.S. 358, 364 (1969) ("First Amendment rights 'include the right to band together for the advancement of political beliefs.'").

111.   When individuals or groups "wish to speak and act collectively with others," it "implicat[es] the First Amendment right of association." *League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1158 (N.D. Fla. 2012).

112.   "An organization's attempt to broaden the base of public participation in and support for its activities is conduct 'undeniably central to the exercise of the right of association.'" *Am. Ass'n of People with Disabilities v. Herrera*, 690 F. Supp. 2d 1183, 1202 (D.N.M. 2010) (citing *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 214–15 (1986)).

App.000126

113.   This right to associate encompasses "the right to choose how one associates with others." *VoteAmerica*, 576 F. Supp. 3d at 875 (quoting *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 653 (2000) ("As we give deference to an association's assertions regarding the nature of its expression, we must also give deference to an association's view of what would impair its expression.")).

114.   Plaintiffs Florida NAACP, Equal Ground, DRF, Alianza Plaintiffs, UnidosUS, and VOT "wish to speak and act collectively with others" by engaging in efforts to register more voters and garner support for their civic causes. They do so by assisting voters with the completion, collection, and submission of voter registration applications, as well as through GOTV activities following registration. *See Am. Ass'n of People With Disabilities v. Herrera*, 580 F. Supp. 2d 1195, 1229 (D.N.M. 2008) ("Organized voter-registration activities necessarily involve political association, both within the voter-registration organizations and with the citizens they seek to register.").

115.   The 3PVRO Restrictions restrict and chill Plaintiffs' associational activities with voters, and in some cases eliminate their association via voter registration altogether. For example, the 3PVRO Volunteer Restrictions prohibit 3PVROs from associating with noncitizens to conduct their voter registration work, and the Information Retention Ban effectively prevents continued communication with voters that organizations engage. And the 3PVRO Fines Provision deters, and

App.000127

even prevents, 3PVROs from engaging in voter registration efforts, thereby limiting who they associate with.

116.   Courts apply "exacting scrutiny" to review laws governing election-related association. *McIntyre*, 514 U.S. at 345–46; *see also Hargett*, 400 F. Supp. 3d at 722 ("[L]aws that govern the political process surrounding elections—and, in particular, election-related speech and association—go beyond merely the intersection between voting rights and election administration, veering instead into the area where 'the First Amendment has its fullest and most urgent application.'") (quoting *Eu*, 489 U.S. at 223).

117.   Exacting scrutiny requires that Florida's 3PVRO Restrictions be narrowly tailored to a compelling state interest. *Bonta*, 141 S. Ct. at 2383. None of the 3PVRO Restrictions is supported by a legitimate—let alone compelling—state interest sufficient to justify the resulting restrictions on the association rights of Florida's 3PVROs. And the law is not narrowly tailored to serve any hypothetical interest, as the new regulations dramatically change the status quo.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

      A. Declaring that the 3PVRO Restrictions violate the First and Fourteenth Amendments to the U.S. Constitution;

      B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

App.000128

C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D. Granting such other and further relief as the Court deems just and proper.

## <u>COUNT III</u>

**Equal Protection Clause, U.S. Const. amend. XIV**
**42 U.S.C. § 1983**
**(Voter Registration Citizenship Requirement, Fla. Stat. § 97.0575(1)(e))**

118.   Plaintiffs reallege and incorporate by reference paragraphs 1-100 of this Complaint as though set forth fully herein.

119.   The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any States deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

120.   SB 7050 violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by prohibiting noncitizens, including Alianza Plaintiffs, UnidosUS, and VOT's members and canvassers, from handling voter registration applications without any legitimate justification for doing so, thus denying noncitizens equal protection of the law.

- 49 -

121.   "Classifications based on alienage, like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny. Aliens as a class are a prime example of a 'discrete and insular' minority . . . for whom such heightened judicial solicitude is appropriate." *Graham v. Richardson*, 403 U.S. 365, 372 (1971).

122.   A state law that delineates based on a suspect classification—like noncitizens—"bears a heavy burden of justification." *Appl. of Griffiths*, 413 U.S. 717, 721 (1973). Where a state law adopts a suspect classification like this one, "a State must show that its purpose or interest is both constitutionally permissible and substantial, and that its use of the classification is necessary to the accomplishment of its purpose or the safeguarding of its interest." *Id.* at 721–22 (alterations and footnotes omitted).

123.   "Resident aliens, like citizens, pay taxes, support the economy, serve in the Armed Forces, and contribute in myriad other ways to our society. It is appropriate that a State bear a heavy burden when it deprives them of [] opportunities." *Id.* at 722.

124.   SB 7050's Voter Registration Citizenship Requirement expressly singles out noncitizens and prohibit them from helping to register voters without any justification, apart from the circular reasoning that they are not citizens of the United States and, therefore, are not entitled to all of the privileges of citizens. This is a

- 50 -

wholly insufficient reason to deprive them of the opportunity to engage in the political process through helping people register to vote.

125.   That noncitizens are refused certain privileges has nothing to do with their right to associate and engage in protected speech. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (noncitizen U.S. residents receive constitutional protections, including under the First Amendment). Nor does it justify infringing 3PVROs' associational and speech rights. *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972) (recognizing protected First Amendment right to associate with noncitizen).

126.   Defendants cannot satisfy their heavy burden of explaining why excluding noncitizens from handling voter registration applications is narrowly tailored to further a sufficiently weighty state interest.

127.   SB 7050's Voter Registration Citizenship Requirement separately violates the Fourteenth Amendment to the United States Constitution because it was purposefully enacted, at least in part, with an intent to discriminate against noncitizens.

128.   *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and later case law require considering several factors about the law and its adoption to demonstrate discriminatory intent, including (1) the impact of the official action; (2) the historical background of the decision; (3) the specific sequence of events leading up to its passage; (4) departures from the

- 51 -

normal procedural sequence; (5) the legislative history, including legislative statements; (6) the foreseeability of the disparate impact; (7) knowledge of intent; and (8) the availability of less discriminatory alternatives. *League of Women Voters of Fla. Inc.*, 2023 WL 3108161, at *4.

129.   Those factors are met here. SB 7050's Voter Registration Citizenship Requirement will exclude, without exception, noncitizens from handling voter registration applications. Many of Alianza Plaintiffs, UnidosUS, and VOT's members and canvassers will be impacted by this requirement. Proponents of the Voter Registration Citizenship Requirement did not shy away from expressing that the purpose of the provision was to exclude noncitizens. When asked during a committee hearing for a justification, the bill's sponsor stated "[r]egarding noncitizens, there are certain rights in our country that only citizens get to enjoy."

130.   At the Senate Session hearing, proponents of the bill stated only that it was a "policy call" despite repeated efforts by opponents to stress the absurdity of restricting legal noncitizen residents from handling voter registration applications, while allowing those same individuals the ability to work for the state of Florida, including for example, the Department of State, Division of Elections, and Department of Highway Safety. No evidence was presented of any noncitizen mishandling voter registration applications.

- 52 -

131.   The Legislature is therefore targeting noncitizens because of their status and nothing more.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

    A. Declaring that the Voter Registration Citizenship Requirement violates the Fourteenth Amendment to the U.S. Constitution;

    B. Declaring that the Voter Registration Citizenship Requirement was enacted with discriminatory intent in violation of the Fourteenth Amendment to the U.S. Constitution;

    C. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provision;

    D. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

    E. Granting such other and further relief as the Court deems just and proper.

## COUNT IV

### Equal Protection Clause, U.S. Const. amend. XIV
### 42 U.S.C. § 1983
### (3PVRO Restrictions, Fla. Stat. § 97.0575)

132.   Plaintiffs reallege and reincorporate by reference paragraphs 1-100 of this Complaint as though set forth fully herein.

133.   The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any States deprive any person

- 53 -

of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

134.   The 3PVRO Restrictions violate the Fourteenth Amendment to the United States Constitution because they were purposefully enacted, at least in part, with a racially discriminatory intent to discriminate against Black and Hispanic voters and have the effect individually and collectively of denying, abridging, or suppressing the right to vote of otherwise eligible voters on account of race, ethnicity, or color.

135.   *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and later case law require considering several factors about the law and its adoption to demonstrate discriminatory intent, including (1) the impact of the official action; (2) the historical background of the decision; (3) the specific sequence of events leading up to its passage; (4) departures from the normal procedural sequence; (5) the legislative history, including legislative statements; (6) the foreseeability of the disparate impact; (7) knowledge of intent; and (8) the availability of less discriminatory alternatives. *League of Women Voters of Fla. Inc.*, 2023 WL 3108161, at *4.

136.   Many of these factors are met here. SB 7050's 3PVRO restrictions will impact Black and Hispanic Floridians with precision, particularly because 3PVROs are five times more likely to register Black and Hispanic voters than white voters,

- 54 -

and legislators were well aware of this fact, *see supra* Part II. The legislature hastily introduced the bill, giving legislators and the public little time to digest its contents before hearings and depriving them the opportunity to make informed comments on and amendments to the bill. The legislature also waived its normal procedures to speed up the process. *See supra* Part II. Each of these facts, individually and collectively, supports a strong inference of discriminatory purpose in violation of the Fourteenth Amendment.

137.    The feeble state justifications for SB 7050—election integrity and security—also raise an inference of discriminatory purpose in violation of the Fourteenth. There is no purpose to the harsh fines and fees levied against 3PVROs in SB 7050 except to stop 3PVROs from registering people who are disproportionately Floridians of color. For example, one speaker testified that "I think the fines that are being imposed on the third-party voter registration organizations are designed . . . to put them out of business, make them go away, and those are the organizations that have helped increase participation in democracy." And as Senator Thomson explained: "What the bill really is about is elections outcome[s] . . . this really is suppression [] just like poll taxes . . . violence against people who wanted to vote . . . intimidation when you had the Ku Klux Klan march through certain communities before voting day, that was suppression and so is this. [] I see different characters but the same objective: [] to make sure only certain

App.000135

people vote." Likewise, there is no reason to prohibit 3PVROs from retaining voter contact information other than to reduce the impact of these organizations. And because it is well known that Black and Hispanic people are significantly more likely to register through a 3PVRO, the clear impact of these provisions will be to reduce the number of Black and Hispanic voters in Florida.

138.   The 3PVRO Restrictions are not narrowly tailored to serve a compelling state interest. Less discriminatory alternatives to the 3PVRO Restrictions are available, including, among others, maintaining the status quo; prohibiting solely the retention of sensitive voter information like social security numbers while allowing 3PVROs to maintain contact information used for voter engagement; increasing fines only for repeated violations of third-party voter registration laws; and/or limiting the Voter Registration Citizenship Requirement to non-citizens with certain criminal histories.

139.   By enacting the 3PVRO Restrictions, the Legislature intentionally discriminates against Plaintiffs' members, in violation of the Fourteenth Amendment.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

  A. Declaring that the 3PVRO Restrictions were enacted with discriminatory intent in violation of the Fourteenth Amendment to the U.S. Constitution;

- 56 -

B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D. Granting such other and further relief as the Court deems just and proper.

## COUNT V

### Section 208 of the Voting Rights Act
### 52 U.S.C. § 10508
### (Mail-In Ballot Request Restriction, Fla. Stat. § 101.62)

140.   Plaintiffs reallege and reincorporate by reference paragraphs 1-100 of this Complaint as though fully set forth herein.

141.   Section 208 of the VRA provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice [with limited exceptions]." 52 U.S.C. § 10508.

142.   The Voting Rights Act defines "vote" to include "all action necessary to make a vote effective in any primary, special, or general election, including, but not limited to, registration, listing pursuant to this chapter, or other action required by law prerequisite to voting, casting a ballot, and having such ballot counted properly." *Id.* § 10310(c)(1). Thus, people who require assistance in the voting

- 57 -

process, including assistance in requesting vote-by-mail ballots, are promised the freedom of choice for their assister.

143.   DRF, Florida Alliance, UnidosUS, and Alianza Plaintiffs' members, canvassers, and constituents who are protected under Section 208 have a private right of action under Section 208. *Fla. State Conf. of NAACP v. Lee*, 576 F. Supp. 3d 974, 988–90 (N.D. Fla. 2021).

144.   "In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992).

145.   The Mail-In Ballot Request Restriction unlawfully prevents individuals covered by Section 208 of the VRA, including DRF, Florida Alliance, UnidosUS, and Alianza Plaintiffs' members, canvassers, and constituents, from choosing their preferred assister and prohibits broad categories of individuals and organizations from providing assistance to eligible voters seeking to request a vote-by-mail ballot.

146.   As such, SB 7050's Mail-In Ballot Request Restriction conflicts with federal law because it limits the right of protected voters from choosing who they want to assist them with the voting process.

147.   The Mail-In Ballot Request Restriction is therefore preempted by federal law and must be declared invalid.

App.000138

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

A. Declaring that the Mail-In Ballot Request Restriction violates Section 208 of the Voting Rights Act, 52 U.S.C. § 10508;

B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: May 24, 2023                              Respectfully submitted,

Abha Khanna*                                     /s/ Frederick S. Wermuth
Makeba Rutahindurwa*                             Frederick S. Wermuth
**ELIAS LAW GROUP LLP**                          Florida Bar No. 0184111
1700 Seventh Ave., Suite 2100                    King, Blackwell, Zehnder & Wermuth, P.A.
Seattle, Washington 98101                        P.O. Box 1631
Telephone: (206) 656-0177                        Orlando, FL 32802-1631
akhanna@elias.law                                Telephone: (407) 422-2472
mrutahindurwa@elias.law                          Facsimile: (407) 648-0161
                                                 fwermuth@kbzwlaw.com

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

App.000139

*Counsel for Plaintiffs
Florida State
Conference of Branches
of Youth Units of the
NAACP, Equal Ground
Education Fund, Voters
of Tomorrow Action,
Inc., Disability Rights
Florida, Alianza for
Progress, Alianza
Center, UnidosUS, and
Florida Alliance for
Retired Americans*

*\*Pro Hac Vice Applications
Forthcoming*

App.000140

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

| | |
|---|---|
| Florida State Conference of Branches and Youth Units of the NAACP, et al., | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Cord Byrd, in his official capacity as Florida Secretary of State, et al., | ) ) ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Cord Byrd
in his official capacity as the Florida Secretary of State
R. A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Frederick S. Wermuth
King, Blackwell, Zehnder & Wermuth, P.A.
25 East Pine Street
Orlando, Florida 32801


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

App.000141

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

Case 4:23-cv-00215-MW-MAF   Document 1-2   Filed 05/24/23   Page 1 of 2
USCA11 Case: 25-12813   Document: 27-1   Date Filed: 11/07/2025   Page: 149 of 248
AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

| | |
|---|---|
| Florida State Conference of Branches and Youth Units of the NAACP, et al., _____ *Plaintiff(s)* v. Cord Byrd, in his official capacity as Florida Secretary of State, et al., _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Ashley Moody
in her official capacity as the Florida Attorney General
The Collin Building
107 W. Gaines Street
Tallahassee, Florida 32399

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Frederick S. Wermuth
King, Blackwell, Zehnder & Wermuth, P.A.
25 East Pine Street
Orlando, Florida 32801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Doc.46

**4:23-cv-215**

**Florida State Conference of Branches and Youth Units of the NAACP, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al.**

**(Main Case for Filing)**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**HISPANIC FEDERATION, et al.,**

      **Plaintiffs,**

**v.**                                       **Case No. 4:23-cv-218-AW-MAF**

**CORD BYRD, et al.,**

      **Defendants.**

_____/

## REASSIGNMENT ORDER

Three sets of Plaintiffs recently filed closely related challenges to the same new Florida law. Two cases were filed on May 24, and this one came the next day. The cases were randomly assigned to three different district judges. Citing the court's standard practice of reassigning closely related cases to the judge with the first-filed case, the judge assigned the second case ordered reassignment to the judge assigned the first-filed case. *League of Women Voters of Florida v. Moody*, Case No. 4:23-cv-216 (N.D. Fla. May 26, 2023).

Plaintiffs in this case then moved to consolidate. ECF No. 7. They indicated that the Attorney General did not oppose the relief sought but that the Secretary of State did. *Id.* I directed the Secretary to respond, and the Secretary filed a notice that, having reviewed the three complaints, he took no position on the request. ECF No. 16.

1

I have reviewed the complaints in all three cases, and I conclude that this case is indeed closely related to the first-filed case (and the second case). In this case, Plaintiffs seek injunctive relief precluding the Secretary and the Attorney General from enforcing Florida Statute § 97.0575(1)(f), which they contend violates the First and Fourteenth Amendment by restricting speech and discriminating based on citizenship. *See generally* ECF No. 1. The first-filed case likewise seeks this relief against these defendants based on these constitutional theories. It also includes other claims and seeks broader injunctive relief, but the crux of the claim in the instant case is also presented in the first-filed case. *See generally Florida State Conference of Branches & Youth Units of the NAACP v. Byrd*, Case No. 4:23-cv-215 (ECF No. 1) (May 24, 2023).

The instant case does include a claim not presented in the first-filed claim: a claim that § 1981 invalidates the challenged statute. In some instances, the presence of an additional claim not included in the first-filed case may counsel against reassignment. But here, even that claim is closely related to the remaining claims.

Under these circumstances, and consistent with this court's settled practice, I have determined that reassignment is appropriate. This will result in having a single judge assigned all three closely related cases, which will promote judicial efficiency. The separate question of whether the cases should be consolidated will be up to the transferee judge.

App.000147

The motion to consolidate (ECF No. 7) is GRANTED in part as set forth above. The clerk will reassign this case to Chief Judge Walker.

SO ORDERED on June 7, 2023.

s/ *Allen Winsor*
United States District Judge

App.000148

# Doc.52

**4:23-cv-215**

**Florida State Conference of Branches and Youth Units of the NAACP, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al.**

**(Main Case for Filing)**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH
UNITS OF THE NAACP; VOTERS
OF TOMORROW ACTION, INC.;
DISABILITY RIGHTS FLORIDA;
ALIANZA FOR PROGRESS;
ALIANZA CENTER; UNIDOSUS;
FLORIDA ALLIANCE FOR
RETIRED AMERICANS;
SANTIAGO MAYER
ARTASANCHEZ; and ESPERANZA
SÁNCHEZ,

     *Plaintiffs*,

v.

CORD BYRD, in his official capacity
as Secretary of State of Florida;
ASHLEY MOODY, in her official
capacity as Florida Attorney General;
KIM BARTON, in her official capacity
as Supervisor of Elections for Alachua
County; CHRISTOPHER MILTON, in
his official capacity as Supervisor of
Elections for Baker County; MARK
ANDERSEN, in his official capacity as
Supervisor of Elections for Bay
County; AMANDA SEYFANG, in her
official capacity as Supervisor of
Elections for Bradford County; TIM
BOBANIC, in his official capacity as
Supervisor of Elections for Brevard
County; JOE SCOTT, in his official

Case No. 4:23-cv-00215-MW/MAF

capacity as Supervisor of Elections for
Broward County; SHARON
CHASON, in her official capacity as
Supervisor of Elections for Calhoun
County; LEAH VALENTI, in her
official capacity as Supervisor of
Elections for Charlotte County;
MAUREEN "MO" BAIRD, in her
official capacity as Supervisor of
Elections for Citrus County; CHRIS H.
CHAMBLESS, in his official capacity
as Supervisor of Elections for Clay
County; MELISSA BLAZIER, in
her official capacity as Supervisor of
Elections for Collier County; TOMI
STINSON BROWN, in her official
capacity as Supervisor of Elections for
Columbia County; MARK F.
NEGLEY, in his official capacity as
Supervisor of Elections for DeSoto
County; STARLET CANNON, in her
official capacity as Supervisor of
Elections for Dixie County; MIKE
HOGAN, in his official capacity as
Supervisor of Elections for Duval
County; DAVID H. STAFFORD, in
his official capacity as Supervisor of
Elections for Escambia County; KAITI
LENHART, in her official capacity as
Supervisor of Elections for Flagler
County; HEATHER RILEY, in her
official capacity as Supervisor of
Elections for Franklin County;
SHIRLEY G. KNIGHT, in her official
capacity as Supervisor of Elections for
Gadsden County; CONNIE
SANCHEZ, in her official capacity as

- 2 -

Supervisor of Elections for Gilchrist
County; ALETRIS FARNAM, in her
official capacity as Supervisor of
Elections for Glades County; JOHN
HANLON, in his official capacity as
Supervisor of Elections for Gulf
County; LAURA HUTTO, in her
official capacity as Supervisor of
Elections for Hamilton County;
DIANE SMITH, in her official
capacity as Supervisor of Elections for
Hardee County; BRENDA HOOTS, in
her official capacity as Supervisor of
Elections for Hendry County;
SHIRLEY ANDERSON, in her official
capacity as Supervisor of Elections for
Hernando County; KAREN HEALY,
in her official capacity as Supervisor of
Elections for Highlands County;
CRAIG LATIMER, in his official
capacity as Supervisor of Elections for
Hillsborough County; THERISA
MEADOWS, in her official capacity as
Supervisor of Elections for Holmes
County; LESLIE ROSSWAY SWAN,
in her official capacity as Supervisor of
Elections for Indian River County;
CAROL A. DUNAWAY, in her
official capacity as Supervisor of
Elections for Jackson County;
MICHELLE MILLIGAN, in her
official capacity as Supervisor of
Elections for Jefferson County;
TRAVIS HART, in his official
capacity as Supervisor of Elections for
Lafayette County; ALAN HAYS, in
his official capacity as Supervisor of

- 3 -

Elections for Lake County; TOMMY
DOYLE, in his official capacity as
Supervisor of Elections for Lee
County; MARK S. EARLEY, in his
official capacity as Supervisor of
Elections for Leon County; TAMMY
JONES, in her official capacity as
Supervisor of Elections for Levy
County; GRANT CONYERS, in his
official capacity as Supervisor of
Elections for Liberty County; HEATH
DRIGGERS, in his official capacity as
Supervisor of Elections for Madison
County; MICHAEL BENNETT, in his
official capacity as Supervisor of
Elections for Manatee County;
WESLEY WILCOX, in his official
capacity as Supervisor of Elections for
Marion County; VICKI DAVIS, in her
official capacity as Supervisor of
Elections for Martin County;
CHRISTINA WHITE, in her official
capacity as Supervisor of Elections for
Miami-Dade County; JOYCE
GRIFFIN, in her official capacity as
Supervisor of Elections for Monroe
County; JANET H. ADKINS, in her
official capacity as Supervisor of
Elections for Nassau County; PAUL A.
LUX, in his official capacity as
Supervisor of Elections for Okaloosa
County; MELISSA ARNOLD, in her
official capacity as Supervisor of
Elections for Okeechobee County;
BILL COWLES, in his official
capacity as Supervisor of Elections for
Orange County; MARY JANE

- 4 -

ARRINGTON, in her official capacity
as Supervisor of Elections for Osceola
County; WENDY SARTORY LINK,
in her official capacity as Supervisor of
Elections for Palm Beach County;
BRIAN E. CORLEY, in his official
capacity as Supervisor of Elections for
Pasco County; JULIE MARCUS, in
her official capacity as Supervisor of
Elections for Pinellas County; LORI
EDWARDS, in her official capacity as
Supervisor of Elections for Polk
County; CHARLES OVERTURF, in
his official capacity as Supervisor of
Elections for Putnam County; TAPPIE
A. VILLANE, in her official capacity
as Supervisor of Elections for Santa
Rosa County; RON TURNER, in his
official capacity as Supervisor of
Elections for Sarasota County; CHRIS
ANDERSON, in his official capacity
as Supervisor of Elections for Seminole
County; VICKY OAKES, in her
official capacity as Supervisor of
Elections for St. Johns County;
GERTRUDE WALKER, in her official
capacity as Supervisor of Elections for
St. Lucie County; WILLIAM KEEN,
in his official capacity as Supervisor of
Elections for Sumter County;
JENNIFER MUSGROVE KINSEY, in
her official capacity as Supervisor of
Elections for Suwannee County;
DANA SOUTHERLAND, in her
official capacity as Supervisor of
Elections for Taylor County;
DEBORAH K. OSBORNE, in her

- 5 -

official capacity as Supervisor of
Elections for Union County; LISA
LEWIS, in her official capacity as
Supervisor of Elections for Volusia
County; JOSEPH MORGAN, in his
official capacity as Supervisor of
Elections for Wakulla County; RYAN
MESSER, in his official capacity as
Supervisor of Elections for Walton
County; CAROL F. RUDD, in her
official capacity as Supervisor of
Elections for Washington County,

   *Defendants*.

---

## FIRST AMENDED COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Florida State Conference of Branches and Youth Units of the
NAACP, Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for
Progress, Alianza Center, UnidosUS, Florida Alliance for Retired Americans,
Santiago Mayer Artasanchez ("Santiago Mayer"), and Esperanza Sánchez file this
Complaint for Declaratory and Injunctive Relief against Defendants Cord Byrd, in
his official capacity as Florida Secretary of State, Ashley Moody, in her official
capacity as Florida Attorney General, and Florida's 67 supervisors of elections, each
in their official capacities as supervisors for their respective counties. Plaintiffs
allege as follows:

- 6 -

## NATURE OF THE CASE

1.      Since 2018, third-party voter registration organizations ("3PVROs") have helped register roughly a quarter of a million voters in Florida.[1] These organizations are crucial to ensuring that every eligible voter in Florida has access to the electoral process. This case arises from Florida's efforts to disrupt and discourage these organizations from continuing their important work, and to disenfranchise the voters they assist.

2.      On May 24, 2023, Florida enacted Senate Bill 7050 ("SB 7050"), an omnibus election bill that imposes harsh new restrictions and penalties on 3PVROs engaging in voter registration and voter engagement activities and makes it harder for eligible Floridians—and in particular voters of color and voters with disabilities—to participate in the State's elections.

3.      SB 7050 largely targets 3PVROs in an attempt to chill their voter registration activities by imposing new and significant fines for late-returned voter registration applications, prohibiting noncitizen canvassers and those with certain felony histories from handling voter registration applications, and criminalizing routine voter information retention. In so doing, the bill threatens to severely

---

[1] Fla. Dep't of State, Division of Elections, *Voter Registration – Method and Location*, https://dos.myflorida.com/elections/data-statistics/voter-registration-statistics/voter-registration-reports/voter-registration-method-and-location/ (last visited April 26, 2023).

App.000156

curtail—and in some cases shut down altogether—these organizations' ability to engage in core protected speech through voter registration activities.

4.      There is no question which Floridians will be most affected by these efforts. 3PVROs serve communities that have been historically excluded from the franchise—in particular Black and Latinx populations. Indeed, people of color are five times more likely than white Floridians to register with the assistance of a 3PVRO. As Senator Thompson emphatically expressed on the Senate floor, "what the bill really is about" is voter suppression, aimed at ensuring that "only certain people vote[]."

5.      The burdens imposed on Floridians from marginalized communities are not limited to the bill's 3PVRO restrictions. SB 7050 also harms voters with disabilities and non-English or limited-English speakers by cutting off their ability to seek assistance from individuals and organizations beyond their immediate families when requesting mail ballots.

6.       Plaintiffs are 3PVROs, other organizations whose missions include expanding access to the franchise to Black, brown, young, and disabled voters, and individual noncitizens who will no longer be lawfully permitted to engage in voter registration activity as a result of SB 7050. SB 7050 imposes significant burdens on Plaintiffs' First Amendment rights and the voting rights of the marginalized populations they serve. SB 7050 serves no legitimate—let alone compelling—state

- 8 -

interest that would justify these limitations on Plaintiffs' fundamental freedom to engage voters in the political process.

7.      This Court should declare the challenged provisions of SB 7050 unlawful and enjoin the Secretary of State, the Attorney General, and the Supervisors from enforcing them in future elections.

## JURISDICTION AND VENUE

8.      Plaintiffs bring this action under 42 U.S.C. §§ 1981, 1983, and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

9.      Plaintiffs also bring a claim under the Voting Rights Act, 52 U.S.C. § 10508.

10.     This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and the laws of the United States.

11.     This Court has personal jurisdiction over Defendants, who are sued in their official capacities.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants are residents of Florida and numerous Defendants reside in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part

- 9 -

of the events that give rise to Plaintiffs' claims occurred and will occur in this judicial

district.

13.     This Court has the authority to provide declaratory and injunctive relief

under Federal Rules of Civil Procedure 57 and 65, as well as 28 U.S.C. §§ 2201 and

2202.

## PARTIES

14.     Plaintiff Florida State Conference of Branches and Youth Units of the

NAACP ("Florida NAACP") is a nonprofit, nonpartisan civil rights organization in

Florida. Founded in 1909, Florida NAACP is the oldest civil rights organization in

Florida and serves as the umbrella organization for local branch units throughout the

State. Florida NAACP is headquartered in Fort Lauderdale, Florida, and its 12,000

members are predominantly Black and other minority individuals who reside in all

67 of Florida's counties. Its mission is to ensure the political, social, educational,

and economic equality of all persons and to eliminate race-based discrimination.

15.     Florida NAACP is a registered 3PVRO. For decades, it has engaged in

statewide voter registration, public education, and advocacy to encourage civic and

electoral participation among its members and other voters. For example, Florida

NAACP holds registration events in coordination with local partners such as the

Divine-Nine Pan-Hellenic Council, the Links, Masonic Lodges, and others. Florida

NAACP also works with churches and other faith-based organizations to register

- 10 -

voters within the communities it serves. When Florida NAACP and its members and canvassers register voters, they communicate a pro-voting message about the importance of political participation.

16.     To carry out its 3PVRO registration efforts, Florida NAACP relies, in part, on noncitizen canvassers and volunteers to register voters in their communities.

17.     Florida NAACP engages in other voting related advocacy as well, such as facilitating trainings to help its members understand election related bills, amendments, and other issues affecting the voting process. Florida NAACP also holds get-out-the vote ("GOTV") events, such as "souls to the polls," where Florida NAACP offers transportation from local churches to polling places. Outside of the electoral sphere, Florida NAACP also engages in advocacy work involving health care, criminal justice, the school-to-prison pipeline, education, environmental justice, climate change, and the economy.

18.     SB 7050's new and increased fines and criminal penalties threaten substantial economic harm to Florida NAACP—both from the penalties themselves and because it will compel Florida NAACP to divert limited resources to attempt to avoid those penalties—and will affect the magnitude and impact of Florida NAACP's voter registration efforts.

19.     Additionally, SB 7050's new restrictions on the citizenship status and criminal history of 3PVRO canvassers will force Florida NAACP to expend its

- 11 -

limited resources verifying and investigating canvassers' backgrounds and will decrease the number of canvassers available to the organization, limiting its impact. Every bit of money, time, and effort spent in one aspect of its mission necessarily detracts from the amount of resources that Florida NAACP can direct to others.

20.     And by prohibiting Florida NAACP from retaining any information from voters whom they register to vote, SB 7050 limits Florida NAACP's ability to associate with these voters through further conversations aimed at encouraging the voters it registers to participate in the political process.

21.     In addition to the direct harms to Florida NAACP as an organization, SB 7050 threatens to deny its members the opportunity to vote.

22.     SB 7050's chilling effect on 3PVROs will result in fewer avenues and resources for Florida NAACP members to register to vote.

23.     Additionally, under SB 7050, registered members may no longer rely on Florida NAACP, other community organizations, friends, caretakers, or non-immediate family members to help them apply for vote-by-mail ballots.

24.     Plaintiff Voters of Tomorrow Action, Inc. ("VOT") is a national, youth-led organization that focuses on building youth political power through advocacy, organizing on high school and college campuses, online organizing, and maintaining a nationwide network of young organizers and activists. A crucial part of its mission is educating, engaging, and representing young voters to make sure that they are

- 12 -

taking an active part in democracy. VOT has a state board in Florida, which consists of members who are currently attending college in Florida and who benefit from, share in, and help guide the organization's priorities and activities. VOT also has high school members who conduct voter registration and voter advocacy within their respective schools and communities.

25.    VOT's members work with 3PVROs in Florida to encourage young voters to register through voter registration drives, rallies, voter education campaigns, and other activities. Moreover, VOT's GOTV activities include texting and calling young voters and providing free buses and rideshares to the polls. VOT also organizes protests and lobbies against contraception bans, book bans, and other issues that are important to members and constituent supporters.

26.    Prior to SB 7050's enactment, VOT intended to register as a 3PVRO in Florida ahead of the 2024 general election. SB 7050's new and increased fines and criminal penalties for violating SB 7050's 3PVRO regulations, however, have forced VOT to reassess its ability to do so. Some of VOT's members are noncitizens who would be barred from handling voter registration forms under SB 7050's citizenship requirement. VOT also relies upon a network of volunteer canvassers to assist with its organizing and engagement efforts, but canvassers are likely to reconsider their involvement with VOT if they are subject to increased scrutiny about their citizenship status and criminal history, or subject to criminal penalties if they retain

- 13 -

voter information. This will reduce the scale and impact of VOT's GOTV efforts and will unduly burden VOT's speech and associational rights.

27.    Plaintiff Disability Rights Florida, Inc. ("DRF") is an independent nonprofit corporation organized under the laws of the State of Florida, with a primary office in Tallahassee, Florida. DRF is a Protection and Advocacy system ("P&A"), as that term is defined under the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041 et seq., the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq., and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e et seq. In this capacity, DRF is authorized to pursue legal, administrative, and other appropriate remedies to ensure the protection of and advocacy for the rights of individuals with disabilities. 42 U.S.C. § 15043(a)(2)(A)(i).

28.    DRF's mission is to ensure the safety, wellbeing, and success of people with disabilities. A significant part of DRF's work is to ensure that people with disabilities have equal access to the political process and to bring to light, and address through reform, the barriers imposed against voters with disabilities, including inaccessible polling sites and ballots, limited assistance with voting, and limited or non-existent supervised facility voting options for people with disabilities residing in residential facilities. DRF engages in legislative and public advocacy on

- 14 -

these issues, and directly engages with and trains election officials and voters on expanding voting accessibility.

29.     DRF is a registered 3PVRO. But DRF may have to reduce or cancel altogether its voter registration work based on the threat of significant fines and penalties imposed by SB 7050.

30.     DRF was also a member of a statewide accessible vote-by-mail task force devoted to proposing and evaluating recommendations to the State regarding its commitment, via settlement agreement, to provide accessible vote-by-mail in every county. SB 7050's restriction on who may assist voters in requesting vote-by-mail ballots runs counter to DRF's work on this taskforce and its overall mission. Before enactment of SB 7050, DRF actively engaged with its constituent voters to assist them in requesting and submitting vote-by-mail ballots. SB 7050 not only forecloses its ability to engage in this activity and thereby communicate its pro-voting message, it will also force DRF to divert its limited resources toward ensuring that its constituents are informed of and able to navigate the new restrictions on receiving assistance requesting vote-by-mail ballots.

31.     DRF retains voter information for people it helps register to vote for future GOTV efforts and voter advocacy. SB 7050's provision banning voter information retention limits DRF's ability to associate with these voters and

- 15 -

communicate a pro-voting message about the importance of participating in the electoral process.

32.    Plaintiff Alianza for Progress is a nonpartisan political organization dedicated to uniting the Puerto Rican and Hispanic population in the State of Florida and developing leaders from within those communities that will support progressive policies. Alianza for Progress organizes within its communities through voter education, civic engagement, and issue advocacy. Alianza for Progress relies on its members' donations and grants, which are limited resources, to effectuate its mission. Alianza for Progress's members reside throughout Florida.

33.    Plaintiff Alianza Center is a community-centered 501(c)(3) organization with a mission to register, educate, and increase political engagement and leadership within the Puerto Rican and Hispanic communities in Florida. In support of its mission, Alianza Center engages in extensive voter registration, voter education, and voter engagement work.

34.    Alianza for Progress and Alianza Center (together, "Alianza Plaintiffs") are registered 3PVROs in Florida. In support of their mission, Alianza Plaintiffs organize and participate in voter registration drives, engage in community outreach to educate their constituents about the voting process and the importance of exercising the right to vote, and run digital organizing and communications campaigns directed at Florida's Puerto Rican and Latinx communities, who are at

- 16 -

an increased risk of disenfranchisement because of language barriers, recent migration, economic disadvantage, and other structural barriers to effective political speech and association.

35.    SB 7050's new provisions restricting and penalizing 3PVROs directly harm Alianza Plaintiffs' organizational goals and missions. The threat of significant fines for late applications and noncitizen canvassers makes acting as a 3PVRO cost prohibitive, as hundreds of thousands of dollars in fines would effectively defund these organizations. To the extent Alianza Plaintiffs are able to continue voter registration activities, SB 7050's restrictions limiting who may manage and collect voter registration applications and requiring 3PVROs to affirm their canvassers' criminal history and citizenship status will force Alianza Plaintiffs to divert their limited resources away from voter education and outreach efforts toward more stringent means of verifying and investigating canvassers' backgrounds, limiting their impact.

36.    In addition, Alianza Plaintiffs will have to expend resources to find and train staff to replace their extremely robust and professional group of canvassers who are no longer able to assist solely because of their citizenship status. Many of Alianza Plaintiffs' canvassers are legal resident noncitizens dedicated to advancing voting rights in Florida's Latinx communities. Without the help of these individuals,

- 17 -

Alianza Plaintiffs would be unable to continue their operations at full capacity and their voter registration work would be severely diminished.

37.     Alianza Plaintiffs maintain contact information for people they help register to vote, not only to ensure that their members and canvassers are providing excellent and effective assistance, but also for future GOTV efforts and voter advocacy. SB 7050's provision banning voter information retention limits Alianza Plaintiffs' ability to associate with these voters and communicate a pro-voting message about the importance of participating in the electoral process.

38.     In addition to the direct harms to these organizations, Alianza Plaintiffs' members and canvassers are also harmed by SB 7050 because they include legal noncitizen residents who can no longer engage in voter registration efforts.

39.     Additionally, Alianza Plaintiffs' members and constituents may no longer rely on the support of these organizations, community members, and volunteers to assist them in applying for vote-by-mail ballots—help which is often critical due to language barriers and a lack of immediate family in the State.

40.     Plaintiff UnidosUS is a nonprofit, nonpartisan organization, and one of the largest Latino civil rights and advocacy organizations in the country. UnidosUS has offices in Florida and 18 member-affiliate organizations based or working in the State. UnidosUS's mission is to champion and elevate the Latino community through economic, political, and social empowerment.

- 18 -

41. UnidosUS is a registered 3PVRO in Florida that engages in extensive voter registration efforts, public education, and advocacy to encourage political participation among the communities it serves. UnidosUS conducts voter registration by community canvassing, placement of digital ads, mailers, and direct engagement with voters. And UnidosUS provides support and technical assistance to affiliated non-profit members it works with on voter registration. When UnidosUS and its canvassers and affiliate members register voters, they communicate a pro-voting message about the importance of participating in the electoral process. UnidosUS was responsible for approximately 406,005 voter registrations in Florida since 2008, including approximately 34,000 during the 2022 elections. Of these 406,005 voter registrations, 370,781 were from community canvassing.

42. SB 7050's new restrictions on the criminal history and citizenship status of 3PVRO canvassers will force UnidosUS to expend its limited resources verifying and investigating canvassers' backgrounds and will significantly decrease the number of skilled canvassers available to the organization, limiting its impact. At least 80% of UnidosUS's canvassers are legal noncitizen residents. UnidosUS would have to rebuild its entire voter registration program if it is unable to rely on these canvassers.

43. The new and increased fines and criminal penalties for violations of SB 7050's 3PVRO regulations also threaten substantial economic harm to UnidosUS

- 19 -

and will deter the organization from engaging in voter registration. What's more, the prohibition against retaining voter information limits UnidosUS's ability to associate with these voters through further conversations aimed at encouraging the voters it registers to participate in the political process.

44.     In addition to the direct harms to UnidosUS as an organization, SB 7050 threatens to deny its citizen constituents the opportunity to vote. SB 7050's chilling effect on 3PVROs will result in fewer avenues and resources for UnidosUS's citizen constituents to register to vote.

45.     Additionally, under SB 7050, Latino community members—many of whom are non-English or limited-English speakers—may no longer rely on UnidosUS, other community organizations, friends, caretakers, or non-immediate family members to help them apply for vote-by-mail ballots. And prohibiting noncitizens from handling voter registration directly harms UnidosUS's noncitizen canvassers who can no longer work on behalf of UnidosUS and engage in voter registration.

46.     Plaintiff Florida Alliance for Retired Americans ("Florida Alliance") is a 501(c)(4) nonprofit, social welfare organization. It has 180,000 members throughout Florida's 67 counties, including retirees from public and private sector unions and community organizations, and is a chartered state affiliate of the Alliance

App.000169

for Retired Americans. Florida Alliance's mission is to ensure social and economic justice and full civil rights that retirees have earned after a lifetime of work.

47.    SB 7050 limits who may assist a voter in requesting a vote-by-mail ballot, which directly harms Florida Alliance's members, many of whom are living with disabilities or do not speak or read English and who, as a result of SB 7050's new limitations on who may assist voters in requesting mail ballots, can no longer utilize the assistance of friends, neighbors, and caregivers in requesting their vote-by-mail ballots.

48.    Plaintiff Santiago Mayer is the Executive Director of VOT. He founded VOT in 2019 when he was 18 years old. Mr. Mayer is a legal permanent resident but not a citizen of the United States. He has previously engaged in voter registration efforts in Florida and, prior to SB 7050, intended to return to Florida this year to help register voters. He also interacts with data related to Florida voters that is collected by partner 3PVROs in Florida. Because of SB 7050, Mr. Mayer may not participate in any Florida voter registration this year and may not handle any Florida voter registration data.

49.    Plaintiff Esperanza Sánchez (together with Mr. Mayer "Individual Plaintiffs") is an organizer at UnidosUS. She is a legal permanent resident but not a citizen of the United States. She makes $24 per hour as an organizer for UnidosUS. Ms. Sánchez has distributed and collected voter registration applications on behalf

- 21 -

of UnidosUS. She takes pride in her work and relies on the income that she makes

through it. But because of SB 7050, she can no longer do this work.

50.     SB 7050 precludes noncitizens from "collecting" or "handling" voter

registration materials in a manner that directly harms Individual Plaintiffs, both of

whom have helped register voters on behalf of or in coordination with 3PVROs in

the past and, absent SB 7050, would do so in the future. Moreover, Ms. Sánchez

relies on the income she receives from her work registering voters. As a result of SB

7050, she will lose her ability to work with a 3PVRO as a canvasser.

51.     Enjoining SB 7050's new restrictions on 3PVROs would redress

Plaintiffs' injuries because it would allow them to engage in protected speech by

conducting important voter registration work, and to continue to associate with the

voters they register, without the threat of significant financial and criminal penalties.

And Plaintiffs will be able to reallocate their diverted resources to other projects in

service of their missions.

52.     Additionally, enjoining SB 7050's limitation on who may assist voters

in requesting vote-by-mail ballots will restore the ability of Plaintiffs' members and

constituents to seek help from organizations and individuals outside their immediate

families in accessing Florida's vote-by-mail ballot system. And Plaintiffs will be

able to reallocate their diverted resources away from aiding voters in requesting

vote-by-mail ballots to other projects in service of their missions.

App.000171

53.    Because of Defendants' direct roles in enforcing SB 7050's provisions challenged in this lawsuit, the injuries to Plaintiffs and their members are directly traceable to Defendants and are redressable by an injunction against them.

54.    Defendant CORD BYRD is sued in his official capacity as the Secretary of State of Florida. Pursuant to Fla. Stat. § 97.012, the Secretary is the chief elections officer of the State and responsible for the administration of state laws affecting voting. The Secretary's duties consist of, among other things, "[o]btain[ing] and maintain[ing] uniformity in the interpretation and implementation of the election laws." *Id*. § 97.012(1). The Secretary is also tasked with ensuring that county supervisors of elections perform their statutory duties, *see id.* § 97.012(14); is responsible for providing technical assistance to supervisors of elections on voter education, election personnel training services, and voting systems, *see id.* § 97.012(4)-(5); and is responsible for "[p]rovid[ing] written direction and opinions to the supervisors of elections on the performance of their official duties with respect to the Florida Election Code or rules adopted by the Department of State." *Id*. § 97.012(16).

55.    The Secretary's duties also include overseeing the Office of Election Crimes and Security, a division within the Department of State, which is tasked with, among other things, assisting the Department in investigating and reporting allegations of election law violations, reporting findings to the Attorney General or

App.000172

state attorneys, and imposing fines on 3PVROs for violations of Florida's Election Code. *Id*. § 97.022; *see also* Florida Dep't of State, *Office of Election Crimes and Security Report* (Jan. 15, 2023) at 5 ("The OECS assessed statutory fines in the amount of $41,600.00 against those 3PVROs that did not comply with the statutory requirements.").[2]

56.    Defendant ASHLEY MOODY is sued in her official capacity as the Attorney General of Florida. The Attorney General's authority includes overseeing the Office of the Florida Statewide Prosecutor, which has the responsibility to "[i]nvestigate and prosecute any crime involving . . . [v]oting in an election in which a candidate for a federal or state office is on the ballot" or "voter registration." Fla. Stat. § 16.56(1)(c). The Attorney General is specifically tasked with enforcing the newly created and amended civil and criminal penalties against 3PVROs provided in SB 7050. *See id*. § 97.0575(8).

57.    Defendants supervisors of elections, who are sued in their official capacities only, are responsible for administering elections in each of Florida's 67 counties. Their responsibilities include, but are not limited to, administering in-person voting and voting by mail, processing voter registration applications, notifying voters of the disposition of their applications, maintaining voter registration information, updating voter rolls, and canvassing and counting vote-by-

---

[2] Available at https://files.floridados.gov/media/706232/dos-oecs-report-2022.pdf.

- 24 -

mail ballots. *See* Fla. Stat. §§ 98.015, 102.012, 102.072. In this capacity, Defendant Supervisors play a direct role in enforcing the Mail-In Ballot Request Restriction described below.

58.    For the 3PVRO Information Retention Ban and the Canvasser Restriction (described below), the Supervisors have no role in any aspect of enforcement.

59.    For the 3PVRO Fines Provision, the Supervisors play a ministerial role in inputting some of the data as part of their independent duty to process registration applications that the Secretary or Attorney General may later access and use to make enforcement decisions. The Supervisors are not charged with reporting violations of Fla. Stat. § 97.0575 to the Secretary and Attorney General, issuing warnings to 3PVROs, or recommending or imposing fines for violations of rules governing 3PVROs. The uncertainty of the Supervisors' possible involvement in enforcement, and the ability of the Secretary to engage in rulemaking to involve the Supervisors in enforcement, may make the Supervisors necessary parties to assure complete relief.

60.    Defendants supervisors of elections are: KIM BARTON, in her official capacity as Supervisor of Elections for Alachua County; CHRISTOPHER MILTON, in his official capacity as Supervisor of Elections for Baker County; MARK ANDERSEN, in his official capacity as Supervisor of Elections for Bay

- 25 -

County; AMANDA SEYFANG, in her official capacity as Supervisor of Elections for Bradford County; TIM BOBANIC, in his official capacity as Supervisor of Elections for Brevard County; JOE SCOTT, in his official capacity as Supervisor of Elections for Broward County; SHARON CHASON, in her official capacity as Supervisor of Elections for Calhoun County; LEAH VALENTI, in her official capacity as Supervisor of Elections for Charlotte County; MAUREEN "MO" BAIRD, in her official capacity as Supervisor of Elections for Citrus County; CHRIS H. CHAMBLESS, in his official capacity as Supervisor of Elections for Clay County; MELISSA BLAZIER, in her official capacity as Supervisor of Elections for Collier County; TOMI STINSON BROWN, in her official capacity as Supervisor of Elections for Columbia County; MARK F. NEGLEY, in his official capacity as Supervisor of Elections for DeSoto County; STARLET CANNON, in her official capacity as Supervisor of Elections for Dixie County; MIKE HOGAN, in his official capacity as Supervisor of Elections for Duval County; DAVID H. STAFFORD, in his official capacity as Supervisor of Elections for Escambia County; KAITI LENHART, in her official capacity as Supervisor of Elections for Flagler County; HEATHER RILEY, in her official capacity as Supervisor of Elections for Franklin County; SHIRLEY G. KNIGHT, in her official capacity as Supervisor of Elections for Gadsden County; CONNIE SANCHEZ, in her official capacity as Supervisor of Elections for Gilchrist County; ALETRIS FARNAM, in her official capacity as

App.000175

Supervisor of Elections for Glades County; JOHN HANLON, in his official capacity as Supervisor of Elections for Gulf County; LAURA HUTTO, in her official capacity as Supervisor of Elections for Hamilton County; DIANE SMITH, in her official capacity as Supervisor of Elections for Hardee County; BRENDA HOOTS, in her official capacity as Supervisor of Elections for Hendry County; SHIRLEY ANDERSON, in her official capacity as Supervisor of Elections for Hernando County; KAREN HEALY, in her official capacity as Supervisor of Elections for Highlands County; CRAIG LATIMER, in his official capacity as Supervisor of Elections for Hillsborough County; THERISA MEADOWS, in her official capacity as Supervisor of Elections for Holmes County; LESLIE ROSSWAY SWAN, in her official capacity as Supervisor of Elections for Indian River County; CAROL A. DUNAWAY, in her official capacity as Supervisor of Elections for Jackson County; MICHELLE MILLIGAN, in her official capacity as Supervisor of Elections for Jefferson County; TRAVIS HART, in his official capacity as Supervisor of Elections for Lafayette County; ALAN HAYS, in his official capacity as Supervisor of Elections for Lake County; TOMMY DOYLE, in his official capacity as Supervisor of Elections for Lee County; MARK S. EARLEY, in his official capacity as Supervisor of Elections for Leon County; TAMMY JONES, in her official capacity as Supervisor of Elections for Levy County; GRANT CONYERS, in his official capacity as Supervisor of Elections for Liberty County; HEATH DRIGGERS, in his

- 27 -

official capacity as Supervisor of Elections for Madison County; MICHAEL

BENNETT, in his official capacity as Supervisor of Elections for Manatee County;

WESLEY WILCOX, in his official capacity as Supervisor of Elections for Marion

County; VICKI DAVIS, in her official capacity as Supervisor of Elections for

Martin County; CHRISTINA WHITE, in her official capacity as Supervisor of

Elections for Miami-Dade County; JOYCE GRIFFIN, in her official capacity as

Supervisor of Elections for Monroe County; JANET H. ADKINS, in her official

capacity as Supervisor of Elections for Nassau County; PAUL A. LUX, in his

official capacity as Supervisor of Elections for Okaloosa County; MELISSA

ARNOLD, in her official capacity as Supervisor of Elections for Okeechobee

County; BILL COWLES, in his official capacity as Supervisor of Elections for

Orange County; MARY JANE ARRINGTON, in her official capacity as Supervisor

of Elections for Osceola County; WENDY SARTORY LINK, in her official

capacity as Supervisor of Elections for Palm Beach County; BRIAN E. CORLEY,

in his official capacity as Supervisor of Elections for Pasco County; JULIE

MARCUS, in her official capacity as Supervisor of Elections for Pinellas County;

LORI EDWARDS, in her official capacity as Supervisor of Elections for Polk

County; CHARLES OVERTURF, in his official capacity as Supervisor of Elections

for Putnam County; TAPPIE A. VILLANE, in her official capacity as Supervisor of

Elections for Santa Rosa County; RON TURNER, in his official capacity as

Supervisor of Elections for Sarasota County; CHRIS ANDERSON, in his official

capacity as Supervisor of Elections for Seminole County; VICKY OAKES, in her

official capacity as Supervisor of Elections for St. Johns County; GERTRUDE

WALKER, in her official capacity as Supervisor of Elections for St. Lucie County;

WILLIAM KEEN, in his official capacity as Supervisor of Elections for Sumter

County; JENNIFER MUSGROVE KINSEY, in her official capacity as Supervisor

of Elections for Suwannee County; DANA SOUTHERLAND, in her official

capacity as Supervisor of Elections for Taylor County; DEBORAH K. OSBORNE,

in her official capacity as Supervisor of Elections for Union County; LISA LEWIS,

in her official capacity as Supervisor of Elections for Volusia County; JOSEPH

MORGAN, in his official capacity as Supervisor of Elections for Wakulla County;

RYAN MESSER, in his official capacity as Supervisor of Elections for Walton

County; CAROL F. RUDD, in her official capacity as Supervisor of Elections for

Washington County.

## STATEMENT OF FACTS AND LAW

**I.    The challenged provisions infringe 3PVRO's First Amendment rights
and unlawfully harm voters.**

61.    SB 7050 targets 3PVROs to chill their voter registration and GOTV

efforts and scale back the political participation of the marginalized voter

populations they serve. Each of the challenged 3PVRO restrictions limits 3PVROs'

- 29 -

protected speech and associational activities, thereby reducing the number of voters they register and turn out to vote.

62.   Additionally, SB 7050 unlawfully limits who voters may turn to for help requesting their vote-by-mail ballots. In particular, voters with disabilities and non-English or limited-English speakers may only seek help from immediate family members, in violation of their rights under federal law.

**A. 3PVRO Restrictions**

63.   The challenged provisions infringe 3PVROs' First Amendment rights to engage in core protected political speech and associational activities. First, SB 7050 unjustifiably prohibits lawful noncitizens and those with certain felony histories from conducting voter registration activities on behalf of 3PVROs. Second, it severely increases fines for late-returned voter registration applications and applications inadvertently submitted to the wrong county. Third, it criminalizes retention of voter information for any purpose other than registration, including GOTV efforts and other voter assistance efforts that afford 3PVROs the freedom to associate with the voters they register in service of their missions. These restrictions (together, "3PVRO Restrictions") individually and collectively harm Plaintiffs' ability to advance their missions and reduce the number of voters these organizations can register to vote and turn out—voters who are disproportionately Floridians of color.

- 30 -

## 1. 3PVRO Canvasser Restriction

64.   Among other things, SB 7050 prohibits certain individuals from collecting or handling any voter registration materials, in particular noncitizens, Fla. Stat. § 97.0575(1)(e) ("Citizenship Requirement"), and individuals convicted of certain felonies under the Election Code, Fla. Stat. § 97.0575(1)(f) (together, "3PVRO Canvasser Restriction"). A 3PVRO is liable for a $50,000 fine for each prohibited individual who handles applications on behalf of the 3PVRO. There is no limit on the total amount of fines that may be imposed on a single 3PVRO for violating this provision.

65.   The 3PVRO Canvasser Restriction severely harms organizational Plaintiffs in at least two ways.

66.   First, organizations such as Florida NAACP, Alianza Plaintiffs, UnidosUS, and VOT who do or would deploy canvassers, volunteers, and staff to help register voters have no clear way of verifying that each of their canvassers is a citizen and has not been convicted of one of the enumerated felonies. They must rely on the representations of their volunteers. If their canvassers do not accurately disclose their citizenship or relevant felonies, these organizations risk fines that could curtail or even foreclose their ability to engage in voter registration.

67.   The Legislature failed to identify any work-around for 3PVROs acting in good faith. When asked how 3PVROs should ensure compliance with these

App.000180

provisions, SB 7050's sponsor stated that it "would be at the discretion and choice of the organization," but provided no further guidance.

68.     Second, many organizations rely on noncitizen legal residents to assist with voter outreach, voter registration, and GOTV efforts in their communities. For example, Plaintiff Alianza Center mobilizes and registers Floridians with Latinx heritage and works with many noncitizen legal residents to do so. And UnidosUS estimates that at least 80% of its voter registration canvassers are noncitizen legal permanent residents. By prohibiting noncitizens from registering voters in their own communities, SB 7050 reduces the number of canvassers Plaintiffs and other community organizations can recruit and coordinate with to spread their pro-voting messages. Organizations like Plaintiff Alianza Center and UnidosUS, who rely primarily on noncitizens to help register voters, will be forced to severely curtail their work, and all 3PVROs will have to divert significant resources to attempt to verify the citizenship status of remaining canvassers. All of this will ultimately make it harder for the marginalized communities served by these 3PVROs to register to vote.

69.     Similarly, VOT relies on legal noncitizen residents, both members and volunteer canvassers, to conduct voter outreach and advocacy, including voter registration with partner organizations. The Citizenship Requirement deters VOT from registering as a 3PVRO, and prevents its members and volunteer canvassers

App.000181

who are noncitizens from working with other 3PVROs to engage young voters in the State.

70.   Florida NAACP also relies on noncitizen canvassers to solicit and collect voter registration applications. For example, Florida NAACP's college chapters include noncitizen student members who work on civic engagement, voter registration, and other GOTV activities. These students are vital to ensuring that young and newly eligible voters register to vote.

71.   The Citizenship Requirement also harms Individual Plaintiffs. The Requirement prohibits Individual Plaintiffs from collecting or handling voter registration applications, thereby inhibiting their political speech and associational activity, and preventing them from entering into employment contracts with 3PVROs to conduct voter registration. This work is integral to their lives, their livelihoods, and their organizations' missions, and because of the Citizenship Requirement, they will no longer be able to do it.

72.   Throughout the hearings on SB 7050, no legislator offered any policy rationale for the Citizenship Requirement. Instead, when asked during a committee hearing for a justification for this provision, the bill's sponsor stated only that "regarding non-citizens, there are certain rights in our country that only citizens get to enjoy."

- 33 -

73.     At the Senate Session hearing on SB 7050, proponents of the bill stated only that it was a "policy call" despite repeated efforts by opponents to stress the absurdity of restricting legal noncitizen residents from handling voter registration applications, while allowing those same individuals the ability to work for the state of Florida, including for example, the Department of State, Division of Elections, and Department of Highway Safety. No evidence was presented of any noncitizen mishandling voter registration applications. In fact, no legitimate government interest justifies this prohibition.

## 2.     3PVRO Fines Provision

74.     SB 7050 dramatically increases the penalties for late- and incorrectly-returned applications from 3PVROs: (1) $50 per each day late, up to $2,500, for each application received more than 10 (decreased from 14) days after the application was received by the 3PVRO, and $2,500 (up from $250) for each such application if the 3PVRO "acted willfully"; (2) $100 per each day late, up to $5,000, for each late returned application received after the voter registration deadline and an additional $5,000 fine (up from $500) per each such application if the 3PVRO "acted willfully"; and (3) a $5,000 fine (up from $1,000) for any application willfully not submitted to the right division or supervisor of elections. Fla. Stat. § 97.0575(5)(a) ("3PVRO Fines Provision").

- 34 -

75.    SB 7050's 3PVRO Fines Provision also increases the aggregate fines that may be imposed on a single 3PVRO for late-returned applications from $50,000 to $250,000. SB 7050's increase in fines follows significant increases in fines just two years ago. In 2021, Florida increased aggregate fines for late-returned applications from $1,000 to $50,000.

76.    Due to the threat of hundreds of thousands of dollars in fines, 3PVROs—most of whom have highly limited resources—will be deterred from engaging in registration efforts and forced to divert resources to training and compliance, chilling their protected political speech and association activities.

77.    Similarly, other Plaintiff organizations will have to change their GOTV efforts and divert resources to avoid the risk of these significant penalties. For example, Plaintiff DRF has historically held events where voters from all over Florida may register to vote. As a result of the increased fines for applications returned to the wrong county, these organizations may be forced to limit events to registering only voters who reside in a single county. Similarly, Plaintiffs will have to divert multiple additional employees and canvassers to ensure no applications are returned late.

78.    Proponents of this provision could not explain the policy purposes served by these significant increases in fines or any new developments over the past two years requiring additional increases. While SB 7050's supporters claimed the

- 35 -

3PVRO Fines Provision was "based on data and information that we have, um, in, in some of the feedback and we're uncovering with some bad actors," they repeatedly referenced only a single organization's failure to comply with existing regulations of 3PVROs. It was not until closing argument on the bill just before the Senate vote that any other evidence of 3PVRO issues was presented; and even then, the number increased from one 3PVRO to two. As Senator Thompson observed in opposing these provisions, the fines imposed on 3PVROs "are designed . . . to put them out of business, make them go away and those are the organizations that have helped increase participation in democracy."

79.    Proponents' purported justifications at the Senate Session hearing similarly fell short. They argued that "some of the bad actors . . . look at these fines as ultimately the cost of doing business" and so the purpose of the increased fines is to let the organizations know that "we [the Legislature] are serious." But 3PVROs are nonprofit organizations with limited resources, there was no evidence that these so-called "bad actors," of which SB 7050's proponents could identify only one or two, would be deterred from wrongdoing by increased fines, and most importantly, proponents failed to respond to concerns about the deterrent effect these fines would have on the majority of 3PVROs who follow the law.

- 36 -

80.     During the House Session, proponents of the bill described the purpose of the 3PVRO Restrictions as "putting a priority on [] voters' information" but failed to explain how increasing fines for late-returned applications achieves that goal.

81.     As shown by the legislative debates on the 3PVRO Fines Provision, no legitimate state interest is served by the arbitrary and exorbitant increase in fines.

### 3.     3PVRO Information Retention Ban

82.     SB 7050 amends Fla. Stat. § 97.0575(7) (the "Information Retention Ban") to prohibit 3PVROs from retaining *any* identifying information of the voters it registers for any purpose other than registration itself. Doing so is a felony of the third degree, punishable by up to 5 years in prison and up to $5,000 in fines.

83.     By prohibiting 3PVROs from retaining this information, SB 7050 eliminates the protected speech 3PVROs would engage in with voters after they are registered to vote and inhibits 3PVROs' ability to associate with those voters. Plaintiffs Florida NAACP, DRF, Alianza Plaintiffs, and UnidosUS, for example, routinely retain voter information from registration forms to engage with the voters they register to, for example, encourage them to vote, provide polling place and other helpful information about upcoming election-related activities, or generally communicate their pro-voting message. And VOT is deterred from becoming a 3PVRO if they are unable to maintain voter information to be able to contact voters close to the election and encourage them to exercise their right to vote—follow-up

- 37 -

that is especially important with young voters, who are often first-time voters and more likely to vote with encouragement from their peers.

84.    There is no legitimate basis to prevent 3PVROs from retaining voter information—which is required to be publicly available under the National Voter Registration Act, 52 U.S.C. § 20507(i)(1)—for the purpose of engaging in protected speech with voters by encouraging and enabling them to vote.

**B. Mail-In Ballot Request Assistance Restriction**

85.    SB 7050 amends the Florida Election Code to provide that supervisors of elections may accept requests for vote-by-mail ballots "only from a voter or, if directly instructed by the voter, a member of the voter's immediate family or the voter's legal guardian." Fla. Stat. § 101.62(1)(a) ("The Mail-In Ballot Request Restriction"). Previously, Floridians could depend on trusted friends, neighbors, community organizations, and caregivers to request a vote-by-mail ballot.

86.    Immediate family is defined as the voter's spouse, parent, child, grandparent, or sibling, or the parent, child, grandparent, grandchild, or sibling of the voter's spouse. *Id*. § 101.62(1)(d).

87.    Voters who are blind, have a disability, non-English or limited-English speakers, or are unable to read or write are entitled under federal law to choose for themselves who may assist them with the voting process. 52 U.S.C. § 10508.

- 38 -

88.     There are an estimated 2.6 million eligible voters with disabilities in Florida, including many of the Florida Alliance's members and DRF's constituents. Plaintiff DRF works directly with and on behalf of these individuals to ensure they are able to access the franchise, including Florida's vote-by-mail system.

89.     U.S. Census data estimates that 30% of Florida's households, and nearly 3.9 million adults, speak languages other than English at home. Many of Alianza Plaintiffs and UnidosUS's members, canvassers, and volunteers fall into this category, and Alianza Plaintiffs and UnidosUS have historically engaged with and assist voters who do not speak English, or who speak limited English to request vote-by-mail ballots.

90.     These millions of Floridians may not have immediate family as defined under the provision available to assist. For example, partners who are not spouses, friends, roommates, and caregivers are excluded without justification. And Floridians with disabilities, including many of the Alliance's members and DRF's constituents, reside in nursing homes or assisted living facilities away from immediate family members.

91.     The Mail-In Ballot Assistance Restriction prohibits these voters from seeking lawful assistance from the individual of their choice. Worse yet, the Legislature has articulated no policy goal served by this provision.

- 39 -

**II.    The challenged provisions were passed in the wake of two of Florida's "most secure" and successful elections with high turnout.**

92.    SB 7050 was passed under the guise of "election integrity." But the Legislature's purported concerns about election integrity have no basis in actual instances of election fraud or security breaches in the State.

93.    Governor Ron DeSantis has referred to the 2022 election as "one of the most secure" elections in Florida's history. And in his 2021 State of the State address, Governor DeSantis said: "[W]e should take a moment to enjoy the fact that Florida ran perhaps the most transparent and efficient election in the nation in 2020."

94.    Florida legislators have similarly commented on the security of Florida's elections. SB 7050's sponsor stated that Florida is already "the gold standard for elections, and we should be proud of that." And the sponsor of SB 7050's companion bill in the House—HB 7005—commented on the impressive security of Florida's elections.

95.    Florida legislators have also observed that Florida's elections have been marked by high voter turnout, emphasizing that Florida had its third-highest turnout in a midterm election in history in 2022. Turnout in the 2020 election was 77 percent—the highest turnout in 28 years in Florida and one of the highest turnout rates in the State's history.

96.    In the wake of elections that have seen robust voter participation without an accompanied increase in election fraud or other election security

- 40 -

concerns, the Legislature's "election integrity" justification for the harsh restrictions imposed by SB 7050 rings hollow.

97.     The process by which SB 7050 was enacted further reflects the Legislature's apparent determination to arrive at a predetermined outcome regardless of countervailing evidence and the well-recognized impact the bill would have on minority Floridians.

98.     SB 7050 was introduced with just a few weeks remaining in the legislative session. To accommodate the late introduction, legislators moved the bill through the Senate and House simultaneously, rather than sequentially, as their typical protocol dictates.

99.     When legislators first posted SB 7050 on March 30, 2023, it was just two sentences. By the time the first full version of the bill was posted, advocates, staff, and legislators had just 24 hours to review 98 new pages of text before the first public hearing on the bill. During committee hearings on SB 7050, legislators and the public lamented the fact that they had not had the opportunity to read and process the bill because only a few hours passed between the time that SB 7050's sponsors posted the bill and the time of the hearing. For example, as Senator Rosalind Osgood explained, she was forced to "read[] in the wee hours of th[e] morning."

100.    The Senate rushed to complete the second and third reading on the same day so that it could quickly be referred to the House. The House voted to waive its

App.000190

rules in order to read the bill a third time and pass the legislation the same day. The House also limited discussion on the many meritorious amendments to the bill to only two minutes and forty seconds per amendment, which resulted in speakers continually being cut off as they attempted to fit introductions, questions, debate, and closing remarks into a less than three-minute period.

101.   The SB 7050 hearings made clear that these provisions harm Floridians of color and Floridians with disabilities with no legitimate justification. For example, numerous speakers noted that minority communities, including Black and Latinx voters, are significantly more likely to register to vote through a 3PVRO. As one speaker explained, "[t]o be clear . . . eligible Black and Hispanic voters are roughly five times more likely than white voters to rely on community-based voter registration organizations like the ones targeted in this bill."

102.   In fact, just the day before the Legislature enacted SB 7050, the Eleventh Circuit recognized that Floridians of color disproportionately rely on 3PVROS. *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 938 (11th Cir. 2023) ("[E]vidence in the record suggested that the registration-delivery provision imposed compliance costs on the third-party organizations. The finding that the registration-delivery provision will have a disparate impact on black voters is not clearly erroneous."). When the Legislature passed SB 7050, they had

- 42 -

ample, recent, and specific notice of the disproportionate impact of 3PVRO regulations on minorities, and nevertheless doubled down on these restrictions.

103.   When asked during the Senate hearing whether there was evidence of noncitizens or persons with a criminal history mishandling voter registration, the bill's proponent identified only "a couple [] felons" that the State Department was investigating and identified no instances of noncitizens mishandling voter registration applications. Senator Hutson later commented that they wanted to make sure "illegal[s]" were not handling voter registration applications, but SB 7050 does not carve out an exception for legal noncitizens. When pressed for a justification, proponents stated only that it was a "policy call."

104.   Following SB 7050's passage by the Legislature, House Democrats released a statement condemning the bill, noting that "we are moving backwards" and that the Legislature "[doesn't] even wait to see what last year's bill does before we propose the next set of changes." Representative Valdes stated: "[t]his bill targets our young voters, first-time voters, black and Hispanic voters, and organizations that work to get people registered to vote." And Representative Waldron confirmed Plaintiffs' concerns, noting that "changes to third-party voter registration organization laws will have a chilling effect on voter participation."

- 43 -

105.   Senator Davis similarly lamented the bill's passage because "[t]he complete lack of bipartisanship on issues that are this complex and technical means that they never intended to pass this bill in good faith."

## CLAIMS FOR RELIEF

### COUNT I
**Infringement of Free Speech
U.S. Const. amends. I & XIV, 42 U.S.C. § 1983
(3PVRO Restrictions, Fla. Stat. § 97.0575)
Against All Defendants**

106.   Plaintiffs reallege and reincorporate by reference paragraphs 1-105 of this Complaint as though fully set forth herein.

107.   The First Amendment protects against the promulgation of laws "prohibiting the free exercise [of] or abridg[ment] [of] freedom of speech." U.S. Const. amend. I. The First Amendment applies to the states through the Fourteenth Amendment.

108.   Political speech is one of the highest forms of protected speech. *See League of Women Voters v. Hargett*, 400 F. Supp. 3d 706, 722 (M.D. Tenn. 2019) ("[L]aws that govern the political process surrounding elections—and, in particular, election-related speech and association—go beyond merely the intersection between voting rights and election administration, veering instead into the area where 'the First Amendment has its fullest and most urgent application.'") (quoting *Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989)).

- 44 -

109.   Voter registration activities are "the type of interactive communication concerning political change that is appropriately described as 'core political speech.'" *Meyer v. Grant*, 486 U.S. 414, 421–22 (1988); *see also League of Women Voters of Fla. v. Cobb*, 447 F. Supp. 2d 1314, 1332–34 (S.D. Fla. 2006) (same); *VoteAmerica v. Schwab*, 576 F. Supp. 3d 862, 875 (D. Kan. 2021) (collecting cases).

110.   When speakers "'disclose,' 'publish,' or 'disseminate' information, they engage in 'speech.'" *NetChoice v. Att'y Gen., Fla*., 34 F.4th 1196, 1210 (11th Cir. 2022) (quoting *Sorrell v. IMS Health Inc*., 564 U.S. 552, 570 (2011)). Voter registration efforts—including encouraging individuals to register to vote, providing information about how to register to vote, and assisting with registration applications in person and online—are core political speech and a means by which Plaintiffs Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, and VOT communicate their belief in the power and importance of participating in democratic elections.

111.   SB 7050 regulates core protected political speech and other activity "sufficiently imbued with elements of communication." *Spence v. Washington*, 418 U.S. 405, 409 (1974). The 3PVRO Restrictions—both individually and collectively—restrict and chill speech of 3PVROs such as Plaintiffs Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, and VOT, and in some cases eliminate their speech via voter registration activities altogether.

- 45 -

112.   SB 7050 also regulates Individual Plaintiffs' core protected political speech, as it prohibits them from participating in the voter registration process in Florida.

113.   "The proper test to be applied to determine the constitutionality of restrictions on 'core political speech' is strict scrutiny." *Weaver v. Bonner*, 309 F.3d 1312, 1319 (11th Cir. 2002); *Buckley v. Am. Const. L. Found., Inc*., 525 U.S. 182, 207 (1999) (Thomas, J., concurring) (collecting cases and finding that laws that directly regulate core political speech are subject to strict scrutiny). Such "regulations of core political speech" do not require courts to "determine burden first" because "restrictions on core political speech so plainly impose a 'severe burden.'" *Buckley*, 525 U.S. at 208.

114.   Strict scrutiny requires that Florida's 3PVRO Restrictions be narrowly tailored to a compelling state interest. *See Citizens United v. FEC*, 558 U.S. 310, 340 (2010). None of the 3PVRO Restrictions is supported by a legitimate—let alone compelling—state interest sufficient to justify the resulting restrictions on the speech rights of Florida's 3PVROs. And the law is not narrowly tailored to serve any hypothetical interest, as the new regulations dramatically change the status quo.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

> A. Declaring that the 3PVRO Restrictions violate the First and Fourteenth Amendments to the U.S. Constitution;

- 46 -

B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D. Granting such other and further relief as the Court deems just and proper.

## COUNT II
### Infringement of Associational Rights
### U.S. Const. amends. I & XIV, 42 U.S.C. § 1983
### (3PVRO Restrictions, Fla. Stat. § 97.0575)
### Against All Defendants

115. Plaintiffs reallege and reincorporate by reference paragraphs 1-105 of this Complaint as though fully set forth herein.

116. The "freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech." *NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *see also Hadnott v. Amos*, 394 U.S. 358, 364 (1969) ("First Amendment rights '[] include the right to band together for the advancement of political beliefs.'").

117. When individuals or groups "wish to speak and act collectively with others," it "implicat[es] the First Amendment right of association." *League of Women Voters of Fla. v. Browning*, 863 F. Supp. 2d 1155, 1158 (N.D. Fla. 2012).

- 47 -

118.    "An organization's attempt to broaden the base of public participation in and support for its activities is conduct 'undeniably central to the exercise of the right of association.'" *Am. Ass'n of People with Disabilities v. Herrera*, 690 F. Supp. 2d 1183, 1202 (D.N.M. 2010) (citing *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 214–15 (1986)).

119.   This right to associate encompasses "the right to choose how one associates with others." *VoteAmerica*, 576 F. Supp. 3d at 875 (quoting *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 653 (2000) ("As we give deference to an association's assertions regarding the nature of its expression, we must also give deference to an association's view of what would impair its expression.")).

120.   Plaintiffs Florida NAACP, DRF, Alianza Plaintiffs, UnidosUS, VOT, Mr. Mayer, and Ms. Sánchez "wish to speak and act collectively with others" by engaging in efforts to register more voters and garner support for their civic causes. They do so by assisting voters with the completion, collection, and submission of voter registration applications, as well as through GOTV activities following registration. *See Am. Ass'n of People With Disabilities v. Herrera*, 580 F. Supp. 2d 1195, 1229 (D.N.M. 2008) ("Organized voter-registration activities necessarily involve political association, both within the voter-registration organizations and with the citizens they seek to register.").

- 48 -

121.   The 3PVRO Restrictions restrict and chill Plaintiffs' associational activities with voters, and in some cases eliminate their association via voter registration altogether. For example, the Citizenship Requirement prohibits 3PVROs from associating with noncitizens to conduct their voter registration work and prohibits the Individual Plaintiffs from associating with 3PVROs to do voter registration work, and the Information Retention Ban effectively prevents continued communication with voters that organizations engage. And the 3PVRO Fines Provision deters, and even prevents, 3PVROs from engaging in voter registration efforts, thereby limiting who they associate with.

122.   Severe associational burdens are subject to strict scrutiny. *Clingman v. Beaver*, 544 U.S. 581, 586 (2005); *see also Boy Scouts of Am.*, 530 U.S. at 648; *Hargett*, 400 F. Supp. 3d at 722 ("[L]aws that govern the political process surrounding elections—and, in particular, election-related speech and association—go beyond merely the intersection between voting rights and election administration, veering instead into the area where 'the First Amendment has its fullest and most urgent application.'") (quoting *Eu*, 489 U.S. at 223).

123.   Strict scrutiny requires that Florida's 3PVRO Restrictions be narrowly tailored to a compelling state interest. *See Citizens United*, 558 U.S. at 340. None of the 3PVRO Restrictions is supported by a legitimate—let alone compelling—state interest sufficient to justify the resulting restrictions on the association rights of

- 49 -

Florida's 3PVROs. And the law is not narrowly tailored to serve any hypothetical

interest, as the new regulations dramatically change the status quo.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter

judgment:

- A. Declaring that the 3PVRO Restrictions violate the First and Fourteenth Amendments to the U.S. Constitution;

- B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

- C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

- D. Granting such other and further relief as the Court deems just and proper.

**<u>COUNT III</u>**
**Equal Protection Clause**
**U.S. Const. amend. XIV 42 U.S.C. § 1983**
**(Citizenship Requirement, Fla. Stat. § 97.0575(1)(e))**
**Against Defendants Byrd and Moody**

124.   Plaintiffs reallege and incorporate by reference paragraphs 1-105 of this

Complaint as though set forth fully herein.

125.   The Fourteenth Amendment to the United States Constitution provides

that "[n]o State shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; nor shall any State deprive any person

App.000199

of life, liberty, or property, without due process of law; nor deny to any person within

its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

126.   SB 7050 violates the Equal Protection Clause of the Fourteenth

Amendment to the U.S. Constitution by prohibiting noncitizens, including

Individual Plaintiffs and Florida NAACP, Alianza Plaintiffs, UnidosUS, and VOT's

members, volunteers, and canvassers, from collecting or handling voter registration

applications without any legitimate justification for doing so, thus denying

noncitizens equal protection of the law.

127.   "Classifications based on alienage, like those based on nationality or

race, are inherently suspect and subject to close judicial scrutiny. Aliens as a class

are a prime example of a 'discrete and insular' minority . . . for whom such

heightened judicial solicitude is appropriate." *Graham v. Richardson*, 403 U.S. 365,

372 (1971).

128.   A state law that delineates based on a suspect classification—like

noncitizens—"bears a heavy burden of justification." *Appl. of Griffiths*, 413 U.S.

717, 721 (1973). Where a state law adopts a suspect classification like this one, "a

State must show that its purpose or interest is both constitutionally permissible and

substantial, and that its use of the classification is necessary to the accomplishment

of its purpose or the safeguarding of its interest." *Id.* at 721–22 (alterations and

footnotes omitted).

App.000200

129.   "Resident aliens, like citizens, pay taxes, support the economy, serve in the Armed Forces, and contribute in myriad other ways to our society. It is appropriate that a State bear a heavy burden when it deprives them of [] opportunities." *Id.* at 722.

130.   SB 7050's Citizenship Requirement expressly singles out noncitizens and prohibit them from helping to register voters without any justification, apart from the circular reasoning that they are not citizens of the United States and, therefore, are not entitled to all of the privileges of citizens. This is a wholly insufficient reason to deprive them of the opportunity to engage in the political process through helping people register to vote.

131.   That noncitizens are refused certain privileges has nothing to do with their right to associate and engage in protected speech. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (noncitizen U.S. residents receive constitutional protections, including under the First Amendment). Nor does it justify infringing 3PVROs' associational and speech rights. *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972) (recognizing protected First Amendment right to associate with noncitizen).

132.   Defendants cannot satisfy their heavy burden of explaining why excluding noncitizens from handling voter registration applications is narrowly tailored to further a sufficiently weighty state interest.

App.000201

133.   SB 7050's Citizenship Requirement separately violates the Fourteenth Amendment to the United States Constitution because it was purposefully enacted, at least in part, with an intent to discriminate against noncitizens.

134.   *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and later case law require considering several factors about the law and its adoption to demonstrate discriminatory intent, including (1) the impact of the official action; (2) the historical background of the decision; (3) the specific sequence of events leading up to its passage; (4) departures from the normal procedural sequence; (5) the legislative history, including legislative statements; (6) the foreseeability of the disparate impact; (7) knowledge of intent; and (8) the availability of less discriminatory alternatives. *League of Women Voters of Fla. Inc.*, 66 F.4th at 922.

135.   Those factors are met here. SB 7050's Citizenship Requirement will exclude, without exception, noncitizens from handling voter registration applications. Florida NAACP, Alianza Plaintiffs, UnidosUS, and VOT have members and canvassers who will be impacted by this requirement, and Individual Plaintiffs will be precluded from participating in voter registration because of it. Proponents of the Citizenship Requirement did not shy away from expressing that the purpose of the provision was to exclude noncitizens. When asked during a

- 53 -

committee hearing for a justification, the bill's sponsor stated, "regarding non-citizens, there are certain rights in our country that only citizens get to enjoy."

136.   At the Senate Session hearing, proponents of the bill stated only that it was a "policy call" despite repeated efforts by opponents to stress the absurdity of restricting legal noncitizen residents from handling voter registration applications, while allowing those same individuals the ability to work for the state of Florida, including for example, the Department of State, Division of Elections, and Department of Highway Safety. No evidence was presented of any noncitizen mishandling voter registration applications.

137.   The Legislature is therefore targeting noncitizens because of their status and nothing more.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

      A. Declaring that the Citizenship Requirement violates the Fourteenth Amendment to the U.S. Constitution;

      B. Declaring that the Citizenship Requirement was enacted with discriminatory intent in violation of the Fourteenth Amendment to the U.S. Constitution;

      C. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provision;

      D. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

App.000203

E. Granting such other and further relief as the Court deems just and proper.

**COUNT IV**
**Equal Rights Under the Law**
**42 U.S.C. § 1981**
**(Citizenship Requirement, Fla. Stat. § 97.0575(1)(e))**
**Against Defendants Byrd and Moody**

138.   Plaintiffs reallege and incorporate by reference paragraphs 1-105 of this Complaint as though set forth fully herein.

139.   SB 7050's Citizenship Requirement interferes with noncitizens', including Individual Plaintiffs', rights "to make and enforce contracts," in direct conflict with 42 U.S.C. § 1981.

140.   Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens" and "shall be subject to like punishment, pains, penalties, . . . and to no other." 42 U.S.C. § 1981(a). "The protection of this section has been held to extend to aliens as well as to citizens." *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 419 (1948).

141.   As a legal permanent resident who works with UnidosUS as an organizer, Plaintiff Sánchez is protected under Section 1981. The Citizenship Requirement uniquely restricts noncitizens like Plaintiff Sánchez's ability to pursue a livelihood by obtaining and maintaining employment with 3PVROs.

- 55 -

142.   The Supremacy Clause of the United States Constitution provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2. State law must give way to federal law where they conflict, including where "the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," it is preempted by federal law. *Arizona v. United States*, 567 U.S. 387, 399 (2012) (quotation marks and citation omitted).

143.   The Citizenship Requirement directly conflicts with, and stands as an obstacle to, the purpose of Section 1981 because it denies noncitizens the same rights enjoyed by other Floridians, including the right to enter into employment contracts with 3PVROs to collect and handle voter registration applications. For instance, Plaintiff Sánchez has worked for UnidosUS as a canvasser and organizer since 2015. She relies on that income to support herself, and will be unable to continue her chosen work because the law prohibits her from collecting and handling voter registration applications. As a result, the Citizenship Requirement uniquely restricts noncitizens' ability to pursue a livelihood by obtaining and maintaining employment with 3PVROs.

144.   By prohibiting noncitizens like Plaintiff Sánchez from collecting and handling voter registration applications on behalf of 3PVROs, the Citizenship

App.000205

Requirement interferes with their right to "make and enforce" employment contracts with 3PVROs. 42 U.S.C. § 1981(a). And because the Citizenship Requirement interferes with Congress's express intent to give legal noncitizens equal rights under federal law, it is preempted under the Constitution's Supremacy Clause.

**COUNT V**
**Equal Protection Clause, U.S. Const. amend. XIV**
**42 U.S.C. § 1983**
**(3PVRO Restrictions, Fla. Stat. § 97.0575)**
**Against All Defendants**

145.   Plaintiffs reallege and reincorporate by reference paragraphs 1-105 of this Complaint as though set forth fully herein.

146.   The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

147.   The 3PVRO Restrictions violate the Fourteenth Amendment to the United States Constitution because they were purposefully enacted, at least in part, with a racially discriminatory intent to discriminate against Black and Hispanic voters and have the effect individually and collectively of denying, abridging, or suppressing the right to vote of otherwise eligible voters on account of race, ethnicity, or color.

- 57 -

148. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and later case law require considering several factors about the law and its adoption to demonstrate discriminatory intent, including (1) the impact of the official action; (2) the historical background of the decision; (3) the specific sequence of events leading up to its passage; (4) departures from the normal procedural sequence; (5) the legislative history, including legislative statements; (6) the foreseeability of the disparate impact; (7) knowledge of intent; and (8) the availability of less discriminatory alternatives. *League of Women Voters of Fla. Inc.*, 66 F.4th at 922.

149. Many of these factors are met here. SB 7050's 3PVRO restrictions will impact Black and Hispanic Floridians with precision, particularly because 3PVROs are five times more likely to register Black and Hispanic voters than white voters, and legislators were well aware of this fact, *see supra* Part II. The legislature hastily introduced the bill, giving legislators and the public little time to digest its contents before hearings and depriving them the opportunity to make informed comments on and amendments to the bill. The legislature also waived its normal procedures to speed up the process. *See supra* Part II. Each of these facts, individually and collectively, supports a strong inference of discriminatory purpose in violation of the Fourteenth Amendment.

- 58 -

150.    The feeble state justifications for SB 7050—election integrity and security—also raise an inference of discriminatory purpose in violation of the Fourteenth Amendment. There is no purpose to the harsh fines and fees levied against 3PVROs in SB 7050 except to stop 3PVROs from registering people who are disproportionately Floridians of color. For example, one speaker testified that "I think the fines that are being imposed on the third-party voter registration organizations are designed . . . to put them out of business, make them go away, and those are the organizations that have helped increase participation in democracy." And as Senator Thomson explained: "What the bill really is about is elections outcome[s] . . . this really is suppression [] just like poll taxes . . . violence against people who wanted to vote . . . intimidation when you had the Ku Klux Klan march through certain communities before voting day, that was suppression and so is this. [] I see different characters but the same objective: [] to make sure only certain people vote." Likewise, there is no reason to prohibit 3PVROs from retaining voter contact information other than to reduce the impact of these organizations. And because it is well known that Black and Hispanic people are significantly more likely to register through a 3PVRO, the clear impact of these provisions will be to reduce the number of Black and Hispanic voters in Florida.

151.    The 3PVRO Restrictions are not narrowly tailored to serve a compelling state interest. Less discriminatory alternatives to the 3PVRO

- 59 -

Restrictions are available, including, among others, maintaining the status quo; prohibiting solely the retention of sensitive voter information like social security numbers while allowing 3PVROs to maintain contact information used for voter engagement; increasing fines only for repeated violations of third-party voter registration laws; and/or limiting the Citizenship Requirement to noncitizens with certain criminal histories.

152.    By enacting the 3PVRO Restrictions, the Legislature intentionally discriminates against Plaintiffs' members, in violation of the Fourteenth Amendment.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

A.    Declaring that the 3PVRO Restrictions were enacted with discriminatory intent in violation of the Fourteenth Amendment to the U.S. Constitution;

B.    Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

C.    Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D.    Granting such other and further relief as the Court deems just and proper.

- 60 -

## COUNT VI
**Vagueness and Overbreadth**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983**
**(3PVRO Canvasser Restriction and Information Retention Ban, Fla. Stat.**
**§ 97.0575(1)(f), (7))**
**Against Defendants Byrd and Moody**

136.   Plaintiffs reallege and reincorporate by reference paragraphs 1-105 of this Complaint as though fully set forth herein.

137.   A vague law is "no law at all." *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Laws can be vague either because they (1) fail to inform people of what they prohibit or (2) lend themselves to arbitrary and discriminatory enforcement. *See Chicago v. Morales*, 527 U.S. 41, 58 (1999); *Papachristou v. Jacksonville*, 405 U.S. 156, 162 (1972). Vague laws are especially pernicious in the First Amendment context, as they "force potential speakers to steer far wider of the unlawful zone than if the boundaries of the forbidden areas were clearly marked." *Wollschlaeger v. Governor, Fla*., 848 F.3d 1293, 1320 (11th Cir. 2017) (en banc) (cleaned up).

138.   An overbroad law violates the First Amendment because it "punishes a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep." *Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003) (quotations omitted). A law can be overbroad if, "in its ambiguity, it also consumes vast swaths

- 61 -

of core First Amendment speech." *Dream Defs. v. DeSantis*, 559 F. Supp. 3d 1238, 1283 (N.D. Fla. 2021).

139.   As explained above, by registering Floridians to vote, and then later encouraging those Floridians to vote, Plaintiffs engage in speech and association protected by the First Amendment. The 3PVRO Canvasser Restriction and the Information Retention Ban restrict this protected activity through their impermissible vagueness.

140.   The Canvasser Restriction is impermissibly vague because it leaves unclear what it means to "handle" "voter registration applications."

141.   "Handl[ing]" a registration application could be to physically touch any application, to possess the application, transport the application, supervise the voter registration process, or participate in the process of soliciting voter registrations at all. For these reasons, the term "handle" in the Canvasser Restriction cannot be understood by a person of ordinary intelligence. This leaves Plaintiffs guessing as to who in their organizations can do what in the voter registration process.

142.   Similarly, the term "voter registration application" is impermissibly vague. For example, a person of ordinary intelligence would not know whether the term "voter registration applications" encompasses only completed applications or blank applications as well.

- 62 -

143.   At the same time, these ambiguities lend themselves to selective enforcement, as the Secretary or Attorney General can decide, after the fact, what conduct is prohibited. Both provisions are thus unconstitutionally vague and violate the Fourteenth Amendment to the United States Constitution.

144.   Because the Canvasser Restriction imposes a $50,000 fine for each infraction, and because of the provision's vagueness, Plaintiff organizations will forgo using any noncitizen canvassers or employees to collect or handle voter registration applications. For several of these organizations, this may force them to halt registration operations altogether. Individual Plaintiffs will also stop such work. As a result, the vagueness of the Citizenship Requirement unlawfully "force[s] potential speakers to steer far wider of the unlawful zone." *Wollschlaeger*, 848 F.3d at 1320 (cleaned up).

145.   The Information Retention Ban, which broadly prohibits "retain[ing] a voter's personal information" "for any reason other than to provide such application or information to the third-party voter registration organization in compliance with this section," is also impermissibly vague. At least two of Ban's phrases, "personal information" and "in compliance with this section," are unconstitutionally vague because a person of ordinary intelligence would not know what "personal information" they are barred from copying or retaining and what it otherwise means to use that information "in compliance with this section." Does "personal

- 63 -

information" include someone's contact information or is it limited to only more sensitive information like a social security number? Does "in compliance with this section" prohibit 3PVROs from retaining personal information to confirm whether applications were accepted or to defend themselves against allegations of mishandling? Or can they retain personal information for their broader voter engagement work? Plaintiffs, their canvassers, and their volunteers are left to guess.

146.   Because SB 7050 leaves these terms undefined, it is susceptible to selective enforcement, as the Secretary or Attorney General may arbitrarily decide whether retained information is "personal" or being used "incompliance with [the] section." In this way too, the Information Retention Ban is impermissibly vague.

147.   Because the Information Retention Ban makes impermissible information retention a felony, and because of the provision's vagueness, Plaintiffs may forgo retaining *any* information about those they register. *See Wollschlaeger*, 848 F.3d at 1320.

148.   In addition, because the Information Retention Ban prevents Plaintiffs from engaging in a substantial amount of protected speech and association—that is all of the speech and association that would occur absent the Ban, including GOTV efforts encouraging Floridians to vote and assisting them to do so—judged in relation to its legitimate sweep, it is also overbroad in violation of the First Amendment. *See Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) ("Overbreadth

App.000213

attacks have also been allowed where the Court thought rights of association were ensnared in statutes which, by their broad sweep, might result in burdening innocent associations.").

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

A. Declaring that the Information Retention Ban violates the First and Fourteenth Amendments to the U.S. Constitution;

B. Declaring that the 3PVRO Canvasser Restriction violates the Fourteenth Amendment to the U.S. Constitution;

C. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from either provision;

D. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

E. Granting such other and further relief as the Court deems just and proper.

<u>**COUNT VII**</u>
**Section 208 of the Voting Rights Act**
**52 U.S.C. § 10508**
**(Mail-In Ballot Request Restriction, Fla. Stat. § 101.62)**
**Against All Defendants**

153.   Plaintiffs reallege and reincorporate by reference paragraphs 1-105 of this Complaint as though fully set forth herein.

154.   Section 208 of the VRA provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may

- 65 -

be given assistance by a person of the voter's choice [with limited exceptions]." 52 U.S.C. § 10508.

155.   The Voting Rights Act defines "vote" to include "all action necessary to make a vote effective in any primary, special, or general election, including, but not limited to, registration, listing pursuant to this chapter, or other action required by law prerequisite to voting, casting a ballot, and having such ballot counted properly." *Id.* § 10310(c)(1). Thus, people who require assistance in the voting process, including assistance in requesting vote-by-mail ballots, are promised the freedom of choice for their assister.

156.   DRF, Florida Alliance, UnidosUS, and Alianza Plaintiffs' members, canvassers, and constituents who are protected under Section 208 have a private right of action under Section 208. *Fla. State Conf. of NAACP v. Lee*, 576 F. Supp. 3d 974, 988–90 (N.D. Fla. 2021).

157.   "In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992).

158.   The Mail-In Ballot Request Restriction unlawfully prevents individuals covered by Section 208 of the VRA, including DRF, Florida Alliance, UnidosUS, and Alianza Plaintiffs' members, canvassers, and constituents, from choosing their

- 66 -

preferred assister and prohibits broad categories of individuals and organizations from providing assistance to eligible voters seeking to request a vote-by-mail ballot.

159.   As such, SB 7050's Mail-In Ballot Request Restriction conflicts with federal law because it limits the right of protected voters from choosing who they want to assist them with the voting process.

160.   The Mail-In Ballot Request Restriction is therefore preempted by federal law and must be declared invalid.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

A. Declaring that the Mail-In Ballot Request Restriction violates Section 208 of the Voting Rights Act, 52 U.S.C. § 10508;

B. Enjoining Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the challenged provisions;

C. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: June 9, 2023                     Respectfully submitted,

Abha Khanna*                            /s/ Frederick S. Wermuth
Makeba Rutahindurwa*                    Frederick S. Wermuth
**ELIAS LAW GROUP LLP**                 Florida Bar No. 0184111
1700 Seventh Ave., Suite 2100           King, Blackwell, Zehnder & Wermuth, P.A.
Seattle, Washington 98101               P.O. Box 1631

App.000216

Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*Admitted *Pro Hac Vice*

Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

*Counsel for Plaintiffs Florida State
Conference of Branches of Youth Units of
the NAACP, Voters of Tomorrow Action,
Inc., Disability Rights Florida, Alianza for
Progress, Alianza Center, UnidosUS,
Florida Alliance for Retired Americans,
Santiago Mayer Artasanchez, and
Esperanza Sánchez*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of June 2023, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111

- 68 -

# Doc.55

**4:23-cv-215**

**Florida State Conference of Branches and Youth Units of the NAACP, et al., v. Cord Byrd, in his official capacity as Florida Secretary of State, et al.**

**(Main Case for Filing)**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP; VOTERS OF TOMORROW
ACTION, INC.; DISABILITY RIGHTS
FLORIDA; ALIANZA FOR PROGRESS;
ALIANZA CENTER; UNIDOSUS;
FLORIDA ALLIANCE FOR RETIRED
AMERICANS; SANTIAGO MAYER
ARTASANCHEZ; and ESPERANZA
SÁNCHEZ,

     *Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Secretary of State of Florida; et al.,

     *Defendants*.

Case No. 4:23-cv-00215-MW-MAF

### PLAINTIFFS' EMERGENCY MOTION
### FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 7.1(L),

Plaintiffs Florida State Conference of Branches and Youth Units of the NAACP,

Voters of Tomorrow Action, Inc., Disability Rights Florida, Alianza for Progress,

Alianza Center, UnidosUS, Santiago Mayer Artasanchez, and Esperanza Sánchez

("Plaintiffs"), for the reasons set forth in the memorandum of law filed concurrently

with this motion as supported by the exhibits and declarations submitted therewith,

respectfully move the Court for an Order under Federal Rule of Civil Procedure 65.

Plaintiffs move for a preliminary injunction against Defendant Secretary Byrd and

Attorney General Moody, enjoining the enforcement of Fla. Stat. § 97.0575(1)(f)

(SB 7050's "Citizenship Requirement") and Fla. Stat. § 97.0575(7) (SB 7050's

"Information Retention Ban"). Specifically, Plaintiffs request that this Court enjoin

enforcement of the Citizenship Requirement as a likely violation of the:

-   First Amendment's guarantee of free speech (Count I);

-   First Amendment's guarantee of freedom of association (Count II);

-   Fourteenth Amendment's Equal Protection Clause (Count III);

-   Right to contract under 42 U.S.C. Section 1981 (Count IV); and

-   Fourteenth Amendment's Due Process Clause for vagueness (Count VI).

Plaintiffs also request that this Court enjoin enforcement of the Information

Retention Ban as a likely violation of the:

-   First Amendment's guarantee of free speech (Count I);

-   First Amendment's guarantee of freedom of association (Count II);

-   Fourteenth Amendment's Equal Protection Clause (Count III); and

-   First and Fourteenth Amendments for overbreadth and vagueness (Count VI).

The Court should grant the motion because Plaintiffs are substantially likely to

succeed on the merits, are irreparably harmed, and the balance of equities and public

interest weighs in Plaintiffs' favor.

App.000220

WHEREFORE, Plaintiffs request that the Court grant Plaintiffs an injunction providing that Defendants Byrd and Moody must take no steps to enforce the Citizenship Requirement, Fla. Stat. § 97.0575(1)(f), or the Information Retention Ban, Fla. Stat. § 97.0575(7), with binding effect on Defendants Byrd in his official capacity as Secretary of State of Florida and Moody in her official capacity as Attorney General of Florida, their officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of the injunction by personal service or otherwise.

## **LOCAL RULE 7.1(B) CERTIFICATION**

Counsel for Plaintiffs, Fritz Wermuth, Esquire, certifies that he conferred with counsel for Defendant Byrd, Mohammed Jazil, and counsel for Defendant Moody, Noah Sjostrom, in a good faith effort to resolve the issues set forth herein on Wednesday, June 7, 2023 and Thursday, June 8, 2023, respectively, and was advised that Defendants will oppose this motion.

## **LOCAL RULE 7.1(F) CERTIFICATION**

The undersigned, Frederick Wermuth, certifies that this motion contains 376 words, excluding the case style and certifications.

Dated: June 9, 2023                          Respectfully submitted,

Abha Khanna*                                 /s/ Frederick S. Wermuth
Makeba Rutahindurwa*                         Frederick S. Wermuth
**ELIAS LAW GROUP LLP**                      Florida Bar No. 0184111

3

1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
mrutahindurwa@elias.law

Lalitha D. Madduri*
Melinda Johnson*
Renata O'Donnell*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
mjohnson@elias.law
rodonnell@elias.law

*Admitted Pro Hac Vice*

**KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

*Counsel for Plaintiffs Florida
State Conference of Branches of
Youth Units of the NAACP, Voters
of Tomorrow Action, Inc.,
Disability Rights Florida, Alianza
for Progress, Alianza Center,
UnidosUS, Florida Alliance for
Retired Americans, Santiago
Mayer, and Esperanza Sánchez*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023 I filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such

filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No.: 0184111

4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP; VOTERS OF TOMORROW
ACTION, INC.; DISABILITY RIGHTS
FLORIDA; ALIANZA FOR PROGRESS;
ALIANZA CENTER; UNIDOSUS;
FLORIDA ALLIANCE FOR RETIRED
AMERICANS; SANTIAGO MAYER
ARTASANCHEZ; and ESPERANZA
SÁNCHEZ,

   *Plaintiffs*,

v.

 CORD BYRD, in his official capacity as
 Secretary of State of Florida; et al.,

   *Defendants*.

Case No. 4:23-cv-00215-MW-MAF

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

EMERGENCY STATUS..................................................................................1

INTRODUCTION ........................................................................................1

ARGUMENT ..............................................................................................4

I.    Legal Standard ................................................................................4

II.   Plaintiffs have standing to pursue preliminary relief barring enforcement of
      the Citizenship Requirement and Information Retention Ban. .......................5

      A.   The Citizenship Requirement injures Plaintiffs. .................................6

      B.   The Information Retention Ban injures Plaintiffs. ...............................11

      C.   The injuries imposed by the Citizenship Requirement and Information
           Retention Ban are traceable to Defendants Byrd and Moody's
           enforcement of SB 7050. ...........................................................12

      D.   Injunctive relief will redress Plaintiffs' harms. ................................14

III.  Plaintiffs are substantially likely to succeed on the merits of their challenge
      to the Citizenship Requirement. ......................................................15

      A.   The Citizenship Requirement facially violates the Equal Protection
           Clause. ..............................................................................15

           1.   Noncitizens are similarly situated to citizens who handle voter
                registration applications. ...................................................17

           2.   Strict scrutiny applies because the Citizenship Requirement targets a
                suspect class and impedes a fundamental right.............................18

           3.   The Citizenship Requirement is not necessary to serve any state
                interest. .......................................................................19

      B.   The Citizenship Requirement violates Plaintiffs' First Amendment
           Rights.................................................................................21

           1.   The Citizenship Requirement burdens core political speech...........21

           2.   The Citizenship Requirement is a content-based restriction on

i

protected speech. ...............................................................................25

    3.  The Citizenship Requirement severely restricts Plaintiffs' associational rights. .......................................................27

C.  The Citizenship Requirement conflicts with Plaintiffs' right to contract under 42 U.S.C. § 1981 and is thus preempted under the Supremacy Clause. .....................................................................30

D.  The Citizenship Requirement is impermissibly vague. ............................32

IV.  Plaintiffs are substantially likely to succeed on the merits of their challenges to the Information Retention Ban. ...............................................34

A.  The Information Retention Ban violates Plaintiffs' First Amendment rights. ....................................................................35

    1.  The Information Retention Ban burdens core political speech.........35

    2.  The Information Retention Ban severely burdens associational rights. ...............................................................36

    3.  The Information Retention Ban cannot satisfy strict scrutiny. .........38

    4.  The Information Retention Ban is overbroad. ...................................39

B.  The Information Retention Ban is impermissibly vague. .......................41

V.  Plaintiffs will suffer irreparable harm absent emergency relief. ...................42

A.  The Citizenship Requirement will cause Plaintiffs irreparable harm. ....42

B.  The Information Retention Ban will cause Plaintiffs irreparable harm. .45

VI.  The remaining preliminary injunction factors weigh in favor of granting the requested relief. ...........................................................................46

CONCLUSION ....................................................................................48

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Ass'n of People with Disabilities v. Herrera*,
    580 F. Supp. 2d 1195 (D.N.M. 2008) ................................................27

*Am. Ass'n of People with Disabilities v. Herrera*,
    690 F. Supp. 2d 1183 (D.N.M. 2010) ................................................29

*Arcia v. Fla. Sec'y of State*,
    772 F.3d 1335 (11th Cir. 2014) ........................................................10

*Arizona v. United States*,
    567 U.S. 387 (2012) ..........................................................................32

*Barrett v. Walker Cnty. Sch. Dist.*,
    872 F.3d 1209 (11th Cir. 2017) ........................................................47

*Bonner v. City of Prichard*,
    661 F.2d 1206 (11th Cir. 1981) (en banc) .........................................5

*Boy Scouts of Am. v. Dale*,
    530 U.S. 640 (2000) ..........................................................................28

*Broadrick v. Oklahoma*,
    413 U.S. 601 (1973) ..........................................................................40

*Brooklyn Branch of the NAACP v. Kosinski*,
    --- F. Supp. 3d ----, No. 21-cv-7667 (KPF), 2023 WL 2185901
    (S.D.N.Y. Feb. 23, 2023) ..................................................................26

*Buckley v. Am. Const. Law Found., Inc.*,
    525 U.S. 182 (1999) ..........................................................................23

*Butler v. Ala. Jud. Inquiry Comm'n*,
    111 F. Supp. 2d 1224 (M.D. Ala. 2000) ...........................................46

*CAMP Legal Def. Fund, Inc. v. City of Atlanta*,
    451 F.3d 1257 (11th Cir. 2006) ..........................................................5

App.000226

*Campbell v. Buckley*,
    203 F.3d 738 (10th Cir. 2000) ....................................................23, 24

*Carillon Imp., Ltd. v. Frank Pesce Int'l. Grp. Ltd.*,
    112 F.3d 1125 (11th Cir. 1997) ...........................................................4

*Chang v. Glynn Cnty. Sch. Dist.*,
    457 F. Supp. 2d 1378 (S.D. Ga. 2006) ...............................................43

*Chicago v. Morales*,
    527 U.S. 41 (1999)..............................................................................32, 42

*Citizens United v. FEC*,
    558 U.S. 310 (2010)...............................................................................30

*City of Austin v. Reagan Nat'l Advert. of Austin, LLC*,
    142 S. Ct. 1464 (2022).........................................................................25

*Clingman v. Beaver*,
    544 U.S. 581 (2005).............................................................................28

*Democratic Exec. Comm. of Fla. v. Lee*,
    915 F.3d 1312 (11th Cir. 2019) ..........................................................47

*Dream Defs. v. DeSantis*,
    559 F. Supp. 3d 1238 (N.D. Fla. 2021) ........................................40, 47

*Duffy v. Bates*,
    No. 1:15-cv-37-MW/GRJ, 2015 WL 1346196 (N.D. Fla. Mar. 24,
    2015) ...................................................................................................17

*Duke Power Co. v. Env't Study Grp.*,
    438 U.S. 59 (1978)..........................................................................13, 14

*Elrod v. Burns*,
    427 U.S. 347 (1976).............................................................................44

*Estrada v. Becker*,
    917 F.3d 1298 (11th Cir. 2019) .....................................................18, 19

*Examining Bd. of Eng'rs, Architects & Surveyors v. Flores de Otero*,
    426 U.S. 572 (1976)....................................................................16, 18, 19

iv

*Falls v. DeSantis*,
    609 F. Supp. 3d 1273 (N.D. Fla. 2022) ....................................................8

*Falls v. DeSantis*,
    No. 4:22-cv-166-MW/MJF, 2022 WL 19333279 (N.D. Fla. Sept.
    8, 2022) ....................................................................................................5

*Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Educ., & Welfare*,
    601 F.2d 199 (5th Cir. 1979) ...................................................................5

*Giovani Carandola, Ltd. v. Bason*,
    303 F.3d 507 (4th Cir. 2002) .................................................................46

*Glenn v. Brumby*,
    663 F.3d 1312 (11th Cir. 2011) .............................................................20

*Graham v. Richardson*,
    403 U.S. 365 (1971)...........................................................................18, 31

*Grayned v. City of Rockford*,
    408 U.S. 104 (1972)...............................................................................32

*Greater Birmingham Ministries v. Sec'y of State of Ala.*,
    992 F.3d 1299 (11th Cir. 2021) ...............................................................7

*Griffin Indus., Inc. v. Irvin*,
    496 F.3d 1189 (11th Cir. 2007) .............................................................17

*Hadnott v. Amos*,
    394 U.S. 358 (1969)...............................................................................27

*Harrell v. Fla. Bar*,
    608 F.3d 1241 (11th Cir. 2010) ...............................................................6

*Hetherington v. Madden*,
    558 F. Supp. 3d 1187 (N.D. Fla. 2021) .................................................24

*Hunt v. Wash. State Apple Advert. Comm'n*,
    432 U.S. 333 (1977).................................................................................8

*Int'l Ass'n of Firefighters, Loc. 2069 v. City of Sylacauga*,
    436 F. Supp. 482 (N.D. Ala. 1977).......................................................43

v

*KH Outdoor, LLC v. City of Trussville*,
        458 F.3d 1261 (11th Cir. 2006) ..................................................44, 47

*League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*,
        66 F.4th 905 (11th Cir. 2023) .........................................................42

*League of Women Voters of Fla., Inc. v. Lee*,
        595 F. Supp. 3d 1042 (N.D. Fla. 2022) .........................................22

*League of Women Voters of Fla. v. Browning*,
        863 F. Supp. 2d 1155 (N.D. Fla. 2012) ....................................27, 47

*League of Women Voters of Fla. v. Cobb*,
        447 F. Supp. 2d 1314 (S.D. Fla. 2006) ...........................................24

*League of Women Voters v. Hargett*,
        400 F. Supp. 3d 706 (M.D. Tenn. 2019) ...................................22, 23

*Link v. Diaz*,
        No. 4:21-cv-271-MW/MAF, 2023 WL 2984726 (N.D. Fla. Apr.
        17, 2023) .........................................................................................6

*Lujan v. Defs. of Wildlife*,
        504 U.S. 555 (1992)......................................................................5, 13

*Mass. Bd. of Retirement v. Murgia*,
        427 U.S. 307 (1976).....................................................................16, 19

*McCullen v. Coakley*,
        573 U.S. 464 (2014).........................................................................26

*Meyer v. Grant*,
        486 U.S. 414 (1988)............................................................22, 23, 36

*Moody v. Holman*,
        887 F.3d 1281 (11th Cir. 2018) .......................................................14

*NAACP v. Alabama*,
        357 U.S. 449 (1958).........................................................................27

*NAACP v. Button*,
        371 U.S. 415 (1963)............................................................33, 37, 38

App.000229

*Nat'l Inst. of Family & Life Advocates v. Becerra*,
    138 S. Ct. 2361 (2018).................................................................26

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*,
    896 F.2d 1283 (11th Cir. 1990) ..............................................46

*NetChoice, LLC v. Attorney General, Fla.*,
    34 F.4th 1196 (11th Cir. 2022) ......................................26, 44, 46, 47

*Nordlinger v. Hahn*,
    505 U.S. 1 (1992)......................................................................17

*Otto v. City of Boca Raton, Fla.*,
    981 F.3d 854 (11th Cir. 2020) ..........................................30, 47

*Papachristou v. Jacksonville*,
    405 U.S. 156 (1972)..................................................................32

*Piercy v. Maketa*,
    480 F.3d 1192 (10th Cir. 2007) ..............................................7

*Pleasant v. Lovell*,
    876 F.2d 787 (10th Cir. 1989) ..............................................37

*Roberts v. U.S. Jaycees*,
    468 U.S. 609 (1984)..................................................................37

*Speech First, Inc. v. Cartwright*,
    32 F.4th 1110 (11th Cir. 2022) ..........................................6, 7

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*,
    554 U.S. 269 (2008)..................................................................14

*Support Working Animals, Inc. v. DeSantis*,
    457 F. Supp. 3d 1193 (N.D. Fla. 2020) ..............................16, 19

*Support Working Animals, Inc. v. Gov. of Fla.*,
    8 F.4th 1198 (11th Cir. 2021) ..........................................13, 15

*Takahashi v. Fish & Game Comm'n*,
    334 U.S. 410 (1948)..................................................................30

App.000230

*United States v. Davis*,
   139 S. Ct. 2319 (2019)................................................................32

*United States v. Virginia*,
   518 U.S. 515 (1996)................................................................20

*Virginia v. Hicks*,
   539 U.S. 113 (2003)................................................................40

*VoteAmerica v. Schwab*,
   576 F. Supp. 3d 862 (D. Kan. 2021)....................................29

*VoteAmerica v. Schwab*,
   No. 21-2253-KHV, 2023 WL 3251009 (D. Kan. May 4, 2023) ...............*passim*

*Walters v. Fast AC, LLC*,
   60 F.4th 642 (11th Cir. 2023) ...............................................13

*Weaver v. Bonner*,
   309 F.3d 1312 (11th Cir. 2002) ............................................24

*Wilding v. DNC Servs. Corp.*,
   941 F.3d 1116 (11th Cir. 2019) ............................................13

*Wollschlaeger v. Governor, Fla.*,
   848 F.3d 1293 (11th Cir. 2017) (en banc) ................6, 33, 41, 42

**Statutes**

18 U.S.C. § 1028 ......................................................................39

18 U.S.C. § 2725 ......................................................................41

42 U.S.C. § 1981 ..............................................................*passim*

52 U.S.C. § 20507(i)(1) ..........................................................39

Fla. Stat. § 16.56(1)(c)5 .........................................................14

Fla. Stat. § 97.012 ...................................................................13

Fla. Stat. § 97.022 ...................................................................14

App.000231

Fla. Stat. § 97.0575 ....................................................................*passim*

Fla. Stat. § 112.181(1)(d)2 ..................................................33

Fla. Stat. § 119.0712(2)(b) ..................................................41

Fla. Stat. § 219.06(1) ...........................................................33

Fla. Stat. § 501.171(1)(g) ....................................................41

Fla. Stat. § 600.041 ..............................................................33

Fla. Stat. § 817.568 ..............................................................18

## Other Authorities

Fla. Dep't of State, *Office of Election Crimes and Security Report*
(Jan. 15, 2023), https://files.floridados.gov/media/706232/dos-
oecs-report-2022.pdf ...........................................................14

Handle, *Merriam-Webster's New Collegiate Dictionary* (7th ed.) ........................33

U.S. Const. amend. XIV ........................................................16

U.S. Const., art. VI, cl. 2.......................................................31

App.000232

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs seek a preliminary injunction prohibiting Defendants Cord Byrd in his official capacity as Secretary of State of Florida and Ashley Moody in her official capacity as Attorney General of Florida ("Defendants")[1] from enforcing Fla. Stat. § 97.0575(1)(f) ("Citizenship Requirement") and Fla. Stat. § 97.0575(7) ("Information Retention Ban"). In support, Plaintiffs state as follows:

## EMERGENCY STATUS

Plaintiffs seek emergency injunctive relief under L.R. 7.1(L) because irreparable harm will occur on July 1, 2023, when the challenged provisions of Senate Bill 7050 take effect.

\*     \*     \*

## INTRODUCTION

This case arises from Florida's latest assault on the franchise: Senate Bill 7050 ("SB 7050") levies a host of sweeping and significant penalties and proscriptions on third-party voter registration organizations ("3PVROs") and the individuals they represent and register to vote. It is no secret that 3PVROs primarily serve minority and other marginalized Floridians. Yet over strenuous objections from lawmakers,

---

[1] Plaintiffs also named Florida's 67 county supervisors of elections as defendants for Plaintiffs' 3PVRO Fines Provision claims (Counts I, II, and V) and Mail-In Ballot Request Restriction claim (Count VII). *See* ECF No. 52 (Amended Complaint). Because Plaintiffs do not move for injunctive relief on those provisions at this time, this motion is directed only at the Secretary and Attorney General.

community leaders, and 3PVRO representatives about the discriminatory impact that the bill would have on these communities and the dearth of evidence demonstrating a legitimate purpose behind any of the enacted changes, the Florida Legislature pushed SB 7050 through each chamber and Governor DeSantis signed it into law on May 24, 2023. Minutes later, Plaintiffs Florida State Conference of Branches and Youth units of the NAACP ("Florida NAACP"), Voters of Tomorrow Action, Inc. ("VOT"), Disability Rights Florida, Inc. ("DRF"), Florida Alliance for Retired Americans ("Florida Alliance"), Alianza for Progress and Alianza Center (together "Alianza"), and UnidosUS filed suit challenging multiple provisions under the U.S. Constitution and Voting Rights Act.

Plaintiffs now seek a preliminary injunction enjoining Defendants from enforcing two of SB 7050's provisions that will impose immediate and irreparable harm to Plaintiffs the moment the bill goes into effect on July 1: (1) the prohibition on noncitizens conducting voter registration, Fla. Stat. § 97.0575(1)(f) (the "Citizenship Requirement"), and (2) the ban on 3PVRO retention of voter contact information, Fla. Stat. § 97.0575(7) (the "Information Retention Ban"). Both provisions threaten to diminish or even decimate Plaintiffs' ability to engage in core political speech and association through voter registration.

The Citizenship Requirement prohibits noncitizens from "collecting or handling voter registration applications on behalf of" 3PVROs. Fla. Stat.

2

§ 97.0575(1)(f). Any violation renders a 3PVRO "liable for a fine in the amount of $50,000 for each such person," without any cap on the total fines that may be assessed. *Id.* This facially discriminatory provision's impact on noncitizens engaging in voter registration activity is self-evident. Their work is not only constitutionally protected, it is vital to the operations of Plaintiff 3PVROs, in which noncitizens form an integral part of the organizations' members, canvassers, and employees. The Citizenship Requirement violates equal protection, infringes on Plaintiffs' First Amendment rights to free speech and association, interferes with their right to contract, and employs vague terminology to impose harsh penalties. Each of these claims leads to the same conclusion: the Citizenship Requirement cannot stand.

The Information Retention Ban prohibits copying or retaining "a voter's personal information" for any purpose "other than to provide such application or information to the [3PVRO] in compliance with this section." Fla. Stat. § 97.0575(7). Doing so is a felony of the third degree. *Id.* But retaining voter contact information is essential to Plaintiff 3PVROs' civic engagement, particularly their get-out-the-vote ("GOTV") work. The threat of criminal penalties all but assures that these organizations will be unable to engage with the voters they register to promote their pro-voting message, in violation of their First Amendments rights.

3

Without this Court's immediate intervention, the Citizenship Requirement and Information Retention Ban will severely stifle—and in some cases suspend—Plaintiff 3PVROs' ability to conduct voter registration and communicate their pro-voting message to turn out more voters, to the detriment of Plaintiffs, the historically marginalized populations they serve, and the public interest. There is no countervailing harm to the state from a preliminary injunction preserving the status quo; indeed, the challenged provisions serve no identifiable state interests. The equities thus weigh overwhelmingly in favor of preserving Plaintiffs' constitutional rights. This Court should preliminarily enjoin enforcement of the Citizenship Requirement and Information Retention Ban.

## ARGUMENT

### I.    Legal Standard

Plaintiffs seeking preliminary injunctive relief must establish: (1) a substantial likelihood of success on the merits; (2) they will suffer irreparable harm absent emergency relief; (3) any harm Defendants may face is outweighed by Plaintiffs' harm; and (4) the injunction will not disserve the public interest. *Carillon Imp., Ltd. v. Frank Pesce Int'l. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). No one factor controls; courts must consider the factors jointly, and a strong showing on one may

App.000236

compensate for a weaker showing on another. *Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Educ., & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979).[2]

Plaintiffs satisfy each of the factors, entitling them to preliminary injunctive relief against the enforcement of SB 7050's Citizenship Requirement and Information Retention Ban, both of which will immediately and significantly disrupt Plaintiffs' ability to engage in vital voter registration and engagement upon taking effect on July 1, in violation of Plaintiffs' First and Fourteenth Amendment rights.

## II.   Plaintiffs have standing to pursue preliminary relief barring enforcement of the Citizenship Requirement and Information Retention Ban.

Each Plaintiff has standing to challenge the Citizenship Requirement, the Information Retention Ban, or both. To establish standing for each claim, Plaintiffs must show a likelihood that (1) they have suffered an injury-in-fact that is (2) traceable to Defendants and that (3) can be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1273 (11th Cir. 2006); *Falls v. DeSantis*, No. 4:22-cv-166-MW/MJF, 2022 WL 19333279, at *2 (N.D. Fla. Sept. 8, 2022) (citation omitted) (explaining that plaintiffs' "affirmative burden of showing a likelihood of success on the merits . . . depends on a likelihood that [a] plaintiff has standing").

---

[2] Fifth Circuit decisions issued prior to 1981 are controlling on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

App.000237

The injury-in-fact requirement applies "most loosely where First Amendment rights are involved, lest free speech be chilled even before the law or regulation is enforced." *Harrell v. Fla. Bar*, 608 F.3d 1241, 1254 (11th Cir. 2010). A plaintiff "can bring a pre-enforcement suit when he has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution." *Wollschlaeger v. Governor, Fla.*, 848 F.3d 1293, 1304 (11th Cir. 2017) (en banc) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (cleaned up)). And where "a challenged law or rule was recently enacted, or if the enforcing authority is defending the challenged law or rule in court, an intent to enforce the rule may be inferred." *Harrell*, 608 F.3d at 1257. "Ultimately, for self-censorship injuries, '[t]he fundamental question . . . is whether the challenged policy 'objectively chills' protected expression.'" *Link v. Diaz*, No. 4:21-cv-271-MW/MAF, 2023 WL 2984726, at *6 (N.D. Fla. Apr. 17, 2023) (citing *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1120 (11th Cir. 2022)). In fact, "litigants who are being chilled from engaging in constitutional activity suffer a discrete harm independent of enforcement, and that harm creates the basis for our jurisdiction." *Cartwright*, 32 F.4th at 1120 (cleaned up).

## A. The Citizenship Requirement injures Plaintiffs.

Plaintiffs will suffer both direct and associational injury from the Citizenship

6

Requirement. *First*, Santiago Mayer Artasanchez ("Santiago Mayer") and Esperanza Sánchez are injured by the Citizenship Requirement because as noncitizens they are expressly targeted by the provision and entirely prohibited from engaging in voter registration on behalf of 3PVROs. *See, e.g.*, *Piercy v. Maketa*, 480 F.3d 1192, 1204 (10th Cir. 2007) ("Once facial discrimination has been established . . . we review only to see . . . if the affected person is a member of the discriminated class for purposes of standing"); Ex. 8 ("Sánchez Decl.") ¶ 18; Ex. 7 ("Mayer Decl.") ¶ 11.[3] The impact to these individual Plaintiffs' ability to engage in core protected speech—and, in some instances, to do their jobs and contract with their employers— will be immediate and absolute.

*Second*, organizational Plaintiffs Alianza, UnidosUS, Florida NAACP, and VOT have associational standing to challenge the Citizenship Requirement on behalf of their members. An organization may sue on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Greater Birmingham Ministries v. Sec'y of State of Ala.*, 992 F.3d 1299, 1316 (11th Cir. 2021) ("*GBM*"). As set forth above, Plaintiffs'

---

[3] All exhibits are attached to the Notice of Filing Exhibits to the Declaration of Abha Khanna, ECF No. 54, and are referenced in the Declaration filed herewith.

App.000239

noncitizen members and canvassers are directly injured by the facially discriminatory Citizenship Requirement. The Citizenship Requirement strikes at the heart of the voter registration process, which is critical to the core mission of each organization. Ex. 6 ("VOT Decl.") ¶ 5; Ex. 5 ("Unidos Decl.") ¶¶ 5, 10. And neither the claims asserted nor the relief requested "requires individualized proof and both are thus properly resolved in a group context." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 344 (1977).

*Third*, Plaintiffs Alianza and UnidosUS also have employer standing on behalf of their noncitizen employees. An employer may sue on behalf of its employees when "they have (1) a 'close relationship with the person who possesses the right,' and (2) 'there is a hindrance to the possessor's ability to protect his own interests.'" *Falls v. DeSantis*, 609 F. Supp. 3d 1273, 1285 (N.D. Fla. 2022) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)). Alianza and UnidosUS's noncitizen employees have a close relationship with the organizations themselves, sharing the same mission, purpose, and community. Ex. 10 ("Alianza Decl.") ¶ 19; Sánchez Decl. ¶ 4. And noncitizen canvassers are hindered in their own ability to protect their interests given their increased vulnerability as noncitizens, particularly in light of Florida's recent history. *See* Ex. 14 (LA Times, *Florida's anti-immigrant bill continues DeSantis' campaign of cruelty* (April 13, 2023)). In fact, several noncitizen canvassers who work with Alianza and UnidosUS have expressed

8

concerns about coming forward and participating in the lawsuit for fear of retribution and further restrictions on their livelihoods. Alianza Decl. ¶ 21; Unidos Decl. ¶ 15.

*Fourth*, the Citizenship Requirement directly injures Alianza, UnidosUS, Florida NAACP, and VOT by reducing the number of canvassers who may register voters on their behalf. These organizations routinely deploy noncitizen canvassers to register voters, but will no longer be able to do so once the Citizenship Requirement goes into effect. Alianza Decl. ¶¶ 8, 14–15, 19–20; Unidos Decl. ¶¶ 14, 26; VOT Decl. ¶¶ 10, 17; Ex. 12 ("FL NAACP Decl.") ¶ 22; Ex. 13 ("Volusia NAACP Decl.") ¶¶ 7, 10–12. And because Alianza and UnidosUS rely so heavily on noncitizen canvassers, their voter registration efforts in particular will be severely curtailed. Alianza Decl. ¶¶ 19, 22; Unidos Decl. ¶¶ 26–41. Losing access to these noncitizen canvassers who have built longstanding community connections will also diminish Plaintiffs' ability to accomplish their missions effectively. Alianza Decl. ¶¶ 19, 22; VOT Decl. ¶ 4; Unidos Decl. ¶ 40; FL NAACP Decl. ¶¶ 23–24. Indeed, because they cannot take the risk of a $50,000 penalty if just *one* noncitizen canvasser "collect[s] or handl[es]" a voter registration application, VOT and Alianza have determined that they may no longer engage in voter registration at all once the law goes into effect. Alianza Decl. ¶ 25; VOT Decl. ¶ 7. By prohibiting noncitizens from participating in voter registration, the Citizenship Requirement forces these organizations to self-censor, chills protected speech and associational activities, and

9

## CERTIFICATE OF SERVICE

I certify that I e-filed this appendix on ECF, which will email everyone requiring

notice.

Dated: November 7, 2025                    /s/ Mohammad O. Jazil